**FILED**

MAY 0 9 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1  TERRENCE BREWER, J.D.
   374 W. 6ᵗʰ St.
2  Pittsburg, CA 94565
   Telephone:     (925) 567-4514
3  Terrence.brewer87@yahoo.com

4  Plaintiff, Pro se

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  TERRENCE BREWER,                    )  Case No. 2:23CV0860 TLN JDP(PS)
                                       )
10        Plaintiff,                   )  **COMPLAINT FOR ADA,**
                                       )  **UNRUH, VIOLATIONS;**
11  vs.                                )  **INJUNCTIVE RELIEF**
                                       )
12  CALIFORNIA STATE BAR; BOARD OF     )
    TRUSTEES; COMMITTEE OF BAR         )
13  EXAMINERS; and THEIR AGENTS IN THEIR )
    OFFICIAL CAPACITY; and DOES 1 through 50, )
14  inclusive                          )
                                       )
15        Defendants.                  )
                                       )
16  _____ )

17

18                         **INTRODUCTION**

19        Plaintiff alleges:

20

21        TERRENCE BREWER, acting in Pro Se, brings this action for violations of the Americans

22  with Disabilities Act, 42 U.S.C. § 12131 et seq., as amended by the Americans with Disabilities

23  Amendments Act (ADAA) in 2008, Title II's implementing regulation, 28 C.F.R. Part 35, § 504 of

24  the Rehabilitation Act, 29 U.S.C. §794, California Government Code §§ 11135 et seq. and 12944

25  et seq., and California's Unruh Act, Cal. Civ. Code § 51(f).

26        Plaintiff seeks compensatory damages according to proof, and injunctive relief in the form

27  of: 1) an order granting Plaintiff a provisional bar license, and 2) Appointment of an independent

28  agency to investigate and re-evaluate each of Plaintiff's past Bar Exam answers, results, and all

1  procedures followed by Defendant in rendering a final written score for the Bar Exam, and to

2  provide a determination as to whether:

3      i.    Defendant erroneously gave Plaintiff a failing score and

4      ii.    Plaintiff was graded fairly or based on biased subjective standard.

5      iii.    Permit the appointed independent agency to investigate and evaluate the Committee's

6          admissions standards and practices, as well as their bar exam grading practices, to

7          assess whether the Committee engages in unconstitutional, unethical, or illegal conduct

8          that disparately affects certain Bar applicants.

9      The facts alleged herein are not unique to this Plaintiff, but another example of

10  Defendant's pattern of practice as evidenced in other filed cases and complaints.

11  **GENERAL ALLEGATIONS**

12      1.    Plaintiff is a disabled veteran with a disability rating of 100 percent from the U.S.

13  Department of Veteran Affairs, who has been, and at all times relevant hereto was, a resident of

14  the County of Contra Costa, State of California.

15      2.    Defendant State Bar of California ("STATE BAR") is, and at all times herein

16  mentioned was, a State governmental entity subject to Americans with Disabilities Act, 42 U.S.C.

17  § 12131 et seq., as amended by the Americans with Disabilities Amendments Act (ADAA) in

18  2008, Title II's implementing regulation, 28 C.F.R. Part 35, § 504 of the Rehabilitation Act, 29

19  U.S.C. §794, California Government Code §§ 11135 et seq. and 12944 et seq., and California's

20  Unruh Act, Cal. Civ. Code § 51(f). At all times herein mentioned, defendant STATE BAR is the

21  regulatory body of the legal profession in the State of California engaged in the business of

22  granting licenses to practice law in the State of California, among other activities, commonly

23  known and designated as CalBar, situated in the city and county of San Francisco, California.

24
25      3.    Defendant The Committee of Bar Examiners ("COMMITTEE") is, and at all times

26  herein mentioned was, a State governmental entity subject to Americans with Disabilities Act, 42

27  U.S.C. § 12131 et seq., as amended by the Americans with Disabilities Amendments Act (ADAA)

28  in 2008, Title II's implementing regulation, 28 C.F.R. Part 35, § 504 of the Rehabilitation Act, 29

1  U.S.C. §794, California Government Code §§ 11135 et seq. and 12944 et seq., and California's

2  Unruh Act, Cal. Civ. Code § 51(f). The COMMITTEE is responsible for administering the

3  California Bar Exam, by and through the actions of their agents.

4      4.    The Defendants are "programs or activities" as defined by 29 U.S.C. § 794 , since

