TERRENCE BREWER, J.D.
374 W. 6th St.
Pittsburg, CA 94565
Telephone:     (925) 567-4514
Terrence.brewer87@yahoo.com

Plaintiff, Pro se

**FILED**

JUN - 8 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BREWER, | ) **Case No. 2:23-CV-00860-TLN-JDP** |
| Plaintiff, | ) |
| | ) **FIRST AMENDED COMPLAINT** |
| vs. | ) **FOR ADA, UNRUH,** |
| | ) **VIOLATIONS; INJUNCTIVE** |
| CALIFORNIA STATE BAR; BOARD OF | ) **RELIEF** |
| TRUSTEES; COMMITTEE OF BAR | ) |
| EXAMINERS; and THEIR AGENTS IN THEIR | ) |
| OFFICIAL CAPACITY; and DOES 1 through 50, | ) |
| inclusive | ) |
| | ) |
| Defendants. | ) |
| | ) |

## FIRST AMENDED COMPLAINT

Pursuant to FRCP 15(a)(1), prior to trial, each party has the right to amend a pleading once "as a matter of course" within: (A) 21 days after the pleading was served (if the pleading is one to which no response is due); or (B) if the pleading is one to which a responsive pleading is required (complaint, counterclaim, crossclaim, etc.), within 21 days after service of a responsive pleading or motion under Rule 12(b),(e) or (f), whichever is earlier.

Plaintiffs can amend their complaint once without leave of court before defendant's answer, demurrer or motion to strike is filed. (CCP § 472; see *Woo v. Sup.Ct. (Zarabi)* (1999) 75 CA4th 169, 175, 89 CR2d 20, 24). "Moreover, if defendant files a demurrer or motion to strike, plaintiff has a right to amend the complaint without leave of court up to the date for filing an

1  opposition to the demurrer or motion to strike. Plaintiff may amend the complaint after the date for

2  filing an opposition to the demurrer or motion to strike upon stipulation of the parties."

3         Plaintiff has yet to serve any Defendants in this case and consequently, no responsive

4  pleadings have been filed and/or served. Thus, Plaintiff is entitled to amend his complaint without

5  leave of court, as a matter of law, and now submits his First Amended Complaint as a matter of

6  right.

7

8                                  **INTRODUCTION**

9         Plaintiff alleges:

10

11         TERRENCE BREWER, acting in Pro Se, brings this action for violations of the Americans

12  with Disabilities Act, 42 U.S.C. § 12131 et seq., as amended by the Americans with Disabilities

13  Amendments Act (ADAA) in 2008, Title II's implementing regulation, 28 C.F.R. Part 35, § 504 of

14  the Rehabilitation Act, 29 U.S.C. §794, California Government Code §§ 11135 et seq. and 12944

15  et seq., and California's Unruh Act, Cal. Civ. Code § 51(f).

16         Plaintiff seeks compensatory damages according to proof, and injunctive relief that shall

17  order: 1) Defendants to grant Plaintiff a provisional bar license; 2) Defendants to re-evaluate

18  Plaintiff's February 2023 Bar Exam answers; 3) Defendants to fully disclose to Plaintiff all

19  relevant records Defendants used in determining the final scores for Plaintiff's essay and

20  performance test answers for the February 2023 Bar Exam; and 4) the U.S. Attorney General to

21  thoroughly investigate the claims alleged by Plaintiff pursuant to 42 U.S.C. §12188 and provide a

22  detailed report and recommendations of their findings.

23         The facts alleged herein are not unique to this Plaintiff, but another example of

24  Defendant's pattern and practice of discriminating against disabled and/or minority applicants, as

25  evidenced in other filed cases and complaints. (See *Kohn v. State Bar of California* (N.D. Cal.

26  2020) 497 F.Supp.3d 526).

27  / / / /

28  / / / /

## GENERAL ALLEGATIONS

1.     Plaintiff is a disabled veteran with a disability rating of 100 percent from the U.S. Department of Veteran Affairs, who has been, and at all times relevant hereto was, a resident of the County of Contra Costa, State of California.

2.     Defendant State Bar of California ("STATE BAR") is, and at all times herein mentioned was, a State governmental entity subject to Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., as amended by the Americans with Disabilities Amendments Act (ADAA) in 2008, Title II's implementing regulation, 28 C.F.R. Part 35, § 504 of the Rehabilitation Act, 29 U.S.C. §794, California Government Code §§ 11135 et seq. and 12944 et seq., and California's Unruh Act, Cal. Civ. Code § 51(f). At all times herein mentioned, defendant STATE BAR is the regulatory body of the legal profession in the State of California engaged in the business of granting licenses to practice law in the State of California, among other activities, commonly known and designated as CalBar, situated in the city and county of San Francisco, California.

3.     Defendant The Committee of Bar Examiners ("COMMITTEE") is, and at all times herein mentioned was, a State governmental entity subject to Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., as amended by the Americans with Disabilities Amendments Act (ADAA) in 2008, Title II's implementing regulation, 28 C.F.R. Part 35, § 504 of the Rehabilitation Act, 29 U.S.C. §794, California Government Code §§ 11135 et seq. and 12944 et seq., and California's Unruh Act, Cal. Civ. Code § 51(f). The COMMITTEE is responsible for administering the California Bar Exam, by and through the actions of their agents.

4.     The Defendants are "programs or activities" as defined by 29 U.S.C. § 794 , since they are governmental agencies which benefit from federal funding, and are therefore bound by the ADA to provide reasonable testing accommodations to disabled people. Also see 28 C.F.R Part 35.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein as DOES 1 through 50 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. DOES 1 through 50 were at all relevant

1    times the officers, directors and/or managing agents of all other defendants.  Plaintiff will seek

2    leave of court to amend this complaint to allege the true names and capacities of DOES 1 through

3    50 when ascertained, if necessary.  The use of the term "Defendants" in this Complaint intends to

4    refer to Defendant EXPERIAN and all DOE Defendants in this action.

## VENUE AND JURISDICTION

6.    Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 thru 5 of this Complaint, inclusive, as if fully set forth here.

7.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, the Americans with Disabilities Act, 42 U.S.C. §12131 et seq., Title II's implementing regulation, 28 C.F.R. Part 35, and §504 of the Rehabilitation Act, 29 U.S.C. §794, as well as supplemental jurisdiction under 28 U.S.C. § 1337(a) over any state law claims including those related to Cal. Gov. Code §§ 11135 et seq. and 12944 et seq. Cal. Civ. Code § 51(f).

