UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BREWER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE BAR, et al.,<br><br>Defendants. | No. 2:23-cv-00860-TLN-JDP<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Terrence Brewer's ("Plaintiff") Motion for Reconsideration. (ECF No. 9.) Defendants California State Bar, Board of Trustees, and Committee of Bar Examiners (collectively, "Defendants") filed an opposition. (ECF No. 10.) Plaintiff did not file a reply. Also before the Court is Plaintiff's *Ex Parte* Application for an Order Shortening Time to be Heard on the Motion for Reconsideration. (ECF No. 12.) For the reasons set forth below, the Court DENIES Plaintiff's motions.

Plaintiff is proceeding *pro se* in this civil action. Plaintiff filed the operative First Amended Complaint on June 8, 2023. (ECF No. 4.) On June 22, 2023, Defendants filed an *ex parte* application for extension of time to file an answer pursuant to Local Rule 144(c) and Federal Rule of Civil Procedure 6. (ECF No. 6.) The assigned magistrate judge granted the extension on June 26, 2023. (ECF No. 7.) Plaintiff filed an opposition that same day, which was

1

docketed after the magistrate judge's order was docketed.  (ECF No. 8.)  Plaintiff filed the instant motion for reconsideration on June 27, 2023, and an *ex parte* application to shorten time to hear the motion for reconsideration on July 11, 2023.  (ECF No. 9.)

A party may seek reconsideration of a magistrate judge's ruling. E.D. Cal. L.R. 303(c). The standard that the assigned district judge uses to review such requests is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). E.D. Cal. L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

Plaintiff raises three grounds for reconsideration of the magistrate judge's order: (1) the magistrate judge ruled on Defendant's request before considering Plaintiff's opposition; (2) Plaintiff previously declined to consent to magistrate judge jurisdiction; and (3) Plaintiff was improperly served.  (ECF No. 9.)  As will be discussed, all of Plaintiff's arguments are meritless.

As to Plaintiff's first and second arguments, a magistrate judge was properly assigned to hear and determine pretrial matters in this action because Plaintiff is proceeding *pro se*.  *See* E.D. Cal. L.R. 302(c)(21).  Plaintiff's refusal to consent to magistrate judge jurisdiction does not prevent the magistrate judge from ruling on non-dispositive pretrial motions, such as Defendant's *ex parte* request for an extension of time to file an answer.  *See id.*; *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72.  Although it appears the magistrate judge granted Defendants' request prior to considering Plaintiff's opposition, doing so was not clearly erroneous or contrary to law.  The Federal Rules of Civil Procedure and this Court's Local Rules allow the Court to grant an extension, upon a showing of good cause, "with or without motion or notice if . . . a request is made . . . before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A); E.D. Cal. L.R. 144(c) ("The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary.").  In the instant case, Defendants filed their request for extension prior to the date their answer was due and provided a declaration showing good cause for the request and that a stipulation could not reasonably be obtained.  (ECF No. 6.)  Thus, the magistrate judge did not err by granting Defendants' request without considering Plaintiff's opposition.  Even if the Court

1  now considers Plaintiff's opposition (ECF No. 8), nothing therein persuades the Court that
2  Defendant's request should have been denied.
3      As to Plaintiff's argument that he was not properly served, notice to Plaintiff was not
4  required prior to granting the extension for the reasons already discussed.  Moreover, Defendants
5  have cited the proof of service attached to the *ex parte* request showing Defendants served
6  Plaintiff with the request by mail on June 22, 2023.  (ECF No. 6 at 18.)
7      For the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration.
8  (ECF No. 9.)  The Court also DENIES as moot Plaintiff's *Ex Parte* Application to Shorten Time.
9  (ECF No. 12.)
10     IT IS SO ORDERED.
11 Dated:  July 24, 2023

_____
Troy L. Nunley
United States District Judge