1

2

3

4

5

6

7

8                                     UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TERRENCE BREWER,                                Case No.  2:23-cv-00860-TLN-JDP (PS)

12                       Plaintiff,                   **FINDINGS AND RECOMMENDATIONS**

13           v.                                       THAT DEFENDANTS' MOTION TO
                                                      DISMISS BE GRANTED IN PART AND
14    CALIFORNIA STATE BAR, *et al.*,                 DENIED IN PART

15                       Defendants.                  ECF No. 14

16                                                    OBJECTIONS DUE WITHIN FOURTEEN
                                                      DAYS
17

18           Plaintiff, proceeding pro se, brings this action against the State Bar of California, its Board

19    of Trustees, and the Committee of Bar Examiners, alleging violations of the Americans with

20    Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and a defamation

21    claim.  ECF No. 4.  Defendants move to dismiss for lack of jurisdiction, failure to state a claim,

22    and improper venue.  ECF No. 14.  I recommend that defendants' motion be granted in part and

23    denied in part.

24                                              **Background**

25           Plaintiff is a disabled veteran who has unsuccessfully attempted to pass the California Bar

26    Exam three times.  ECF No. 4 at 5-6.  Before sitting for the first exam in July 2021, he sought

27    testing accommodations for the written portion.  *Id.* at 5.  Defendants denied his requested

28    accommodations without explanation and, according to the complaint, did so on the basis of

                                                        1

plaintiff's disability.  *Id.* at 10-11.  Thereafter, plaintiff filed a complaint with the U.S. Department of Justice and a petition with a California assemblymember, both asking for defendants' alleged discrimination to be investigated.  *Id.* at 5.  Plaintiff claims that after he filed his complaint and petition, defendants reluctantly provided him with some inadequate accommodations for the written portion of the exam.  *Id.*  Several months later, plaintiff learned that he received a passing score on the multiple-choice portion of the exam, but not the written portion.  *Id.* at 5-6.  Plaintiff obtained the same result the following year for the July 2022 Bar Exam.  *Id.* at 6.  Plaintiff then took the February 2023 Bar Exam, with the "same partial, minimalistic and inadequate accommodations," and again passed only the multiple-choice portion.  *Id.* at 6-7.

In May 2023, plaintiff submitted to defendants two requests for reconsideration of his score, both of which were denied.  *Id.* at 7.  Roughly a month later, Amy Nunez, the Assistant Director of Admissions, informed plaintiff that due to his "disability and his complaint submitted to the DOJ, he [was] '*not eligible for a grade reconsideration.*'"  *Id.* at 9.

Plaintiff alleges that defendants denied his requests for accommodations and for reconsideration of his test score in retaliation for his having contacted the USDOJ and a California assemblymember, in violation of Title V of the ADA, 42 U.S.C. § 12203(a).  *Id.* at 10.  Plaintiff also alleges that defendants violated § 12203(b) by unlawfully coercing or interfering with his right to exercise and to enjoy reasonable testing accommodations.  *Id.* at 16.  And he alleges that defendants' violations of the ADA entitle him to monetary damages under the Unruh Act.  *Id.* at 21-22.  Finally, he alleges that defendants defamed him when they did not list his name as one of the individuals who passed the February 2023 exam.[1]  *Id.* at 22.

Plaintiff seeks monetary damages, including punitive damages.  *Id.* at 25.  He also seeks injunctive relief, including an order requiring defendants to grant plaintiff a provisional license to

---

[1] In the introduction section of the amended complaint, plaintiff references Section 504 of the Rehabilitation Act.  ECF No. 4.  Plaintiff, however, does not include a Section 504 claim in his amended complaint.

1   practice law, directing the Office of the U.S. Attorney General to investigate his claims, and

2   ordering defendants to disclose records relating to plaintiff's exams.  *Id.* at 23-25.

