1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TERRENCE BREWER,                          Case No.  2:23-cv-0860-TLN-JDP (PS)

12                 Plaintiff,

13           v.                                 ORDER; FINDING AND
                                                RECOMMENDATIONS
14    CALIFORNIA STATE BAR, *et al.*,

15                 Defendants.

16

17           Plaintiff, proceeding pro se, brings this action against the State Bar of California, its Board

18    of Trustees, and the Committee of Bar Examiners, alleging violations of the Americans with

19    Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and a defamation

20    claim.  ECF No. 4.  On March 7, 2024, I recommended that defendants' motion to dismiss be

21    granted in part.  ECF No. 25.  Specifically, I found that plaintiff's claim for interference,

22    coercion, or intimidation under Title V of the Americans with Disabilities Act, 42 U.S.C.

23    § 12203(b), should be dismissed with leave to amend, and that his state law claims should be

24    dismissed without leave to amend as barred by sovereign immunity.  *Id.* at 10-12.  I also,

25    however, rejected defendants' argument that sovereign immunity barred plaintiff's retaliation

26    claim under Title V of the ADA, 42 U.S.C. § 12203(a).  *Id.* at 7-8.  My recommendations were

27    adopted by the district judge, ECF No. 29; and defendants then appealed the partial denial of their

28    motion to dismiss, ECF No. 30.

While that appeal was pending, plaintiff filed a second amended complaint, ECF No. 36, and a motion for preliminary injunctive relief, ECF No. 43, asking that the court order defendants to: (1) grant him a provisional license to practice law, (2) reevaluate his bar exam answers from tests taken in 2021, 2022, and 2023, (3) disclose relevant records used to determine his test scores, (4) direct the United States Attorney General to investigate some of his claims, and (5) grant all other equitable relief sought in his second amended complaint.  *Id.* at 1-2.

On January 15, 2025, the Ninth Circuit vacated the partial denial of defendants' motion to dismiss, noting that, during the pendency of the appeal, new precedent had issued, and this court was required conduct a claim-by-claim evaluation of whether, in enacting the ADA, congress validly abrogated sovereign immunity as to plaintiff's Title V claims.  ECF No. 46 at 3.  The Ninth Circuit remanded with instructions to allow plaintiff to amend his Title V claims before proceeding.  *Id.*

In light of the Ninth Circuit's instruction that plaintiff be provided an opportunity to amend, I find it appropriate to deny plaintiff's motion for preliminary injunctive relief without prejudice to renewal.[1]  To properly weigh a request for preliminary injunctive relief, a court must consider, among other things, whether a claimant is likely to succeed on the merits.  *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).  That determination necessarily turns on the substance of the operative complaint.  Given the Ninth Circuit's instruction to afford plaintiff an opportunity to amend his complaint, it makes little sense to make that determination now, especially because the type of preliminary injunctive relief a court may grant also turns on the operative complaint.  *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted.").

Plaintiff may file a new complaint within thirty days of the entry of this order and findings and recommendations.  It should be titled "Third Amended Complaint," refer to the appropriate

---

[1] Plaintiff also filed an ex parte application for an order shortening time for the court to hear his motion for a preliminary injunction.  ECF No. 44.  Since I recommend that the motion for injunctive relief be denied, plaintiff's ex parte application is denied as moot.

1  case number, and be complete in itself, without reference to any filings that precede it.  Upon

2  filing, it will supersede the prior complaint.  If plaintiff elects not to file an amended complaint,

3  he may still renew his motion for injunctive relief.

4         Accordingly, it is ORDERED that:

5         1.  Within thirty days of the date of this order, plaintiff shall either file a third amended

6  complaint or notify the court that he wishes to proceed on the second amended complaint filed on

7  April 5, 2024.  *See* ECF No. 36.

8         2.  Plaintiff's ex parte application for an order shortening time, ECF No. 44, is denied as

9  moot.

10        Further, it is hereby RECOMMENDED that plaintiff's motion for injunctive relief, ECF

11  No. 43, be DENIED without prejudice to renewal.

12        These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

17  objections shall be served and filed within fourteen days after service of the objections.  The

18  parties are advised that failure to file objections within the specified time may waive the right to

19  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

20  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

21

22  IT IS SO ORDERED.

23

Dated:    February 12, 2025

24                                               JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE
25

26

27

28

3