ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER KO (324623)
Assistant General Counsel
jennifer.ko@calbar.ca.gov
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles CA 90017
Telephone: (213) 765-1000 / Facsimile: (415) 538-2321

JEAN R. KRASILNIKOFF (280450)
Assistant General Counsel
jean.krasilnikoff@calbar.ca.gov
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105
Telephone: (415) 538-2388 / Facsimile: (415) 538-2321

Attorneys for Defendants
STATE BAR OF CALIFORNIA;
BOARD OF TRUSTEES; and
COMMITTEE OF BAR EXAMINERS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRENCE BREWER<br><br>　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE BAR; BOARD OF TRUSTEES; COMMITTEE OF BAR EXAMINERS; and THEIR AGENTS IN THEIR OFFICIAL CAPACITY; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.　2:23-cv-00860-TLN-JDP<br><br>**DEFENDANTS STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' OPPOSITION TO PLAINTIFF TERRENCE BREWER'S APPLICATION FOR ORDER SHORTENING TIME TO HEAR PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>JUDGE:　Hon. Jeremy D. Peterson<br><br>[*[Proposed] Order Filed Concurrently Herewith*] |

1  Defendants the State Bar of California, Board of Trustees, and Committee of Bar
2  Examiners (collectively, the "State Bar Defendants") oppose Plaintiff Terrence Brewer's
3  ("Plaintiff") Application for Order Shortening Time to Hear Plaintiff's Motion for Injunctive
4  Relief. *See* Dkt. 54. Plaintiff requested that his preliminary injunction motion be heard on an ex
5  parte basis on March 24, 2025—less than *one business day* after the motion was filed—on the
6  basis that he is purportedly suffering irreparable harm because the State Bar Defendants have not
7  recommended Plaintiff for admission to the California Bar. And while the Court has vacated the
8  March 24, 2025, hearing date (Dkt. 55), Plaintiff still appears to be requesting that his
9  preliminary injunction motion be decided on an expedited basis. As with Plaintiff's prior
10 preliminary injunction motion and request to shorten time, which this Court previously denied
11 (*see* Dkts. 48, 51) there is no valid basis for emergency relief here. Accordingly, Plaintiff's
12 application to shorten time should be summarily denied.[1]

## I. DISCUSSION

### A. There Is No Emergency That Would Warrant the Issuance of a Preliminary Injunction on The Timeline for a TRO

As an initial matter, Plaintiff is again seeking a preliminary injunction to be issued on the timeline for a temporary restraining order. A temporary restraining order, like a preliminary injunction, is "an extraordinary remedy that may only be awarded upon a *clear* showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis added). The purpose of a temporary restraining order is to preserve the status quo until a properly noticed preliminary injunction hearing may be held. *See Granny Goose Foods, Inc.* v.

---

[1] The State Bar Defendants will file a separate opposition to Plaintiff's preliminary injunction motion by April 4, 2025, per Local Rule 230. However, on its face, Plaintiff's motion for injunctive relief is patently without merit, relying solely on his own allegations instead of any factual record, and citing no legal authority for the remedies he requests to be granted, much less on a preliminary injunctive basis. Moreover, the State Bar Defendants note that although Plaintiff must establish that he is likely to succeed on the merits (*see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)), whether the State Bar Defendants are entitled to Eleventh Amendment immunity as to Plaintiff's ADA claims is a question that will be before this Court as part of the State Bar Defendants' forthcoming motion to dismiss.

*Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974); *Immigrant Legal Res. Ctr. v. City of McFarland*, 472 F. Supp. 3d 779, 782–83 (E.D. Cal. 2020) ("The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.") (Nunley, J.). Indeed, Plaintiff's own motion admits that is also the purpose of a preliminary injunction—preserving the status quo. Dkt. 53 at 5.

Here, there is no emergency that would warrant the issuance of a TRO, let alone an injunction pending resolution of the case. Plaintiff is not seeking to preserve the status quo—he is seeking to dramatically change it. *See* Dkts. 53, 54. Plaintiff requests that the Court grant the injunctive relief he has requested in his pleadings—in other words, that Plaintiff be granted a "provisional bar license" to practice law in California,[2] that the State Bar be ordered to re-evaluate Plaintiff's prior unsuccessful bar exam answers and disclose its grading records, and that the U.S. Attorney General be ordered to launch an investigation into Plaintiff's claims. *See* Dkts. 36, 53. None of that would preserve the status quo. Nor does Plaintiff explain why the Court should hear his motion on shortened time as required under Local Rule 144 when Plaintiff seeks the same relief sought in the Complaint, which was filed nearly two years ago on May 9, 2023 (*see* Dkt. 1). *See* L.R. 144(e) ("Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time."). Accordingly, there is no basis whatsoever for Plaintiff to seek any injunctive relief from the Court on an emergency basis and Plaintiff's application to shorten time should be denied.