5  they are governmental agencies which benefit from federal funding, and are therefore bound by

6  the ADA to provide reasonable testing accommodations to disabled people. Also see 28 C.F.R

7  Part 35.

8      5.    The true names and capacities, whether individual, corporate, associate or

9  otherwise, of the Defendants sued herein as DOES 1 through 50 are unknown to Plaintiff, who

10  therefore sues said Defendants by such fictitious names. DOES 1 through 50 were at all relevant

11  times the officers, directors and/or managing agents of all other defendants. Plaintiff will seek

12  leave of court to amend this complaint to allege the true names and capacities of DOES 1 through

13  50 when ascertained, if necessary. The use of the term "Defendants" in this Complaint intends to

14  refer to Defendant EXPERIAN and all DOE Defendants in this action.

15

16                    **VENUE AND JURISDICTION**

17      6.    Plaintiff realleges and incorporates by reference each and every allegation of

18  paragraphs 1 thru 6 of this Complaint, inclusive, as if fully set forth here.

19      7.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331,

20  the Americans with Disabilities Act, 42 U.S.C. §12131 et seq., Title II's implementing regulation,

21  28 C.F.R. Part 35, and §504 of the Rehabilitation Act, 29 U.S.C. §794, as well as supplemental

22  jurisdiction under 28 U.S.C. § 1337(a) over any state law claims including those related to Cal.

23  Gov. Code §§ 11135 et seq. and 12944 et seq. Cal. Civ. Code § 51(f).

24      8.    This Court has personal jurisdiction over Defendants, their main office being

25  located in the Northern District of California, address 180 Howard Street, San Francisco, CA

26  94105, and due to their substantial activities throughout California.

27      9.    Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and

28

1 | (c) as Defendants conduct business in the County of Sacramento, California; and the acts and

2 | omissions which make up the basis for Plaintiffs' claims in this complaint all took place in the

3 | City and County of Sacramento, California by all Defendants.

4 |

5 | **FACTUAL ALLEGATIONS**

6 |     10.  Plaintiff realleges and incorporates by reference each and every allegation of

7 | paragraphs 1 thru 10 of this Complaint, inclusive, as if fully set forth here.

8 |     11.  Plaintiff is a disabled veteran with a disability rating of 100 percent from the U.S.

9 | Department of Veteran Affairs.

10 |     12.  On or around November 2020, Plaintiff timely applied for the July 2021 Bar Exam

11 | with Accommodations.

12 |     13.  On July 2, 2021, which is exactly one day after the deadline to file an

13 | accommodations appeal, the COMMITTEE denied Plaintiff's request for accommodations

14 | without explanation.

15 |     14.  On or around July 3, 2021, Plaintiff appealed the COMMITTEE's decision several

16 | times resulting in the same outcome. Simultaneously, Plaintiff filed a complaint with the Civil

17 | Rights Division of the US Department of Justice ("DOJ") and petitioned his State

18 | assemblymember's office ("REPRESENTATIVE") to investigate whether the COMMITTEE had

19 | violated Plaintiff's civil rights and discriminated against him based on his disability status.

20 |     15.  On or around July 19, 2021, after being in contact with the DOJ and

21 | REPRESENTATIVE regarding Plaintiff's complaint, the COMMITTEE reluctantly granted

22 | partial, minimalistic and inadequate accommodations, some of which Plaintiff did not request nor

23 | did they aid him, while unjustly denying other material accommodations that are outcome

24 | determinative. Plaintiff subsequently wrote a scathing letter addressed to the COMMITTEE for

25 | their handling of this matter.

26 |     16.  On or around November 2021, Plaintiff received a bar exam score five (5) points

27 |

28 |

1   below passing. Subsequently, Plaintiff retained counsel to assist in challenging the scores on the

2   basis that his essay answers were virtually identical to the selected answers the COMMITTEE

3   posted on their website.

4            17.  The COMMITTEE summarily denied Plaintiff's request for reconsideration stating

5   "Plaintiff was challenging the judgment of the graders."

6            18.  On or around July 2022, Plaintiff applied and sat for the July 2022 Bar Exam. The

7   COMMITTEE granted the same partial, minimalistic and inadequate accommodations, some of

8   which Plaintiff did not request nor did they aid him, while unjustly denying other material

9   accommodations that are outcome determinative.