8.    This Court has personal jurisdiction over Defendants, their main office being located in the Northern District of California, address 180 Howard Street, San Francisco, CA 94105, and due to their substantial activities throughout California.

9.    Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c) as Defendants conduct business in the County of Sacramento, California; and the acts and omissions which make up the basis for Plaintiffs' claims in this complaint all took place in the City and County of Sacramento, California by all Defendants.

## FACTUAL ALLEGATIONS

10.  Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 thru 9 of this Complaint, inclusive, as if fully set forth here.

11.  Plaintiff is a disabled veteran with a disability rating of 100 percent from the U.S. Department of Veteran Affairs.

12.  Plaintiff solely drafted this complaint without the aid or advice of any licensed attorney.

1    13.  On or around November 2020, Plaintiff timely applied for the July 2021 California

2  Bar Exam and requested testing accommodations for the writing section. However, Plaintiff did

3  not request testing accommodations for the Multistate Bar Exam ("MBE") section of the

4  California Bar Exam.

5    14.  On July 2, 2021, which is exactly one day after the deadline for Plaintiff to file an

6  appeal to an accommodations decision by the COMMITTEE, and the STATE BAR (collectively

7  referred herein as "DEFENDANTS") summarily denied Plaintiff's request for accommodations

8  without explanation.

9    15.  On or around July 3, 2021, Plaintiff appealed the DEFENDANT's decision several

10  times resulting in the same outcome. Simultaneously, Plaintiff filed a complaint with the Civil

11  Rights Division of the US Department of Justice ("DOJ") and petitioned his State

12  assemblymember's office ("REPRESENTATIVE") to investigate whether DEFENDANTS had

13  violated Plaintiff's civil rights and discriminated against him based on his disability status.

14    16.  On or around July 19, 2021, after being in contact with the DOJ and

15  REPRESENTATIVE regarding Plaintiff's complaint, DEFENDANT reluctantly granted partial,

16  minimalistic and inadequate accommodations, some of which Plaintiff did not request nor did they

17  aid him, while unjustly denying other material accommodations that are outcome determinative.

18  Plaintiff subsequently wrote a letter addressed to the DEFENDANT for their handling of this

19  matter.

20    17.  On or around November 2021, DEFENDANT handed down a bar exam score five

21  (5) points below passing. Subsequently, Plaintiff retained counsel to assist in challenging the

22  scores on the basis that his essay answers were virtually identical to the selected answers the

23  DEFENDANT posted on their website and requested the DEFENDANT provide documentation

24  supporting the validity of the scores.

25    18.  The DEFENDANT summarily denied Plaintiff's request for reconsideration stating

26  that Plaintiff was, *"…substituting your own judgment for that of the Committee's professional*

27  *graders. The Committee's grading policy does not permit requests for reconsideration based upon*

28  *a challenge to its grading system or the judgments of its professional graders."* And that, *"…only*

1  *when an applicant established with documented evidence that a clerical error prevented the*

2  *examination from being properly graded. Your request does not meet the criteria for*

3  *reconsideration as you have not established a clerical error of the type meriting reconsideration*

4  *under the Committee's policy."*

5        19.  On or around July 2022, Plaintiff applied and sat for the July 2022 Bar Exam. The

6  DEFENDANT granted the same partial, minimalistic and inadequate accommodations, some of

7  which Plaintiff did not request nor did they aid him, while unjustly denying other material

8  accommodations that are outcome determinative. On or around November 2022, DEFENDANT

9  handed down a failing score for the July 2022 Bar Exam.

10        20.  On or around February 2023, Plaintiff applied and sat for the February 2023 Bar

11  Exam. The DEFENDANT granted the same partial, minimalistic and inadequate accommodations,

12  some of which Plaintiff did not request nor did they aid him, while unjustly denying other material

13  accommodations that are outcome determinative.

14        21.  Plaintiff subsequently hired an expert tutor ("TUTOR") employed by BarBri – one

15  of the most reputable bar prep companies in the U.S. with a proven track record of dramatically

16  improving bar applicant's bar exam scores and greatly increasing the probability of the applicant

17  being successful on the exam – ("BARBRI") solely to assist in improving his essay and

18  performance test ("PT") scores for the upcoming February 2023 Bar Exam.

19        22.  The TUTOR advised Plaintiff how to write an "above passing" essay and PT,

20  which Plaintiff precisely implemented said advice to the February 2023 Bar Exam.

21        23.  On May 5, 2023, DEFENDANT handed down a failing score, yet again. Plaintiff's

22  essay and PT scores remained below passing, while his MBE score was near perfect – scoring in

23  the top 87th percentile – meaning, Plaintiff performed better than 87 percent of all examinees

24  taking the same exam nationwide. Alternatively, this ranking means only 13 percent of all

25  examinees nationwide performed better than Plaintiff.

26        24.  According to the National Committee of Bar Examiners ("NCBE"), the entity that

27  develops and administers the MBE, Plaintiff's MBE scores were between 145 and 150. Meaning,

28  Plaintiff achieved a passing MBE score for all U.S. jurisdictions.

1       25.  The MBE is the second half of the California Bar Exam which is a test that is not

2  susceptible to subjective biases like the writing section of the Bar Exam, and is objectively and

3  electronically graded by a separate independent entity, the NCBE.

4       26.  On or around May 9, 2023, Plaintiff submitted a request for reconsideration of

5  grade for the February 2023 exam to the DEFENDANT.

6       27.  On or around May 18, 2023, the DEFENDANT summarily denied Plaintiff's

7  request for reconsideration stating that Plaintiff was, *"...substituting your own judgment for that of*

8  *the Committee's professional graders. The Committee's grading policy does not permit requests*

9  *for reconsideration based upon a challenge to its grading system or the judgments of its*

10  *professional graders."* And that, *"...**only when an applicant established with documented***

11  ***evidence that a clerical error prevented the examination from being properly graded.** Your*

12  *request does not meet the criteria for reconsideration as you have not established a clerical error*

13  *of the type meriting reconsideration under the Committee's policy."*

14       28.  The DEFENDANT did not, and continues to refuse to elaborate or clearly state

15  what documented evidence of a clerical error is required for Plaintiff to submit that would have

16  prevented the examination from being properly graded.

17       29.  On or around May 19, 2023, Plaintiff submitted a renewed request for

18  reconsideration of grade citing that he previously requested documentation from the

19  DEFENDANT that would suggest whether DEFENDANT made a clerical or arithmetical error,

20  records that only the DEFENDANT possesses, has custody of, and/or controls.