3                                        **Legal Standard**

4        A party may move to dismiss a case for a lack of subject matter jurisdiction.  Fed. R. Civ.

5   P. 12(b)(1).  A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual.  *Safe*

6   *Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial challenge, the

7   moving party asserts that the allegations in the complaint are "insufficient on their face" to

8   establish federal jurisdiction.  *Id.*  "Whether subject matter jurisdiction exists therefore does not

9   depend on resolution of a factual dispute, but rather on the allegations in [the] complaint."  *Wolfe*

10  *v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In evaluating such a claim, the court accepts the

11  allegations as true, and the plaintiff need not present evidence outside the pleadings.  *Id.*

12       In a factual challenge, the moving party "disputes the truth of the allegations that, by

13  themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  "When

14  challenged on allegations of jurisdictional facts, the parties must support their allegations by

15  competent proof."  *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).  The court does not simply

16  accept the allegations in the complaint as true.  *Safe Air*, 373 F.3d at 1039.  Instead, it makes

17  findings of fact, resolving any material factual disputes by independently evaluating the evidence.

18  *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

19       A complaint may be dismissed for "failure to state a claim upon which relief may be

20  granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

21  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*

22  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff

23  pleads factual content that allows the court to draw the reasonable inference that the defendant is

24  liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

25  550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it

26  requires more than a sheer possibility that a defendant has acted unlawfully.  *Iqbal*, 556 U.S. at

27  678.

28

3

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

Pursuant to Rule 12(b)(3), an action may be dismissed for improper venue. If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

### Discussion

## I.   Venue

Defendants argue that venue is not proper in this district because (1) the State Bar's main office is in San Francisco, and plaintiff resided, when this action was commenced, in Contra Costa County; and (2) the complaint does not allege that the events giving rise to plaintiff's claims occurred in this district. ECF No. 14 at 30. Accordingly, defendants contend that plaintiff was required to file this action in the Northern District of California. Defendants are mistaken.

For purposes of venue, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).  Under California law, the State Bar has the capacity to sue and be sued.  Cal. Bus. & Prof. Code § 3001.  Thus, the State Bar is deemed to reside, for purposes of venue, in any judicial district in which it is subject to personal jurisdiction.  As the entity responsible for licensing and regulating lawyers throughout California, *see Kohn v. State Bar of California*, 87 F.4th 1021, 1033 (9th Cir. 2023), the State Bar is subject to personal jurisdiction in the Eastern District of California, and venue properly lies here.

## II.     Americans with Disabilities Act

Plaintiff alleges that defendants violated Title V of the ADA by retaliating against him and interfering with or coercing his right to enjoy reasonable testing accommodations.  ECF No. 4 at 10-21.  Defendants argue the plaintiff's Title V claims are barred by the Eleventh Amendment.  They further argue that plaintiff's allegations fail to state a retaliation claim under Title V.  ECF No. 14 at 17-25.

### A.     Eleventh Amendment Immunity

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States."  *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).  This jurisdictional bar "extends not just to suits in which the state itself is named a party but also to those against an 'arm of the state.'"  *Kohn*, 87 F.4th at 1026 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).  The Ninth Circuit has recently reaffirmed that the California State Bar "is an arm of the state and entitled to sovereign immunity."  *Kohn*, 87 F.4th at 1032; *Flinders v. State Bar of California*, No. 22-17014, 2024 WL 398430, at *1 (9th Cir. Feb. 2, 2024) (noting that "the State Bar is entitled to sovereign immunity"); *Vela v. State Bar of California*, No. 1:23-cv-01638-JLT-BAM, 2023 WL 8933289, at *2 (E.D. Cal. Dec. 27, 2023) ("The State Bar enjoys Eleventh Amendment protection and is

1  entitled to immunity from suit in federal court.").  The State Bar's Board of Trustees and

2  Committee of Bar Examiners enjoy the same immunity.  *Lupert v. California State Bar*, 761 F.2d

3  1325, 1327 (9th Cir. 1985) (holding that the Eleventh Amendment barred the plaintiff's suit

4  against the State Bar Board of Governors and the California Committee of Bar Examiners).