**B.   Plaintiff Has Identified No Irreparable Injury Justifying or Provided Evidence of Any Such Injury**

Nor has Plaintiff identified any irreparable injury or provided evidence of any such injury. Under Federal Rule of Civil Procedure 65(b), a temporary restraining order may

---

[2] As noted in the State Bar Defendants' prior briefing (*see, e.g.*, Dkt. 14 at 13–14, Dkt. 22 at 6, and Dkt. 45 at 2, n.1), although Plaintiff requests a "provisional license" to practice in California, only the California Supreme Court, which is not a party to this action, can admit someone to the practice of law in California. "Neither the State Bar of California nor its Board of Governors nor its Committee of Bar examiners has any power to grant or to deny admission to the bar. That power is vested in the California Supreme Court alone." *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967); *see also Pell v. Nuñez*, 99 F. 4th 1128, 1131–32 (9th Cir. 2024).

1  not issue unless the moving party cites "specific facts . . . [that] clearly show that immediate and
2  irreparable injury, loss, or damage will result to the movant before the adverse party can be heard
3  in opposition." *Id*. "[A] party is not entitled to a preliminary injunction [or a temporary
4  restraining order] unless he or she can demonstrate more than simply damages of a pecuniary
5  nature." *Regents of Univ. of Cal. v. Am. Broad. Cos., Inc.*, 747 F.2d 511, 519 (9th Cir. 1984).
6       Here, Plaintiff claims that he is "sustaining irreparable harm in the form of loss of
7  financial opportunities as a result of Defendant refusing to certify and recommend Plaintiff as
8  eligible to [be] admitted to the bar." Dkt. 54 at 1. But as a matter of law, monetary injuries are
9  not irreparable, as they can be compensated by damages. *See Rent-A-Ctr., Inc. v. Canyon
10 Television & Appliance Rental, Inc*., 944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury
11 alone does not support a finding of irreparable harm, because such injury can be remedied by a
12 damage award."). Nor does Plaintiff cite specific facts clearly showing that immediate and
13 irreparable injury will result as required for a TRO to issue under Rule 65(b). *See generally* Dkt.
14 54. Indeed, Plaintiff offers no evidence whatsoever apart from a single conclusory sentence in his
15 declaration stating that "[a] hearing before this Court on shortened time is necessary because
16 Defendant's actions continue to cause me irreparable harm in the form of lost financial
17 opportunities, such as employment as an attorney." *See* Dkt. 54 ("Brewer Decl.") ¶ 5. Plaintiff's
18 assertion that he could have passed the bar exam and obtained employment as an attorney is, of
19 course, mere speculation. *See Goldie's Bookstore, Inc. v. Superior Court of State of Cal*., 739
20 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").
21 Therefore, Plaintiff's application to shorten time should be denied.

      **C.**    **This Court Should Decline to Enter any TRO Because Plaintiff Has Not Provided for a Bond**

24 This Court should decline to enter a TRO for the further reason that Plaintiff has not
25 provided for a bond. Under Federal Rule of Civil Procedure 65(c) and Local Rule 231(c)(6), a
26 party seeking a TRO must file a proposed order with a provision for a bond. *See* Fed. R. Civ. P.
27 65(c) ("The court may issue . . . a temporary restraining order only if the movant gives security
28 in an amount that the court considers proper to pay the costs and damages sustained by any party

found to have been wrongfully enjoined or restrained."); L.R. 231(c)(6) (requiring "a proposed temporary restraining order with a provision for a bond" to be filed before a hearing can be set). Here, Plaintiff has plainly disregarded these requirements as his proposed order contains no provision for a bond. *See* Dkt. 54-1. Because Plaintiff has failed to include a provision for a bond in his proposed order and does not otherwise indicate that he is prepared to pay a bond as required by Federal Rule of Civil Procedure 65(c) and Local Rule 231(c)(6), this Court should deny his application to shorten time.

## II. CONCLUSION

For the foregoing reasons, the State Bar Defendants respectfully request that this Court deny Plaintiff's Application for Order Shortening Time to Hear Plaintiff's Motion for Injunctive Relief.

Dated: March 25, 2025                 Respectfully submitted,

ELLIN DAVTYAN
General Counsel
KIRSTEN GALLER
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: /s/  *Jennifer Ko*
     Jennifer Ko
     Assistant General Counsel

Attorneys for Defendants
State Bar of California; Board of Trustees;
Committee of Bar Examiners

|   |   |
|---|---|
| 1 | **DECLARATION OF SERVICE** |

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is the State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 25, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' OPPOSITION TO PLAINTIFF TERRENCE BREWER'S APPLICATION FOR ORDER SHORTENING TIME TO HEAR PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF; [PROPOSED] ORDER**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy via U.S. Mail on the following parties:

Terrence Brewer
4748 Whitney Avenue
Carmichael, CA 95608
Pro Per

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, on March 25, 2025.

*Ryan Sullivan*
Ryan Sullivan