10           19.  On or around November 2022, Plaintiff received a failing score for the July 2022

11  Bar Exam.

12           20.  On or around February 2023, Plaintiff applied and sat for the February 2023 Bar

13  Exam. The COMMITTEE granted the same partial, minimalistic and inadequate accommodations,

14  some of which Plaintiff did not request nor did they aid him, while unjustly denying other material

15  accommodations that are outcome determinative.

16           21.  Plaintiff subsequently hired an expert tutor ("TUTOR") employed by BarBri – one

17  of the most reputable bar prep companies in the U.S. with a proven track record of dramatically

18  improving bar applicant's bar exam scores and greatly increasing the probability of the applicant

19  being successful on the exam – ("BARBRI") solely to assist in improving his essay scores for the

20  upcoming February 2023 Bar Exam.

21           22.  The TUTOR advised Plaintiff how to write a "passing" essay, which Plaintiff

22  precisely implemented said advice to the February 2023 Bar Exam.

23           23.  On May 5, 2023, Plaintiff received a failing score, yet again. Plaintiff's essay

24  scores remained below average, while his Multistate Bar Exam ("MBE") score was near perfect –

25  scoring in the top 87th percentile. The MBE is the second half of the California Bar Exam which is

26  a test that is not susceptible to subjective biases like the writing section of the Bar Exam, and is

27  objectively and electronically graded by separate independent entity.

28           24.  To date, there is an ongoing investigation by the DOJ into the unconstitutional,

1  unethical, and illegal conduct by the STATE BAR, COMMITTEE, and its members for violations

2  of applicant's and others' civil rights, which Plaintiff remains involved.

3

4                            **FIRST CAUSE OF ACTION**

5         **Defendant Retaliated Against Plaintiff for Asserting his Rights Under ADA**
           **During July 2021, July 2022, February 2023 Bar Exams**

6                            **(Against All Defendants)**

7         25.  Plaintiff realleges and incorporates by reference each and every allegation of

8  paragraphs 1 thru 25 of this Complaint, inclusive, as if fully set forth here.

9         26.  "No person shall discriminate against any individual because such individual has

10 opposed any act or practice made unlawful by this chapter or because such individual made a

11 charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing

12 under this chapter."  42 U.S.C. §12203(a).

13        27.  "The term "disability" means, with respect to an individual—(A) a physical or

14 mental impairment that substantially limits one or more major life activities of such individual;

15 (B) a record of such an impairment; or (C) being regarded as having such an impairment (as

16 described in paragraph (3))" (42 U.S. Code § 12102).

17        28.  Here, Plaintiff is a disabled veteran with a disability rating of 100 percent from the

18 U.S. Department of Veteran Affairs and applied for testing accommodations from the STATE

19 BAR for three Bar Exam administrations, which indicates that Plaintiff is disabled as defined in 42

20 U.S. Code § 12102.

21        29.  On or around November 2020, Plaintiff applied for the July 2021 Bar Exam with

22 Accommodations. On July 2, 2021, which is exactly one day after the deadline to file an

23 accommodations appeal, the COMMITTEE denied Plaintiff's request for accommodations

24 without explanation, which indicates the COMMITTEE gave no consideration to Plaintiff's

25 request for accommodations.

26        30.  On or around July 3, 2021, Plaintiff appealed the COMMITTEE's decision several

27 times resulting in the same outcome. Simultaneously, Plaintiff filed a complaint with the Civil

28 Rights Division of the US Department of Justice ("DOJ") and petitioned his State

1   assemblymember's office ("REPRESENTATIVE") to investigate whether the COMMITTEE had

2   violated Plaintiff's civil rights and discriminated against him based on his disability status.

3        31.  On or around July 19, 2021, after being in contact with the DOJ and

4   REPRESENTATIVE regarding Plaintiff's complaint, the COMMITTEE reluctantly granted

5   partial, minimalistic and inadequate accommodations, some of which Plaintiff did not request nor

6   did they aid him, while unjustly denying other material accommodations that are outcome

7   determinative. Plaintiff subsequently wrote a scathing letter addressed to the COMMITTEE for

8   their handling of this matter.

9        32.  The granting of these minimal accommodations illustrates the COMMITTEE's

10  attempt to temporarily escape scrutiny by the DOJ in the ongoing investigation into allegations of

11  ADA and other civil rights violations of bar applicants, and to simply check the box that the

12  COMMITTEE provided "reasonable" accommodations.

13       33.  In doing so, they attempted to rebut the presumption that they were discriminating

14  against Plaintiff based on his protective status as a disabled person, and for asserting his rights as a

15  disabled person, and to paint the false picture that this COMMITEE in no way violated plaintiff's

16  rights.