21       30.  Plaintiff attached documentation published on DEFENDANT'S website and an

22  article written by Judith A. Gundersen ("GUNDERSEN"), published on NCBE's website, that

23  both suggest that the STATE BAR must have made a clerical and/or arithmetical error.

24       31.  GUNDERSEN is the Director of Test Operations for the National Conference of

25  Bar Examiners. Among her responsibilities, she is program director for the Multistate Essay

26  Examination and the Multistate Performance Test. Gundersen received her J.D. from the

27  University of Wisconsin Law School.

28       32.  The website of the DEFENDANT states, in pertinent part: *"However, there is a*

1  |  *strong underlying relationship between written and MBE scores. As a result of this relationship,*

2  |  *an increase or decrease in average MBE scores between administrations signals a corresponding*

3  |  *change in average applicant ability. Because of this relationship and the equating process, MBE*

4  |  *"scale" scores provide the best way to monitor differences in average applicant ability across*

5  |  *administrations of the examination. Scaling written scores to the MBE subsequently results in*

6  |  *having a given written scale score indicate about the same level of proficiency regardless of the*

7  |  *examination on which that written scale score was earned."*

8  |       *33.* The DEFENDANT further admits that in order to be successful on the writing

9  |  section of the Bar Exam, an applicant must only satisfy the following requirements: *"answers are*

10 |  *expected to demonstrate the applicant's ability to analyze the facts in the question, to tell the*

11 |  *difference between material facts and immaterial facts, and to discern the points of law and fact*

12 |  *upon which the case turns. The answer must show knowledge and understanding of the pertinent*

13 |  *principles and theories of law, their qualifications and limitations, and their relationships to each*

14 |  *other. The answer should evidence the applicant's ability to apply the law to the given facts and to*

15 |  *reason in a logical, lawyer-like manner from the premises adopted to a sound conclusion. An*

16 |  *applicant should not merely show that they remember the legal principles but should demonstrate*

17 |  *their proficiency in using and applying them."* Plaintiff contends his written answers for the

18 |  February 2023 Bar Exam objectively satisfy all of the above requirements.

19 |       *34.* GUNDERSEN states, in pertinent part, *"Scaling written scores to the MBE is a*

20 |  *psychometrically valid practice because examinee performance on the MBE is strongly correlated*

21 |  *to examinee performance on the combined MEE [Multistate Essay Exam] and MPT [Multistate*

22 |  *Performance Test]. Because the MBE is an equated exam, MBE scores have constant meaning*

23 |  *across time and across jurisdictions, even though the items on particular exams may vary slightly*

24 |  *in intrinsic difficulty."*

25 |       *35.* GUNDERSEN further states, *"Scaling to the MBE lines up an examinee's overall*

26 |  *written score to a statistically accurate corresponding point on the MBE score distribution.*

27 |  *Scaling standardizes rank--ordering decisions across time and exams.* Additionally,

28 |  GUNDERSEN states that *"All MEE and MPT items are drafted, reviewed, edited, and pretested*

1    *[as is the case for the writing section on the California Bar Exam] to ensure that graders will be*

2    *able to spread examinee scores according to relative quality **if they follow grading instructions***

3    ***properly.***" GUNDERSEN concludes by noting that *"No examinee has to write a perfect paper to*

4    *get the highest score…"*

5    36.  Plaintiff submitted several lawful requests for public records pursuant to Gov. Code

6    §§ 7920.00 et seq. seeking records pertaining to the administration and grading of Plaintiff's

7    previous Bar Exams, emphasizing that Plaintiff was not seeking records exempt from disclosure

8    under Senate Bill 387; Bus. & Prof. Code §§ 6086.1(b); 6060.2; 6168; 6232(d); 6234(a); 6200(h);

9    6060.25; and/or Gov. Code §§ 7923.600; 7929.605; 7923.600; 12011.5.

10    37.  Plaintiff also submitted the aforementioned published open-source information

11    requesting that the DEFENDANT consider these documents in their re-evaluation of his written

12    scores for the following reasons: 1) these documents are the only documentation in Plaintiff's

13    possession or that Plaintiff has access to that evidences the DEFENDANT made a clerical and/or

14    arithmetical error. This is due to the DEFENDANT continuously refusing to provide upon lawful

15    requests any relevant records that would show whether the DEFENDANT made a clerical and/or

16    arithmetical error, or if Plaintiff was unfairly graded, and 2) These open-source documents

17    evidences how Plaintiff's scores are inconsistent with the intended effect of the DEFENDANT'S

18    method of grading and requirements to succeed in the writing section of the Bar Exam, all of

19    which indicates the DEFENDANT likely made a clerical and/or arithmetical error.

20    DEFENDANTS hastily and summarily denied Plaintiff's requests.

21    38.  On or about June 1, 2023, Amy C. Nuñez, Assistant Director of Admission

22    ("NUNEZ") informed Plaintiff that the DEFENDANT will not consider DEFENDANT'S own

23    admissions published on their website regarding Bar Exam essay and PT answer requirements

24    when determining whether the DEFENDANT made a clerical and/or arithmetical error in scoring

25    Plaintiff's written scores. NUNEZ further conveyed that due to Plaintiff's disability and his

26    complaint submitted to the DOJ, he is *"not eligible for a grade reconsideration."*

27    39.  To date, there is an ongoing investigation by the DOJ and REPRESENTATIVE

28

1  into the unconstitutional, unethical, and illegal conduct by the DEFENDANT, and its members for

2  violations of applicant's and others' civil rights. Plaintiff intends to remain actively involved in

3  these investigations.

## FIRST CAUSE OF ACTION
### Defendant Retaliated Against Plaintiff for Asserting his Rights Under ADA During July 2021, July 2022, February 2023 Bar Exams
### (Against All Defendants)

40.  Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 thru 39 of this Complaint, inclusive, as if fully set forth here.

41.  "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."  (42 U.S.C. §12203(a)).

42.  "The term "disability" means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))" (42 U.S. Code § 12102).

43.  Here, Plaintiff is a disabled veteran with a disability rating of 100 percent from the U.S. Department of Veteran Affairs who applied for testing accommodations from the STATE BAR for three Bar Exam administrations, each of which were partially granted. However, Plaintiff did not request testing accommodations for the MBE section of the California Bar Exam. This indicates that: 1) the DEFENDANT admits that Plaintiff is disabled pursuant to 42 U.S. Code § 12102; 2) the NCBE did not discriminate against Plaintiff during the administration and grading of the MBE during the three Bar Exams in question on the basis of his disabilities, due to the fact NCBE arguably could not have known of Plaintiff's disabilities; and 3) DEFENDANTS had the opportunity to discriminate against Plaintiff based on his disabilities.