5        This immunity, however, is not absolute.  States can be subject to suit in federal court if

6  (1) Congress enacts a law that authorizes such a suit, or (2) the state consents to be sued in a

7  federal forum.  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666,

8  670 (1999).  "Congress may abrogate the [s]tates' Eleventh Amendment immunity when it both

9  unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority.'"

10  *Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S.

11  62, 73 (2000)).

12        The ADA contains three main subchapters, known as Titles, that prohibit discrimination

13  in certain settings.  *Collazo-Rosado v. Univ. of P.R.*, 775 F. Supp. 2d 376, 383 (D.P.R. 2011).

14  "Title I of the Act forbids discrimination against the disabled in the terms and conditions of

15  employment.  42 U.S.C. § 12112; Title II prohibits discrimination against the disabled in access

16  to public services [(such as transportation)], 42 U.S.C. § 12132; and Title III of the ADA

17  proscribes discrimination against the disabled in public accommodations."  *Id*.  Each of these

18  subchapters contains its own remedies and enforcement provision.  *See* 42 U.S.C. §§ 12117,

19  12133, 12188.

20        The Act also contains a "Miscellaneous Provisions" subchapter, known as "Title V," that

21  prohibits retaliation for complaints of disability discrimination.  *See* 42 U.S.C. § 12203.  Title V

22  makes it unlawful to discriminate against an individual for opposing a practice prohibited by the

23  Act or for making a complaint or participating "in any manner in an investigation, proceeding, or

24  hearing" under the ADA.  *See* 42 U.S.C. § 12203(a).  It also makes it "unlawful to coerce,

25  intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on

26  account of his or her having exercised or enjoyed, or on account of his or her having aided or

27  encouraged any other individual in the exercise or enjoyment of, any right granted or protected by

28  this chapter."  42 U.S.C. § 12203(b).  Unlike the three main subchapters, Title V does not contain

its own remedial and enforcement provisions.  Instead, it states that the "remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsection[ ] (a) . . . with respect to" Title I, Title II, and Title III, respectively.  42 U.S.C. § 12203(c).

In enacting the ADA, Congress unequivocally expressed its intention to abrogate Eleventh Amendment immunity.  42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter.").  However, the Supreme Court and U.S. Court of Appeals for the Ninth Circuit have concluded that Congress did not validly abrogate all provisions.  *In Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001), the Supreme Court found that states enjoy Eleventh Amendment immunity for suits brought under Title I, concluding that Congress did not validly abrogate immunity under Title I of the ADA.  *Id.* at 966.  Relying on that holding, the Ninth Circuit held in *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2021), that Congress did not abrogate Eleventh Amendment immunity for Title V retaliation claims "at least where . . . predicated on alleged violations of Title I."

Under *Demshki*, whether Eleventh Amendment immunity bars plaintiff's retaliation and interference claims turns on the alleged violations that plaintiff opposed.  Plaintiff alleges that he complained to the DOJ and a California assemblymember that defendants had improperly refused to provide him testing accommodations.  As defendants acknowledge, the alleged denial of testing accommodations would give rise to a claim under Title II.  ECF No. 14 at 19; *see* 42 U.S.C. § 12132.

"The Ninth Circuit has repeatedly found that Congress validly abrogated state immunity when it enacted Title II of the ADA."  *Video Gaming Technologies, Inc. v. Bureau of Gambling Control*, 621 F. Supp. 2d 918, 920 (E.D. Cal. 2008); *see Dare v. California*, 191 F.3d 1167, 1173 (9th Cir. 1999); *Clark v. Cal. Dep't of Corrections*, 123 F.3d 1267, 1270 (9th Cir.1997); *Hason v. Medical Bd.*, 279 F.3d 1167, 1171 (9th Cir. 2002); *Thomas v. Nakatani*, 309 F.3d 1203, 1209 (9th Cir. 2002); *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002).