17       34.  The reality is that this COMMITTEE has a pattern of practice of doing just that, as

18  alleged in other cases and complaints filed against the STATE BAR and the COMMITTEE.

19       35.  This further indicates the COMMITTEE retaliated against Plaintiff because he

20  has opposed an act or practice performed by Defendant, i.e. unjustly denying reasonable

21  accommodations to bar applicants, which is made unlawful by 42 U.S.C. §12203 or because

22  Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation,

23  proceeding, or hearing under 42 U.S.C. §12203.

24       36.  Additionally, Plaintiff applied and sat for the July 2022 and most recently the

25  February 2023 Bar Exam. The COMMITTEE reluctantly granted the same partial, minimalistic

26  and inadequate accommodations, some of which Plaintiff did not request nor did they aid him,

27  while unjustly denying other material accommodations that are outcome determinative. This

28  resulted in a failing, *albeit* questionable score.

1    37. Plaintiff subsequently hired an expert tutor ("TUTOR") employed by BarBri – one

2 of the most reputable bar prep companies in the U.S. with a proven track record of dramatically

3 improving bar applicant's bar exam scores and greatly increasing the probability of the applicant

4 being successful on the exam – ("BARBRI") solely to assist in improving his essay scores for the

5 upcoming February 2023 Bar Exam.

6    38. The TUTOR advised Plaintiff how to write a "passing" essay, which Plaintiff

7 precisely implemented said advice to the February 2023 Bar Exam.

8    39. On May 5, 2023, Plaintiff received a failing score, yet again. Plaintiff's essay

9 scores remained below average, while his Multistate Bar Exam ("MBE") score was near perfect –

10 scoring in the top 87th percentile. The MBE is the second half of the California Bar Exam which is

11 a test that is not susceptible to subjective biases like the writing section of the Bar Exam, and is

12 objectively and electronically graded by a separate independent entity.

13    40. The COMMITTEE would have this Court believe that it is entirely logical that an

14 applicant, who 1) is approximately five points from passing, 2) hires an expert TUTOR from one

15 of the most reputable bar prep companies in the U.S. to improve writing skills, 3) have the tutor

16 affirm that he has greatly improved his writing skills – undoubtedly to at least a passing level, 4)

17 upon implementing those improved skills to the February 2023 Bar Exam, he mysteriously

18 performed worse on the writing section of the exam than on the previous bar exams, and 5)

19 miraculously achieved near perfection on the MBE section – a test that is not susceptible to

20 subjective biases, and is objectively and electronically graded by a separate independent entity.

21 This phenomenon defies logic and all common sense, which indicates Plaintiff's essay answers

22 were unfairly scored.

23    41. Again, the granting of these minimal accommodations illustrates the

24 COMMITTEE's attempt to temporarily escape scrutiny by the DOJ in the ongoing investigation

25 into allegations of civil rights violations of bar applicants, and to simply check the box that the

26 COMMITTEE provided "reasonable" accommodations.

27    42. In doing so, they attempted to rebut the presumption that they were discriminating

28

1    against Plaintiff based on his protective status as a disabled person, and for asserting his rights as a

2    disabled person, and to paint the false picture that this committee in no way violated plaintiff's

3    rights.

4        43.   Moreover, the incredible burden the COMMITTEE placed upon Plaintiff to fight

5    for minimalistic accommodations deterred Plaintiff from attempting to petition for the additional

6    reasonable accommodations that Plaintiff was otherwise entitled to, which the COMMITTEE

7    unjustly denied him. It is clear this was the COMMITTEE's desired outcome: to maintain the

8    status quo, further stigmatize disabled persons while suppressing their rights, and interfere with

9    the demographic changes within the legal profession so as not to "taint the pool."

10

11                        **SECOND CAUSE OF ACTION**
                  **Defendant Violated Plaintiff's Civil Rights Under UNRUH**
12                                  **(Against All Defendants)**

13        44.   Plaintiff realleges and incorporates by reference each and every allegation of

14    paragraphs 1 thru 44 of this Complaint, inclusive, as if fully set forth here.