44.  On or around November 2020, Plaintiff timely applied for the July 2021 California

1  Bar Exam and requested testing accommodations for the writing section. However, Plaintiff did

2  not request testing accommodations for the MBE section of the California Bar Exam. On July 2,

3  2021, which is exactly one day after the deadline to file an accommodations appeal, the

4  DEFENDANT denied Plaintiff's request for accommodations without explanation. The

5  DEFENDANT actions suggest 1) the DEFENDANT gave little to no merit to Plaintiff's request

6  for accommodations; 2) DEFENDANTS disregarded his treating physician's recommendations for

7  testing accommodations; 3) DEFENDANTS substituted their own judgment for that of the

8  professional judgment of Plaintiff's treating physicians; and 4) DEFENDANTS likely

9  discriminated against Plaintiff because he is a 100 percent disabled veteran.

10      45.  On or around July 3, 2021, Plaintiff appealed the DEFENDANT'S initial decision

11  to deny Plaintiff's request for testing accommodations several times, which resulted in the same

12  outcome. Simultaneously, Plaintiff filed a complaint with the DOJ and his REPRESENTATIVE to

13  investigate whether the DEFENDANTS had violated Plaintiff's civil rights and discriminated

14  against him based on his disability status.

15      46.  On or around July 19, 2021, after being in contact with the DOJ and

16  REPRESENTATIVE regarding Plaintiff's complaint, the DEFENDANT reluctantly granted

17  partial, minimalistic and inadequate accommodations, some of which Plaintiff did not request nor

18  did they aid him, while unjustly denying other material accommodations that are outcome

19  determinative. Plaintiff subsequently wrote a letter addressed to the DEFENDANT for their

20  handling of this matter.

21      47.  The act of granting testing accommodations of any kind only after Plaintiff filed

22  formal complaints illustrates the following: 1) It is an admission by the DEFENDANT that

23  Plaintiff has a disabling condition that warrants testing accommodations; 2) DEFENDANTS are

24  attempting to portray that they have "level[ed] the playing field" for Plaintiff when compared to

25  applicants without disabilities; 3) the DEFENDANT was likely attempting to evade scrutiny by

26  the DOJ and REPRESENTATIVE in the ongoing investigations into allegations of ADA and other

27  civil rights violations of bar applicants, and to simply check the box that the COMMITTEE

28  provided "reasonable" accommodations; 4) but for Plaintiff's complaints of civil rights violations,

1  DEFENDANTS would not have voluntarily overturned their initial decision to wrongfully deny

2  Plaintiff's testing accommodations; and 5) DEFENDANT'S clearly made some sort of error,

3  clerical or otherwise in denying Plaintiff's testing accommodations.

4      48.   Moreover, DEFENDANTS are attempting to rebut the strong presumption that they

5  were discriminating against Plaintiff based on his protective status as a disabled veteran, and for

6  asserting his rights as a disabled veteran, instead of voluntarily adhering to ADA regulations, to

7  paint the false picture that DEFENDANTS in no way violated plaintiff's rights – likely in

8  anticipation of responding to requests from DOJ and REPRESENTATIVE in their respective

9  investigations or potential future litigation.

10      49.   The reality is however, DEFENDANTS have a pattern and practice of

11  discriminating against applicants for similar reasons, as alleged in other cases and complaints filed

12  against the DEFENDANT.

13      50.   The fact that DEFENDANT essentially thumbed their nose at Plaintiff and the

14  investigating authorities when Plaintiff filed formal complaints, forcing DEFENDANT against

15  their will to reluctantly "throw Plaintiff a bone" disguised as reasonable testing accommodations

16  to shoo him away, further indicates the DEFENDANT retaliated against Plaintiff because he has

17  opposed an act or practice performed by DEFENDANT, i.e. unjustly denying reasonable

18  accommodations to bar applicants, which is made unlawful by 42 U.S.C. §12203 or because

19  Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation,

20  proceeding, or hearing under 42 U.S.C. §12203.

21      51.   Subsequently, Plaintiff applied and sat for the July 2022 and most recently the

22  February 2023 Bar Exam, but did not request testing accommodations for the MBE section of the

23  California Bar Exam. The DEFENDANT reluctantly granted the same partial, minimalistic and

24  inadequate accommodations, some of which Plaintiff did not request nor did they aid him, while

25  unjustly denying other material accommodations that are outcome determinative. This resulted in

26  a failing, *albeit* questionable written score.

27      52.   Plaintiff subsequently hired an expert TUTOR employed by BARBRI – one

28

1  of the most reputable bar prep companies in the U.S. who employs former Bar Exam graders with

2  a proven track record of dramatically improving bar applicant's bar exam scores and greatly

3  increasing the probability of the applicant being successful on the exam –solely to assist in

4  improving his essay and PT scores for the upcoming February 2023 Bar Exam.

5       53.  The TUTOR advised Plaintiff how to write an "above passing" essay and

6  PT, which Plaintiff precisely implemented said advice to the February 2023 Bar Exam.

7       54.  On May 5, 2023, DEFENDANT handed down a failing score, yet again. Plaintiff's

8  essay and PT scores remained below passing, while his Multistate Bar Exam ("MBE") score was

9  near perfect – scoring in the top 87th percentile – meaning, Plaintiff performed better than 87

10  percent of all examinees taking the same exam nationwide. Alternatively, this ranking means only

11  13 percent of all examinees nationwide performed better than Plaintiff. The MBE is the second

12  half of the California Bar Exam which is a test that is not susceptible to subjective biases like the

13  writing section of the Bar Exam, and is objectively and electronically graded by a separate

14  independent entity.

15       55.  This indicates that, when taking into account the DEFENDANT'S expectations and

16  requirements of applicants for the written section of the Bar Exam, as outlined on their website,

17  and GUNDERSEN's expertise as Director of Test Operations for the National Conference of Bar

18  Examiners: 1) Plaintiff's performance on the MBE is a more accurate measure of his legal

19  knowledge and skills; and 2) if Plaintiff's written section of the Bar Exam was "scaled" to his

20  MBE score, his written scores should "indicate about the same level of proficiency" as his MBE

21  scores.