1    Nevertheless, defendants argue that to determine whether Congress validly abrogated

2    sovereign immunity under Title II, the court must conduct a claim-specific inquiry under the

3    tripartite test established in *United States v. Georgia*, 546 U.S. 151, 159 (2006).  They contend

4    that in the instant case, all three *Georgia* factors weigh against finding a valid abrogation of

5    sovereign immunity.[2]  ECF No. 14 at 19-24.  In a separate case, this court has considered and

6    rejected this argument, finding that the Ninth Circuit has not expressly called for this "'nuanced,

7    case-by-case analysis' to occur" and that the weight of authority favors finding that Eleventh

8    Amendment immunity has been abrogated for suits under Title II.  *Miller v. Ceres Unified Sch.*

9    *Dist.*, 141 F. Supp. 3d 1038, 1043 (E.D. Cal. 2015) (Nunley, J.).

10    Consistent with that holding, I find that defendants are not entitled to immunity under the

11    Eleventh Amendment.

12    B.    Adequacy of Plaintiff's Allegations

13    Defendants also argue that plaintiff's allegations are insufficient to state both retaliation

14    and coercion claims under Title V.  To state a prima facie case for retaliation under Title V,

15    plaintiff must show: "(1) involvement in a protected activity, (2) an adverse [ ] action, and (3) a

16    causal link between the two."  *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003)

17    (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)).

18    Liberally construed, plaintiff alleges that after defendants denied his requests for

19    accommodations, he lodged complaints with both the USDOJ and a California assemblymember.

20    ECF No. 4 at 5, 11.  After receiving a non-passing score on the February 2023 Bar Exam, he

21    submitted two requests for reconsideration, alleging that the non-passing score was attributable to

22    _____

23    [2] In *Georgia*, the Supreme Court held that in assessing whether Congress validly
abrogated sovereign immunity, courts should consider:

24            (1) which aspects of the State's alleged conduct violated Title II;
            (2) to what extent such misconduct also violated the Fourteenth

25            Amendment; and (3) insofar as such misconduct violated Title II
            but did not violate the Fourteenth Amendment, whether Congress's

26            purported abrogation of sovereign immunity as to that class of
            conduct is nevertheless valid.

27

28    546 U.S. at 159.

a "clerical or arithmetical error." *Id*. at 6-7.  Both requests were denied.  Plaintiff alleges that on June 1, 2023, in response to his second request for reconsideration, Amy Nunez, the Assistant Director of Admissions, "conveyed that due to Plaintiff's disability and his complaint submitted to the DOJ, he is 'not eligible for a grade reconsideration' thus, he is ineligible to practice law in the State of California." ECF No. 4 at 15.  These allegations are sufficient to state a retaliation claim.

Defendants contend, however, that the court should not accept plaintiff's allegation concerning Nunez.  They argue that allegation directly contradicts statements in an email that Nunez sent plaintiff on June 1, 2023.  ECF No. 14 at 26.  They contend that Nunez's email, although not submitted with the complaint, can be considered under the incorporation-by-reference doctrine.  *Id*.; *see* ECF No. 14-1 at 5.

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).  Under this doctrine, a document may be incorporated into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  The doctrine extends to "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  However, incorporation is not appropriate if the document "merely creates a defense to the well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1002.  Because the doctrine risks being used as "a tool for defendants to short-circuit the resolution of a well-pleaded claim," the Ninth Circuit has urged that the doctrine be "approached with caution." *Id*.

The amended complaint makes no reference to an email from Nunez.  Instead, the complaint merely alleges that Nunez "conveyed" certain information to plaintiff on June 1, 2023, the same date as the email.  It is possible that Nunez's communications with plaintiff were not limited to the email defendants submit.  And while the email might be essential to rebutting

plaintiff's version of the facts, consideration of documents is more appropriate at the summary judgment stage, when plaintiff will have a full opportunity to present evidence in opposition. *See Khoja*, 899 F.3d at 1003 (holding that "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint").