15        45.   California's Unruh Act, Cal. Civ. Code § 51(f), states that "a violation of the

16    right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

17    shall also constitute a violation of this section." A plaintiff is entitled to recover actual damages

18    and an amount up to three times the actual damages for each violation of the Unruh Act, "but in no

19    case less than $4,000…" for each and every offense (Cal. Civ. Code § 52(a); Munson v. Del Taco,

20    Inc. (2009) 46 Cal.4th 661, 667.).

21        46.   Here, Plaintiff alleged herein that Defendants, and each of them, have violated

22    Plaintiff's rights afforded under the ADA, which indicates each of the Defendants have violated

23    California's Unruh Act.

24    / / / /

25    / / / /

26    / / / /

27    / / / /

28    / / / /

**<u>PRAYER</u>**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

I.   A preliminary injunction that shall:

    A.  enjoin and restrain the above-named defendants, and their officers, agents, employees, representatives, and all persons acting in concert or participating with them; from engaging in or performing, directly or indirectly, any and all of the following acts:

        i.   Preventing State Bar applicants who request testing accommodations from unjustly being discriminated against based on their alleged disability.

        ii.   Denying applicant's testing accommodations based on the COMMITTEE's "dissatisfaction" of the Bar applicant's medical team's professional assessment.

        iii.   Substituting the judgment of the medical professionals that treat the Bar applicants, whose recommendations are accompanied with the testing accommodations application for the California Bar Exam, for that of the COMMITTEE's judgments.

    B.  Appoint an independent agency to:

        i.   Investigate each of Plaintiff's past Bar Exam answers, results, and all procedures followed by Defendant in rendering a final written score for the Bar Exam, to provide a determination as to whether Defendant erroneously gave Plaintiff a failing score and whether Plaintiff was graded fairly or based on biased subjective standard.

        ii.   investigate and evaluate the Committee's admissions standards and practices, as well as their bar exam grading practices, to assess whether the Committee engages in unconstitutional, unethical, or illegal conduct that disparately affects certain Bar applicants.

| | |
|---|---|
| 1 |        iii.     Generate a detailed report of their findings and conclusions and make |
| 2 | recommendations to the Court for any necessary reform, which the Court |
| 3 | may enforce. |
| 4 |   C.  Grant Plaintiff a Provisional License to duly practice law in the State of |
| 5 | California, which will expire upon the completion of the independent agency's |
| 6 | investigation, and the submission of their report, and the adjudication of all |
| 7 | matters herein. |
| 8 |   D.  Prevent Defendants from continuing to discriminate and retaliate against Plaintiff |
| 9 | by unjustly denying his admission to the Bar because he is a disabled person, and |
| 10 | for asserting his rights as a disabled person by filing a complaint with the DOJ- |
| 11 | an ongoing investigation. |
| 12 |   E.  The proposed preliminary injunctive relief is necessary because: |

- iii. Generate a detailed report of their findings and conclusions and make recommendations to the Court for any necessary reform, which the Court may enforce.

C. Grant Plaintiff a Provisional License to duly practice law in the State of California, which will expire upon the completion of the independent agency's investigation, and the submission of their report, and the adjudication of all matters herein.

D. Prevent Defendants from continuing to discriminate and retaliate against Plaintiff by unjustly denying his admission to the Bar because he is a disabled person, and for asserting his rights as a disabled person by filing a complaint with the DOJ- an ongoing investigation.

E. The proposed preliminary injunctive relief is necessary because:

    i. If Defendants are not enjoined to be subjected to the strict monitoring of an independent agency, and immediately grant Plaintiff a provisional license to practice law, the COMMITTEE will continue to deny Plaintiff, and other similarly situated individuals' admission to the Bar, regardless if they produced objectively flawless Bar exam essay answers.

    ii. If the Court does not appoint an independent agency to investigate the unlawful practices of Defendant with respect to Bar applicants, they will continue to fly under the radar while violating the civil liberties of applicants/future lawyers who intend to root out corruption and discriminatory practices of those who prey upon the voiceless.

F. Monetary damages would be inadequate to pay for the unjust denial of the right to practice law, represent the voiceless, and bring about the change necessary to improve our society.

II.   General Damages in a sum according to proof.

III.  Actual damages in a sum according to proof.

IV.  For costs of suit incurred herein, including reasonable attorney's fees; and

1    V.    For such other and further relief as the court deems proper.

2

3

4

5

6    Dated:  May 8, 2023                                    TERRENCE BREWER

7

8    By: _____

9                                                            TERRENCE BREWER, J.D.
                                                             Plaintiff, Pro se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADA, UNRUH Violations; Injunctive Relief
*TERRENCE BREWER v. CALIFORNIA STATE BAR; ET. AL.*