22       56.  However, Plaintiff's written scores are inconsistent with the intended and expected

23  effect of "scaling" the written scores to the MBE scores, which indicates the DEFENDANT must

24  have made some sort of error in grading Plaintiff's written answers for the February 2023 Bar

25  Exam.

26       57.  The DEFENDANT would have this Court believe that it is entirely logical that an

27  applicant, who 1) is on the cusp of passing the Bar Exam; 2) hires an expert TUTOR from one of

28  the most reputable bar prep companies in the U.S. to improve essay and PT scores; 3) implement

1  the newly acquired skills to improve essay and PT scores to the February 2023 Bar Exam; 4)

2  miraculously performed better than 87 percent of all MBE examinees nationwide; yet 5) achieve

3  far below passing scores for the essays and PT. This phenomenon defies all common sense, and is

4  inconsistent with the intended effect of scaling the written scores to the MBE scores, which all

5  indicates Plaintiff's essay and PT answers were unfairly scored and/or the DEFENDANT made a

6  grading error.

7     58.  Again, the granting of these minimal accommodations only after Plaintiff filed

8  formal complaints illustrates the following: 1) It is an admission by the DEFENDANTS that

9  Plaintiff has a disabling condition that warrants testing accommodations; 2) DEFENDANT are

10  attempting to portray that they have "level[ed] the playing field" for Plaintiff when compared to

11  applicants without disabilities; 3) the DEFENDANT was likely attempting to escape scrutiny by

12  the DOJ and REPRESENTATIVE in the ongoing investigations into allegations of ADA and other

13  civil rights violations of bar applicants, and to simply check the box that the DEFENDANT

14  provided "reasonable" accommodations; 4) there is no evidence the DEFENDANT would have

15  voluntarily overturned their initial decision to wrongfully deny Plaintiff's testing

16  accommodations; and 5) DEFENDANT clearly made some sort of error, clerical or otherwise in

17  denying Plaintiff's testing accommodations.

18     59.  In doing so, DEFENDANTS likely attempted to proactively rebut the presumption

19  that they were discriminating against Plaintiff based on his protective status as a disabled veteran,

20  and for asserting his rights as a disabled veteran, to paint the false picture that DEFENDANTS in

21  no way violated plaintiff's rights – likely in anticipation of responding to requests from DOJ and

22  REPRESENTATIVE in their respective investigations or potential future litigation.

23     60.  On or around May 18, 2023, DEFENDANTS summarily denied Plaintiff's request

24  for reconsideration stating, in part, "…*only when an applicant established with documented*

25  *evidence that a clerical error prevented the examination from being properly graded.*" The

26  DEFENDANT did not, and continues to refuse to elaborate or clearly state what documented

27  evidence of a clerical error is required for Plaintiff to submit that would have prevented the

28  examination from being properly graded. This indicates DEFENDANTS are concealing the truth

as to whether Plaintiff was unfairly graded, and that DEFENDANTS are obstructing Plaintiff from obtaining any documentation that would support the notion that DEFENDANTS made some sort of clerical and/or arithmetical error in grading his February 2023 Bar Exam.

61.  On or around May 19, 2023, Plaintiff submitted a renewed request for reconsideration of grade along with a request for records. Plaintiff reminded DEFENDANTS that he previously requested documentation from the STATE BAR that would suggest whether DEFENDANTS made a clerical or arithmetical error, records that only the DEFENDANTS possesses, has custody of, and/or controls.

62.  Plaintiff also attached open-sourced documentation from the DEFENDANTS website and an article written by GUNDERSEN, published on NCBE's website, that both suggest that the DEFENDANTS must have made a clerical and/or arithmetical error. DEFENDANTS hastily and summarily denied Plaintiff's requests.

63.  On or about June 1, 2023, and in response to Plaintiff's renewed request for reconsideration of grade, NUNEZ informed Plaintiff that the DEFENDANTS will not consider DEFENDANTS own admissions published on their website regarding Bar Exam essay and PT answer requirements when determining whether the DEFENDANTS made a clerical and/or arithmetical error in scoring Plaintiff's written scores. NUNEZ further conveyed that due to Plaintiff's disability and his complaint submitted to the DOJ, he is *"not eligible for a grade reconsideration"* thus, he is ineligible to practice law in the State of California.

64.  This further illustrates that 1) DEFENDANTS likely made some sort of error, clerical or otherwise in grading Plaintiff's February 2023 Bar Exam; 2) DEFENDANTS are deliberately concealing the truth as to whether Plaintiff was unfairly graded or DEFENDANTS made a clerical and/or arithmetical error; 3) DEFENDANTS are obstructing Plaintiff from obtaining any documentation that would support the notion that DEFENDANTS made some sort of clerical and/or arithmetical error; 4) the DEFENDANTS likely responded to Plaintiff's requests for reconsideration of grade in a manner consistent with anticipation of responding to requests from DOJ and REPRESENTATIVE in their respective investigations or potential future litigation, rather than providing transparency to the public; 4) the DEFENDANTS is attempting to control

1   the demographics of licensed attorneys in the State of California so as not to "taint the pool" and

2   to limit competition; 5) DEFENDANTS discriminated against Plaintiff based on his protected

3   status as a disabled veteran; and 6) DEFENDANTS retaliated against Plaintiff for asserting his

4   rights as a disabled veteran by requesting testing accommodations and filing complaints with the

5   DOJ and REPRESENTATIVE.

6

7   **SECOND CAUSE OF ACTION**
**Defendant Interfered with Plaintiff's rights; Coerced and/or Intimidated Plaintiff**
**(Against All Defendants)**

8

9   65.  Plaintiff realleges and incorporates by reference each and every allegation of

10  paragraphs 1 thru 64 of this Complaint, inclusive, as if fully set forth here.

11  66.  "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual

12  in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on

13  account of his or her having aided or encouraged any other individual in the exercise or enjoyment

14  of, any right granted or protected by this chapter." (42 U.S.C. §12203(a)).