Defendants also argue that plaintiff fails to state a coercion or harassment claim under Title V.  As previously mentioned, Title V makes it unlawful "to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b).  "'The Ninth Circuit has not specifically described the elements required to establish a violation of § 12203(b), nor has it defined what 'intimidation' or 'coercion' mean in the context of § 12203(b).'"  *Israel v. Carter*, No. 2:21-cv-1267-JAM-KJN P, 2022 WL 874941, *5 (E.D. Cal. Mar. 24, 2022) (quoting *Armstrong v. Newsom*, No. 94-cv-02307 CW, 2021 WL 933106, *26 (N.D. Cal. Mar. 11, 2021)).  However, in *Brown*, the Ninth Circuit held that the plaintiff's allegations stated an interference claim because the plaintiff showed that: (1) the defendant had threatened adverse action; (2) there was a nexus between the threat and plaintiff's exercise or enjoyment of an ADA right; and (3) the plaintiff "suffered a distinct and palpable injury" due to the threat.  336 F.3d at 1191-93.

Plaintiff's claim for violation of interference consists largely of legal conclusions.  ECF No. 4 at 16-21.  Significantly, plaintiff's allegations neither identify any specific threat nor show that defendants interfered with his exercise or enjoyment of an ADA right.  Accordingly, his ADA interference claim should be dismissed with leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[D]istrict court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks and citation omitted).

**III.     State Law Claims**

Plaintiff's remaining claims are for violation of California's Unruh Act, Cal. Civ. Code

§§ 51, *et seq.*, and defamation.  Unlike plaintiff's ADA claims, his state law claims are barred by sovereign immunity.

"The Eleventh Amendment generally prohibits federal courts from hearing suits brought by private citizens against state governments, unless the state has consented to be sued."  *C.T. v. Redondo Beach Unified Sch. Dist.*, 2019 WL 1557431, *2 (C.D. Cal. 2019); *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1152 (9th Cir. 2018) ("A state's waiver of Eleventh Amendment immunity and consent to suit must be 'unequivocally expressed.'"); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").  The Ninth Circuit has held that in passing the Unruh Civil Rights Act, California did not specifically consent to being sued in federal court.  *See Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006).  And courts in this Circuit have concluded that California has not consented to suit in federal court for tort claims.  *See, e.g.*, *Konig v. State Bar of California*, No. C 04-2210 MJJ, 2004 WL 2091990, *4 (N.D. Cal. Sept. 16, 2004) (holding that the California State Bar and state officials sued in their official capacities were immune from suit for state law claims); *Arellano v. Oxnard Sch. Dist.*, No. 2:17-cv-08789-CAS(MRWx), 2018 WL 6016977, *11 (C.D. Cal. 2018) ("Because it does not appear that the State of California has consented to suit regarding . . . state law tort claims . . . , and because the District is a state agency, the District appears to [be] absolutely immune from suit for these claims in federal court."); *see also Pennhurst*, 465 U.S. at 99 n.9 ("[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.").  Because plaintiff's state claims are barred by the Eleventh Amendment, they should be dismissed without leave to amend.[3]  *See Lopez*, 203 F.3d at 1130.

Accordingly, it is hereby RECOMMENDED that:

---

[3] Plaintiff's request for injunctive relief does not save his state claims; the *Ex parte Young* exception does not extend to state law claims.  *Pennhurst*, 465 U.S. at 90 (holding that "when a plaintiff alleges that a state official has violated *state* law[,] . . . the entire basis for the doctrine of *Young* . . . disappears").

1. Defendants' motion to dismiss, ECF No. 14, be granted in part and denied in part as follows:

    a. the motion be granted as to plaintiff's claim for interference, coercion, or intimidation under 42 U.S. C. § 12203(b), and this claim be dismissed with leave to amend;

    b. the motion be granted as to plaintiff's state law claims, and these claims be dismissed without leave to amend; and

    c. the balance of the motion be denied.

2. The case proceed on the first amended complaint's ADA retaliation claim under 42 U.S.C. § 12203(a).

3. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 6, 2024                      
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

12