15  67.  Here, Plaintiff is a disabled veteran with a disability rating of 100 percent from the

16  U.S. Department of Veteran Affairs who applied for testing accommodations from the

17  DEFENDANTS for three Bar Exam administrations, each of which were partially granted.

18  However, Plaintiff did not request testing accommodations for the MBE section of the California

19  Bar Exam.

20  68.  This indicates that: 1) the DEFENDANT admits that Plaintiff is disabled pursuant

21  to 42 U.S. Code § 12102; 2) the NCBE did not have the opportunity to coerce, intimidate,

22  threaten, or interfere with Plaintiff in the exercise or enjoyment of, or on account of his having

23  exercised or enjoyed, reasonable testing accommodations, which is protected by the ADA during

24  the administration and grading of the MBE during the three Bar Exams in question due to the fact

25  NCBE arguably could not have known of Plaintiff's disabilities; and 3) DEFENDANTS did have,

26  and continue to have the opportunity to coerce, intimidate, threaten, or interfere with Plaintiff in

27  the exercise or enjoyment of, or on account of his having exercised or enjoyed, reasonable testing

28

1  accommodations, which is protected by the ADA due to the fact that DEFENDANTS are fully

2  aware of Plaintiff's disclosed disabilities and his formal complaints of civil rights violations.

3       69.   On or around November 2020, Plaintiff timely applied for the July 2021 California

4  Bar Exam and requested testing accommodations for the writing section. However, Plaintiff did

5  not request testing accommodations for the MBE section of the California Bar Exam. On July 2,

6  2021, which is exactly one day after the deadline to file an accommodations appeal, the

7  DEFENDANT denied Plaintiff's request for accommodations without explanation.

8       70.   The DEFENDANTS actions suggest 1) the DEFENDANT gave little to no merit to

9  Plaintiff's request for accommodations; 2) DEFENDANTS disregarded his treating physician's

10  recommendations for testing accommodations; 3) DEFENDANTS substituted their own judgment

11  for that of the professional judgment of Plaintiff's treating physicians; and 4) DEFENDANTS

12  likely discriminated against Plaintiff because he is a 100 percent disabled veteran 5) the NCBE did

13  not coerce, intimidate, threaten, or interfere with Plaintiff in the exercise or enjoyment of, or on

14  account of his having exercised or enjoyed, reasonable testing accommodations, which is

15  protected by the ADA during the administration and grading of the MBE during the three Bar

16  Exams in question due to the fact Plaintiff did not request accommodations from NCBE; and 6)

17  DEFENDANTS indeed coerced, intimidated, threatened, or interfered with Plaintiff in the exercise

18  or enjoyment of, or on account of his having exercised or enjoyed, reasonable testing

19  accommodations, which is protected by the ADA.

20       71.   On or around July 3, 2021, Plaintiff appealed the DEFENDANT'S initial decision

21  to deny Plaintiff's request for testing accommodations several times, which resulted in the same

22  outcome. Simultaneously, Plaintiff filed a complaint with the DOJ and his REPRESENTATIVE to

23  investigate whether the DEFENDANTS had violated Plaintiff's civil rights and discriminated

24  against him based on his disability status.

25       72.   DEFENDANTS actions clearly demonstrate DEFENDANTS indeed coerced,

26  intimidated, threatened, or interfered with Plaintiff in the exercise or enjoyment of, or on account

27  of his having exercised or enjoyed, reasonable testing accommodations, which is protected by the

28  ADA.

1   73. On or around July 19, 2021, after being in contact with the DOJ and

2 REPRESENTATIVE regarding Plaintiff's complaint, the DEFENDANT reluctantly granted

3 partial, minimalistic and inadequate accommodations, some of which Plaintiff did not request nor

4 did they aid him, while unjustly denying other material accommodations that are outcome

5 determinative. Subsequently, DEFENDANTS handed Plaintiff below passing scores for the

6 writing sections of the California Bar Exam.

7   74. DEFENDANTS actions suggest DEFENDANTS had and took the opportunity to

8 coerce, intimidate, threaten, or interfere with Plaintiff in the exercise or enjoyment of, or on

9 account of his having exercised or enjoyed, passing the July 2021 California Bar Exam with the

10 requested reasonable testing accommodations after Plaintiff filed complaints of civil rights

11 violations, and practicing law in the State of California, which is protected by the ADA.

12   75. Subsequently, Plaintiff applied and sat for the July 2022 and most recently the

13 February 2023 Bar Exam, but did not request testing accommodations for the MBE section of

14 these exams. The DEFENDANT reluctantly granted the same partial, minimalistic and inadequate

15 accommodations, some of which Plaintiff did not request nor did they aid him, while unjustly

16 denying other material accommodations that are outcome determinative. DEFENDANTS handed

17 Plaintiff a failing, *albeit* questionable score.

18   76. DEFENDANTS actions suggest DEFENDANTS had and took the opportunity to

19 coerce, intimidate, threaten, or interfere with Plaintiff in the exercise or enjoyment of, or on

20 account of his having exercised or enjoyed, passing the July 2022 California Bar Exam with the

21 requested reasonable testing accommodations after Plaintiff filed complaints of civil rights

22 violations, and practicing law in the State of California, which is protected by the ADA.

23   77. Plaintiff subsequently hired an expert TUTOR employed by BARBRI

24 solely to assist in improving his essay and PT scores for the upcoming February 2023 Bar Exam.

25   78. The TUTOR advised Plaintiff how to write an "above passing" essay and

26 PT, which Plaintiff precisely implemented said advice to the February 2023 Bar Exam.

27   79. On May 5, 2023, DEFENDANT handed down a failing score, yet again. Plaintiff's

28

1   essay and PT scores remained below passing, while his Multistate Bar Exam ("MBE") score was

2   near perfect – scoring in the top 87th percentile – meaning, Plaintiff performed better than 87

3   percent of all examinees taking the same exam nationwide. Alternatively, this ranking means only

4   13 percent of all examinees nationwide performed better than Plaintiff. The MBE is the second

5   half of the California Bar Exam which is a test that is not susceptible to subjective biases like the

6   writing section of the Bar Exam, and is objectively and electronically graded by a separate

7   independent entity.

8        80.   This indicates that, when taking into account the DEFENDANT'S expectations and

9   requirements of applicants for the written section of the Bar Exam, as outlined on their website,

10  and GUNDERSEN's expertise as Director of Test Operations for the National Conference of Bar

11  Examiners: 1) Plaintiff's performance on the MBE is a more accurate measure of his legal

12  knowledge and skills; 2) if Plaintiff's written section of the Bar Exam was "scaled" to his MBE

13  score, his written scores should "indicate about the same level of proficiency" as his MBE scores;

14  3) The NCBE did not have, nor took the opportunity to coerce, intimidate, threaten, or interfere

15  with Plaintiff in the exercise or enjoyment of, or on account of his having exercised or enjoyed,

16  reasonable testing accommodations and filing complaints for civil rights violations, which is

17  protected by the ADA during the administration and grading of the MBE during the three Bar

18  Exams in question due to the fact NCBE arguably could not have known of Plaintiff's disabilities;

19  and 3) DEFENDANTS had and took the opportunity to coerce, intimidate, threaten, or interfere

20  with Plaintiff in the exercise or enjoyment of, or on account of his having exercised or enjoyed,

21  passing the February 2023 California Bar Exam with the requested reasonable testing

22  accommodations after Plaintiff filed complaints of civil rights violations, and practicing law in the

23  State of California, which is protected by the ADA.

24       81.   On or around May 18, 2023, DEFENDANTS summarily denied Plaintiff's request

25  for reconsideration stating, in part, "…***only when an applicant established with documented***

26  ***evidence that a clerical error prevented the examination from being properly graded.***" The

27  DEFENDANT did not, and continues to refuse to elaborate or clearly state what documented

28  evidence of a clerical error is required for Plaintiff to submit that would have prevented the

1   examination from being properly graded. This indicates: 1) DEFENDANTS are concealing the

2   truth as to whether Plaintiff was unfairly graded; 2) that DEFENDANTS are obstructing Plaintiff

3   from obtaining any documentation that would support the notion that DEFENDANTS made some

4   sort of error – clerical, arithmetical, or otherwise – in grading his February 2023 Bar Exam; 3)

5   DEFENDANTS had and took the opportunity to coerce, intimidate, threaten, or interfere with

6   Plaintiff in the exercise or enjoyment of, or on account of his having exercised or enjoyed,

7   obtaining records pertaining to the determination of his February 2023 Bar Exam scores that were

8   lawfully requested.

9         82.  On or around May 19, 2023, Plaintiff submitted a renewed request for

10   reconsideration of grade along with a request for records. Plaintiff reminded DEFENDANTS that

11   he previously requested documentation from the STATE BAR that would suggest whether

12   DEFENDANTS made a clerical or arithmetical error, records that only the DEFENDANTS

13   possesses, has custody of, and/or controls.

14         83.  Plaintiff also attached open-sourced documentation published on the

15   DEFENDANTS website and an article written by GUNDERSEN, published on NCBE's website,

16   that both suggest that the DEFENDANTS must have made a clerical and/or arithmetical error.

17   DEFENDANTS hastily and summarily denied Plaintiff's requests.

18         84.  This indicates: 1) DEFENDANTS are concealing the truth as to whether Plaintiff

19   was unfairly graded; 2) that DEFENDANTS are obstructing Plaintiff from obtaining any

20   documentation that would support the notion that DEFENDANTS made some sort of error –

21   clerical, arithmetical, or otherwise – in grading his February 2023 Bar Exam; 3) DEFENDANTS

22   had and took the opportunity to coerce, intimidate, threaten, or interfere with Plaintiff in the

23   exercise or enjoyment of, or on account of his having exercised or enjoyed, obtaining records

24   pertaining to the determination of his February 2023 Bar Exam scores that were lawfully

25   requested, and practicing law in the State of California, which is protected by the ADA.

26         85.  On or about June 1, 2023, and in response to Plaintiff's renew request for

27   reconsideration of grade, NUNEZ informed Plaintiff that the DEFENDANTS will not consider

28   their own admissions published on their website regarding Bar Exam essay and PT answer

1   requirements when determining whether the DEFENDANTS made a clerical and/or arithmetical

2   error in scoring Plaintiff's written scores. NUNEZ further conveyed that due to Plaintiff's

3   disability and his complaint submitted to the DOJ, he is *"not eligible for a grade reconsideration"*

4   thus, he is ineligible to practice law in the State of California.

5         86.   This further illustrates that 1) DEFENDANTS likely made some sort of error,

6   clerical or otherwise in grading Plaintiff's February 2023 Bar Exam; 2) DEFENDANTS are

7   deliberately concealing the truth as to whether Plaintiff was unfairly graded or DEFENDANTS

8   made a clerical and/or arithmetical error; 3) DEFENDANTS are obstructing Plaintiff from

9   obtaining any documentation that would support the notion that DEFENDANTS made some sort

10   of clerical and/or arithmetical error; 4) the DEFENDANTS likely responded to Plaintiff's requests

11   for reconsideration of grade in a manner consistent with anticipation of responding to requests

12   from DOJ and REPRESENTATIVE in their respective investigations or potential future litigation,

13   rather than providing transparency to the public; 4) the DEFENDANTS is attempting to control

14   the demographics of licensed attorneys in the State of California so as not to "taint the pool" and

15   to limit competition; 5) DEFENDANTS discriminated against Plaintiff based on his protected

16   status as a disabled veteran; and 6) DEFENDANTS retaliated against Plaintiff for asserting his

17   rights as a disabled veteran by requesting testing accommodations and filing complaints with the

18   DOJ and REPRESENTATIVE; and 7) DEFENDANTS had and took the opportunity to coerce,

19   intimidate, threaten, or interfere with Plaintiff in the exercise or enjoyment of, or on account of his

20   having exercised or enjoyed, obtaining records pertaining to the determination of his February

21   2023 Bar Exam scores that were lawfully requested, passing the February 2023 California Bar

22   Exam, and practicing law in the State of California.

23

24                **THIRD CAUSE OF ACTION**
            **Defendant Violated Plaintiff's Civil Rights Under UNRUH**

25                   **(Against All Defendants)**

26         87.   Plaintiff realleges and incorporates by reference each and every allegation of

27   paragraphs 1 thru 86 of this Complaint, inclusive, as if fully set forth here.

28         88.   California's Unruh Act, Cal. Civ. Code § 51(f), states that "a violation of the

1   right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

2   shall also constitute a violation of this section." A plaintiff is entitled to recover actual damages

3   and an amount up to three times the actual damages for each violation of the Unruh Act, "but in no

4   case less than $4,000…" for each and every offense (Cal. Civ. Code § 52(a); Munson v. Del Taco,

5   Inc. (2009) 46 Cal.4th 661, 667.).

6        89.  Here, Plaintiff alleged herein that DEFENDANTS, and each of them, have violated

7   Plaintiff's rights afforded under the ADAA, which indicates each of the DEFENDANTS have

8   violated California's Unruh Act and Plaintiff is entitled to recover actual damages and an amount

9   up to three times the actual damages for each violation of the Unruh Act, "but in no case less than

10   $4,000 treble damages for each violation."

11

12                     **FOURTH CAUSE OF ACTION**

              **Defendant Defamed Plaintiff by Falsely Insinuating:**

13                     *Plaintiff did not Pass the Bar Exam;*

      *Lacks the Requisite Legal Knowledge and Skill to Practice Law.*

14                    **(Against All Defendants)**

15        90.  Plaintiff incorporates by reference into this cause of action each allegation of

16   paragraphs 1 through 89.

17        91.  On or about May 5, 2023, Defendant(s) published the February 2023 Bar Exam

18   "pass list" naming all individuals who passed the February 2023 Bar Exam. Plaintiff was not

19   listed. Simultaneously, Defendant's submitted to Plaintiff a letter stating that Plaintiff was

20   unsuccessful on this February Bar Exam ("MEMO").

21        92.  DEFENDANT'S assertion that the information contained in the pass list was

22   accurate, is false as it pertains to the Plaintiff.

23        93.  The implication that Plaintiff is not eligible or worthy to practice law in the State of

24   California because DEFENDANTS wrongfully allege Plaintiff did not pass the February 2023 Bar

25   Exam, is libelous on its face. It clearly exposes Plaintiff to hatred, contempt, ridicule, and obloquy

26   because it impedes or prevents Plaintiff from practicing law in the State of California. The pass list

27   was seen and read by virtually the entire world.

28        94.  As a proximate result of the above-described publication, Plaintiff has suffered loss

1   of his reputation, shame, mortification, and embarrassment all to his general damage.

2        95.  The above-described publication was published by the DEFENDANTS with malice

3   and/or oppression and/or fraud in that DEFENDANT was aware the pass list contained inaccurate

4   information and refused to correct the inaccuracies and thus plaintiff seeks an award of punitive

5   damages.

6                                    **PRAYER**

7        WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as

8   follows:

9   I.   A preliminary injunction that shall:

10        A.  enjoin and restrain the above-named defendants, and their officers, agents,

11             employees, representatives, and all persons acting in concert or participating

12             with them; from engaging in or performing, directly or indirectly, any and all of

13             the following acts:

14             i.   Preventing State Bar applicants who request testing accommodations

15                  from unjustly being discriminated against based on their alleged

16                  disability.

17             ii.  Denying applicant's testing accommodations based on the

18                  DEFENDANT's "dissatisfaction" of the Bar applicant's medical team's

19                  professional assessment.

20             iii. Substituting the DEFENDANT'S judgment for that of the medical

21                  professionals that treat the Bar applicants, including Plaintiff, whose

22                  recommendations are accompanied with the testing accommodations

23                  application for the California Bar Exam.

24             iv.  Prevent Defendants from continuing to discriminate and retaliate against

25                  Plaintiff by unjustly denying his admission to the Bar because he is a

26                  disabled veteran, and for asserting his rights as a disabled veteran by

27                  filing a complaint with the DOJ- an ongoing investigation.

28

B. Order DEFENDANTS to grant Plaintiff a Provisional License to duly practice law in the State of California, until final adjudication, resolution, and investigation of all matters and issues alleged herein.

C. Order DEFENDANTS to disclose to Plaintiff all relevant public records pursuant to Gov. Code §§ 7920.00 et seq. pertaining to the administration and grading of Plaintiff's previous Bar Exams, excluding those records exempt from disclosure under Senate Bill 387; Bus. & Prof. Code §§ 6086.1(b); 6060.2; 6168; 6232(d); 6234(a); 6200(h); 6060.25; and/or Gov. Code §§ 7923.600; 7929.605; 7923.600; 12011.5 – accompanied by an exemption log detailing why certain records are exempt from disclosure.

D. Order the Office of U.S. Attorney General to thoroughly investigate the claims alleged by Plaintiff pursuant to 42 U.S.C. §12188, and provide a detailed report and recommendations of their findings, including but not limited to:

   i. Investigate each of Plaintiff's past Bar Exam answers, results, and all procedures followed by Defendant in rendering a final written score for the Bar Exam, to provide a determination as to whether Defendant erroneously gave Plaintiff below passing scores and whether Plaintiff was graded fairly or based on biased subjective standard.

   ii. investigate and evaluate the Committee's admissions standards and practices, as well as their bar exam grading practices, to assess whether the Committee engages in unconstitutional, unethical, or illegal conduct that disparately affects certain Bar applicants.

E. The proposed preliminary injunctive relief is necessary because:

   i. If Defendants are not enjoined to be subjected to the strict monitoring of this Court and the Office of the U.S. Attorney General, and immediately grant Plaintiff a provisional license to practice law, the DEFENDANT will continue to deny Plaintiff, and other similarly situated individuals'

1 | admission to the Bar, regardless if they produced objectively flawless Bar

2 | exam essay and PT answers.

3 | ii.  If the Court does not order the Office of the U.S. Attorney General to

4 | investigate the unlawful practices of Defendant with respect to Bar

5 | applicants, they will continue to fly under the radar while violating the

6 | civil liberties of Plaintiff and other applicants/future lawyers who intend

7 | to root out corruption and discriminatory practices of those who prey

8 | upon vulnerable individuals such as Plaintiff.

9 | F.  Monetary damages would be inadequate to pay for the unjust denial of the right

10 | to practice law, represent the voiceless, and bring about the change necessary to

11 | improve our society through legal representation.

12 | II.  Damages pursuant to Ca. Civ. Code § 51(f).

13 | III.  All Remedies and Procedures available under 42 U.S. Code §§ 12203; 12117; 12133;

14 | 12188.

15 | IV.  General Damages in a sum according to proof.

16 | V.  Actual damages in a sum according to proof.

17 | VI.  Punitive Damages.

18 | VII.  For costs of sit incurred herein, including reasonable attorney's fees; and

19 | VIII.  For such other and further relief as the court deems proper.

Dated: June 7, 2023                          TERRENCE BREWER

By: _____
     TERRENCE BREWER, J.D.
     Plaintiff, Pro se

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Terrence Brewer, J.D., Pro Se

**(b)** County of Residence of First Listed Plaintiff   Contra Costa
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**

The State Bar of California, Committee of Bar Examiners, and Agents

County of Residence of First Listed Defendant   San Francisco
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq ; California's UNRUH Act, Cal. Civ. Code § 51(f).

Brief description of cause:
Defendant Retaliated and discriminated against Plaintiff because he is a disabled person and asserted his rights in connection with the CA Bar Exam

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
According to Proof

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
June 6, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____