ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER KO (324623)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles CA 90017
Telephone: (213) 765-1269 / Fax: (415) 538-2321

JEAN R. KRASILNIKOFF (280450)
Assistant General Counsel
HELENE A. SIMVOULAKIS-PANOS (256334)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2388
Fax: (415) 538-2321
Email: helene.simvoulakis-panos@calbar.ca.gov

Attorneys for Defendants
STATE BAR OF CALIFORNIA, BOARD
OF TRUSTEES, COMMITTEE OF BAR
EXAMINERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BREWER<br><br>             Plaintiff,<br><br>vs.<br><br>CALIFORNIA STATE BAR; BOARD OF TRUSTEES; COMMITTEE OF BAR EXAMINERS; and THEIR AGENTS IN THEIR OFFICIAL CAPACITY; and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No.:  2:23-cv-00860-TLN-JDP<br><br>**DEFENDANTS THE STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>DATE:        May 1, 2025<br>TIME:        10:00 a.m. via Zoom<br>COURTROOM:  9, 13th Floor<br>JUDGE:      Hon. Jeremy D. Peterson |

## TABLE OF CONTENTS

I.  INTRODUCTION ...........................................................................................................1

II.  BACKGROUND ............................................................................................................2

    A.  The State Bar of California is the Administrative Arm of the California Supreme Court in Matters of Attorney Licensing. ................................................2

    B.  The State Bar Testing Accommodation Process. ...................................................3

    C.  Bar Exam Grading Process .....................................................................................3

    D.  Plaintiff's Attempts to Pass the Bar Exam and the Filing of This Lawsuit............5

    E.  Current Procedural Status .......................................................................................6

III.  LEGAL STANDARD .....................................................................................................6

IV.  ARGUMENT ..................................................................................................................7

    A.  The Court Lacks Jurisdiction to Order Plaintiff Admitted to Practice Law in California or to Regrade His Exams....................................................................7

    B.  Plaintiff Cannot Show a Likelihood of Success on the Merits...............................8

        1.  Plaintiff's Claims Are Barred by the Eleventh Amendment ......................8

        2.  Plaintiff Fails to Support His Request for an Injunction with Evidence ..10

        3.  Plaintiff Improperly Seeks a Mandatory Injunction That Would Change the Status Quo ...........................................................................11

        4.  Plaintiff Cannot Show a Likelihood of Success Where He Has Not Stated an ADA Claim and His Claims Are Contradicted by the State Bar Defendants' Evidence............................................................................12

    C.  Plaintiff Does Not Demonstrate That He is Suffering Any Irreparable Harm .....13

    D.  The Balance of Equities and Public Interest Do Not Favor Granting Injunctive Relief ....................................................................................................15

V.  CONCLUSION ............................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*All. for the Wild Rockies v. Cottrell*
  632 F.3d 1127 (9th Cir. 2011) ..................................................................14

*Anderson v. United States*
  612 F.2d 1112 (9th Cir. 1979) ..................................................................11

*Biomedical Device Consultants & Lab'ys of Colorado, LLC v. Vivitro Labs, Inc.*
  689 F. Supp. 3d 749 (C.D. Cal. 2023), *aff'd*, 2024 WL 1318251 (Fed. Cir. Mar. 28,
  2024) .........................................................................................................10

*Caribbean Marine Servs. Co. v. Baldrige*
  844 F.2d 668 (9th Cir. 1988) ....................................................................14

*Clark v. State of Wash.*
  366 F.2d 678 (9th Cir. 1966) ................................................................7, 16

*Disney Enters. v. VidAngel, Inc.*
  869 F.3d 848 (9th Cir. 2017) ......................................................................8

*Doe v. Horne*
  115 F.4th 1083 (9th Cir. 2024) ...................................................................6

*Duvall v. Cnty. of Kitsap*
  260 F.3d 1124 (9th Cir. 2001) ..................................................................12

*Gallo v. U.S. Dist. Ct. for Dist. of Arizona*
  349 F.3d 1169 (9th Cir. 2003) ....................................................................7

*Gerhard v. Stephens*
  68 Cal. 2d 864 (1968) ...............................................................................16

*Giannini v. Comm. of Bar Exam'rs of State Bar of Cal.*
  847 F.2d 1434 (9th Cir. 1988) ........................................................7, 15, 16

*Grimm v. City of Portland*
  971 F.3d 1060 (9th Cir. 2020) ....................................................................9

*Guttman v. Khalsa*
  669 F.3d 1101 (10th Cir. 2012) ..................................................................9

*In re Rose*
  22 Cal. 4th 430 (2000) ................................................................................2

*Johnson v. Couturier*
  572 F.3d 1067 (9th Cir. 2009) ....................................................................6

*Kohn v. State Bar of Cal.*
  119 F.4th 693 (9th Cir. 2024) .....................................................................8

*Leis v. Flynt*
  439 U.S. 438 (1979) ..............................................................................7, 16

*Maggio v. Zeitz*
  333 U.S. 56 (1948) ..................................................................................................6

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*
  571 F.3d 873 (9th Cir. 2009) ..................................................................................11

*Memmer v. Marin County Courts*
  169 F.3d 630 (9th Cir. 1999) ..................................................................................12

*Nichols v. Ala. State Bar*
  2015 WL 3823929 (N.D. Ala. June 19, 2015), *aff'd*, 815 F.3d 726 (11th Cir. 2016)......10

*Nken v. Holder*
  556 U.S. 418 (2009) ..................................................................................................6

*Oliver v. Va. Bd. of Bar Exam'rs*
  312 F. Supp. 3d 515 (E.D. Va. 2018) ....................................................................10

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*
  810 F.3d 631 (9th Cir. 2015) ..................................................................................15

*Pell v. Nuñez*, 99 F.4th 1128, 1131 (9th Cir. 2024)..............................................7, 14

*Renner v. Supreme Ct. of Fla.*
  2022 WL 1658361 (11th Cir. May 25, 2022) ...........................................................9

*Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*
  944 F.2d 597 (9th Cir. 1991) ..................................................................................15

*Robinson v. Willsmore*
  2024 WL 5232835 (E.D. Cal. Dec. 27, 2024) ........................................................10

*Roe v. Johnson*
  334 F. Supp. 2d 415 (S.D.N.Y. 2004) ....................................................................10

*Schwarz v. Ga. Composite Med. Bd.*
  2020 WL 7773481(N.D. Ga. Dec. 30, 2020), *aff'd*, 2021 WL 4519893 (11th Cir. Oct. 4, 2021)..........................................................................................................................10

*T.W. v. New York State Bd. of Law Exam'rs*
  110 F.4th 71 (2d Cir. 2024) .......................................................................................9

*Turner v. Nat'l Council of State Bds. of Nursing, Inc.*
  561 F. App'x 661 (10th Cir. 2014).........................................................................10

*United States v. Georgia*
  546 U.S. 151 (2006) ..................................................................................................8

*Vartanian v. State Bar of Cal.*
  794 F. App'x 597 (9th Cir. 2019) .............................................................................9

*Whitaker v. Tesla Motors, Inc.*
  985 F.3d 1173 (9th Cir. 2021) ................................................................................12

*Whole Woman's Health v. Jackson*
  595 U.S. 30 (2021) ...............................................................................................7, 16

*Winter v. Nat. Res. Def. Council, Inc.*
   555 U.S. 7 (2008) ................................................................................................1, 6

**Statutes**

42 U.S.C. § 12188 ................................................................................................8

Cal. Bus. & Prof. Code § 6001 ................................................................................................2

Cal. Bus. & Prof. Code § 6001.1 ................................................................................................16

Cal. Bus. & Prof. Code § 6046 ................................................................................................2

Cal. Bus. & Prof. Code § 6060 ................................................................................................2

**Rules**

California Rules of Court, rule 9.49 ................................................................................................8

California Rules of Court, rule 9.49.1 ................................................................................................8

Fed. R. Civ. P. 12 ................................................................................................6

Ninth Circuit Rule 36-3 ................................................................................................9

Rules of the State Bar of California, rule 4.88 ................................................................................................3

Rules of the State Bar of California, rule 4.90 ................................................................................................3

Rules of the State Bar of California, rules 4.80–4.92................................................................................................3

Rules of the State Bar of California. rule 4.85 ................................................................................................3

**Constitutional Provisions**

Cal. Const., art. VI, § 9................................................................................................2

The State Bar Defendants' Opposition to Motion for Injunctive Relief      Case No. 2:23-cv-00860-TLN-JDP

## I. INTRODUCTION

Plaintiff Terrence Brewer is an applicant for admission to practice law in California who has failed the California Bar Examination three times. In summary, Plaintiff alleges that he is a disabled veteran who requested unspecified testing accommodations on the essay portion of the exam and received some accommodations, but not the ones he wanted. Plaintiff alleges that he wrote passing-quality essays, but received failing scores due to what he can only assume was a clerical error given his certainty that he passed, and the State Bar is somehow "retaliating" against him by refusing to regrade his examinations. Plaintiff now seeks a preliminary injunction granting him all of the relief he seeks in the case, including an order from this Court directing the State Bar to "provisionally" license Plaintiff to practice law. Plaintiff's motion should be denied in its entirety.

Plaintiff's motion is entirely cursory and is not supported by either reasoned legal argument or, just as importantly, any evidence. As explained in further detail below, the facts show that there is no basis whatsoever for Plaintiff's retaliation and interference claims, and that Plaintiff's allegations in the Second Amended Complaint ("SAC") are plainly incorrect. Although Plaintiff refuses to accept that he has failed the Bar Exam three times, numerous different independent graders were involved in scoring Plaintiff's *anonymous* written answers, each of which was graded twice. The State Bar declined his request to reconsider his score on two of his Bar Exams because he established no grounds for reconsideration and not, as he falsely claims, because he asked for accommodations or complained to third parties. Plaintiff's motion establishes no likelihood of success, much less the clear likelihood he would need for an injunction seeking to drastically change the status quo (and effectively grant him all the relief he seeks at the very beginning of the case).[1] Accordingly, Plaintiff cannot demonstrate that any of the factors under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) warrant granting him any injunctive relief.

---

[1] Moreover, even if Plaintiff had established that he is entitled to injunctive relief (which he has not), an injunction should not issue for the additional reason that, as explained in the concurrently filed motion to dismiss, Defendants the State Bar of California, Board of Trustees, and Committee of Bar Examiners (collectively, the "State Bar Defendants") are immune from suit under the Eleventh Amendment.

In addition, the relief Plaintiff seeks—a provisional license to practice law in California and regrading of his prior exams—cannot be granted. No law allows this Court to order an applicant to be licensed to practice in California—that authority lies solely with the California Supreme Court. Nor does Plaintiff cite any authority holding that this Court can order the State Bar to certify that Plaintiff passed when he did not, order it to regrade exams that Plaintiff took years ago, or order the U.S. Department of Justice to investigate Plaintiff's ADA claims.

As contemplated by the Ninth Circuit's remand and this Court's prior order, the State Bar Defendants have filed a motion to dismiss this case that is scheduled to be heard on May 22, 2025. This Court should deny Plaintiff's motion for injunctive relief, grant the State Bar Defendants' motion to dismiss, and dismiss this case.

## II.    BACKGROUND

### A.    The State Bar of California is the Administrative Arm of the California Supreme Court in Matters of Attorney Licensing.

The State Bar is a public corporation established by the California State Constitution; it operates as the administrative arm of the California Supreme Court in attorney licensing, discipline, and regulation. *See* Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6001; *In re Rose*, 22 Cal. 4th 430, 438 (2000). The State Bar administers the California Bar Exam, which applicants must pass to become licensed attorneys in California. Cal. Bus. & Prof. Code § 6060(g). The Committee of Bar Examiners ("Committee") is established by the State Bar's Board of Trustees to "examine all applicants," "administer the requirements for admission," and "certify to the Supreme Court for admission" applicants who fulfill those requirements. Cal. Bus. & Prof. Code § 6046. The State Bar and the Committee are referred to herein as the State Bar Defendants.[2]

---

[2] The caption to Plaintiff's SAC lists the State Bar's governing board, the Board of Trustees, as a defendant. However, none of the allegations in the SAC refer to the Board of Trustees or state any claim against it. *See generally* SAC. To the extent Plaintiff intends to have sued the Board of Trustees on his claims despite not saying so, out of an abundance of caution, this motion's reference to the State Bar Defendants includes the Board of Trustees.

1    **B.    The State Bar Testing Accommodation Process.**

2        Under the State Bar's rules, applicants with mental and/or physical impairments that

3    limit their ability to demonstrate their knowledge, skill, and ability under standard testing

4    conditions are granted reasonable testing accommodations for the Bar Exam. Rules of the State

5    Bar of California 4.80–4.92.[3] To seek accommodations, prospective exam-takers must complete

6    an initial petition. *Id.*, rule 4.85. Once the State Bar reviews the petition, the applicant is

7    informed whether the request is granted, partially granted, denied, or whether additional

8    information is necessary. *Id.*, rule 4.88. If the State Bar does not grant all requested

9    accommodations, the applicant may seek review by the Committee. *Id.*, rule 4.90. If an

10   applicant requests review, the State Bar's Director of Admissions may grant the

11   accommodations requested. *Id.*, rule 4.90(C). Otherwise, the Committee considers the request

12   and may review any requested accommodations denied by staff and either affirm that denial or

13   grant the accommodations. *Id.*, rule 4.90(D).

14   **C.    Bar Exam Grading Process**

15       After each administration of the Bar Exam, the State Bar convenes six panels of graders

16   to grade the written portion of the Bar Exam (including the five essays and one performance

17   test). Decl. of Amy Nuñez (Nuñez Decl.) ¶¶ 3, 4, Exh. A. Each grader reviews and grades the

18   written answers to a single question. Nuñez Decl., ¶ 4, Exh. A. For example, a grader assigned

19   to the Essay 1 grading panel only reviews and grades written responses to Essay 1. *Id.* The

20   panels are supervised by a member of the State Bar's Exam Development and Grading Team

21   and the panels meets three times early in the grading cycle to calibrate grading. *Id.*

22       During the first calibration meeting, graders discuss a set of sample answers they

23   received prior to the session. *Id.* Then the graders receive a set of fifteen answer files submitted

24   in response to their assigned question from a sample of the applicant pool. *Id.* The graders

25   independently read and grade the first answer file and after each grader assigns a grade, the

26   group discusses the answer, the grades assigned, and develops a consensus grade for the answer

27

28   _____

[3] The Title 4 of the State Bar Rules is available at: https://www.calbar.ca.gov/Portals/0/
documents/rules/Rules_Title4_Div1-Adm-Prac-Law.pdf (last accessed Apr. 15, 2025).

1    file. *Id*. The answer files are assigned raw scores in five-point increments, on a scale of 40 to

2    100. *Id*. at ¶ 8. This process is repeated for each of the fifteen answer files. *Id*. at Exh. A. The

3    graders on each panel then receive 25 new answer files and independently review and grade the

4    answer files and submit their grades for analysis. *Id*. at ¶ 4, Exh. A. Because the graders are

5    reviewing the same files, the analysis helps identify whether the graders are issuing grades that

6    are calibrated with the other graders. *Id*. During the second meeting, each panel discusses the 25

7    answer files and the grading analysis. *Id*. The panels re-read and discuss any answer files where

8    there was significant disagreement among graders and resolve the differences through further

9    discussion. *Id*. Once that is completed, the panel reviews an additional ten answer files together,

10   which are discussed and graded in the same manner as the original fifteen files. *Id*. Following

11   the meeting, graders are assigned their answer files to grade independently. *Id* The panels

12   convene one final time during independent grading to review the grading standards and the

13   panel reads an additional ten answer files as a group to ensure that the panel is grading to the

14   same standards. *Id*.

15       Graders evaluate answers and assign grades only on the content of the response. *Id*. at

16   Exh. A. All answer files are anonymized and identifiable only by a code number; no information

17   about the applicant is known to the graders. *Id*. at ¶¶ 4–6. There are no markings or codes on the

18   answer files that indicate whether an applicant received any kind of testing accommodation. *Id*.

19       The raw scores for all components of the exam are combined to scale the scores to the

20   same units of measurement used for the multiple-choice portion of the exam. *Id*. at ¶¶ 8, 9, Exh.

21   B.

22       If an applicant receives a total scaled score of 1390 out of 2000 points, the applicant

23   passes the exam. *Id*. at ¶¶ 10–12. Applicants who receive a total scaled score of less than 1350

24   fail the exam. *Id*. If, after the initial grading of the exam, the applicant received a scaled score of

25   at least 1350 but less than 1390, the applicant's written answers are read and graded by a second

26   grader on each answer panel ("second read"). *Id*. After the second read, the two scores for each

27   essay are averaged. *Id*. If the applicant's averaged total scaled score after the second read is

28   1390 or higher, the applicant passes the exam, and if not, they do not pass. *Id*.  Applicants are

1    provided with the State Bar's grading policies prior to taking the examination.  *Id.* at ¶ 15.

2            **D.**    **Plaintiff's Attempts to Pass the Bar Exam and the Filing of This Lawsuit**

3        Plaintiff alleges that he is a "disabled veteran with a disability rating of 100 percent"

4    from the Veterans Administration. SAC ¶¶ 1, 11. His complaint provides no information about

5    the nature of his disability, what accommodations he requested, or what accommodations he

6    received. *See* SAC pp. 1–21. Plaintiff alleges that he received failing scores on three Bar Exams,

7    and contends that the State Bar would not reconsider his scores on two of those exams because

8    of "retaliation" "due to [his] disability and his complaint submitted to the DOJ." SAC ¶ 38.

9        The actual facts are quite different. Plaintiff took the July 2021 Bar Exam and his written

10    answers were initially graded by six different graders. Nuñez Decl., ¶ 16. His scores qualified

11    for a second read, and his answers were then graded by a different set of six graders, none of

12    whom were aware of his identity or whether he was disabled or had reasonable

13    accommodations. *Id.* at ¶¶ 7, 16. After the second read, Plaintiff did not receive an average

14    scaled score of at least 1390, and therefore, did not pass. *Id.* at ¶ 16. Plaintiff sought

15    reconsideration of his grades but did not identify any arithmetical or clerical error that met the

16    State Bar's criteria for grading reconsideration, and his request was therefore, denied. *Id.* at ¶¶

17    13-17.

18        Plaintiff took the July 2022 Bar Exam and his written answers were initially graded by

19    six different graders; none of those graders had graded his July 2021 Bar Exam answers. *Id.* at ¶

20    18. His scores qualified for a second read, and his answers were read by a different set of six

21    graders, none of whom had graded any portion of his July 2021 Bar Exam. *Id.* The graders did

22    not have any information about Plaintiff's identity, disability, or whether he had a reasonable

23    accommodation. *Id.* at ¶¶ 7, 18. Plaintiff did not receive an average scaled score of at least 1390,

24    and therefore did not pass. *Id.* at ¶ 18. Plaintiff did not seek reconsideration of his grade for that

25    exam. *Id.*

26        Plaintiff took the February 2023 Bar Exam and his written answers were initially graded

27    by six different graders. *Id.* at ¶ 19.  His scores qualified for a second read, and his answers were

28    read by a different set of six graders. *Id.* The graders did not have any information about

1    Plaintiff's identity, disability, or whether he had a reasonable accommodation. *Id*. at ¶¶ 7, 19.

2    Plaintiff did not receive an average scaled score of at least 1390, and therefore did not pass. *Id*.

3    at ¶ 19. Plaintiff sought reconsideration of his grade but, as with his July 2021 exam, did not

4    identify an arithmetical or clerical error that met the State Bar's criteria for grading

5    reconsideration and this request was therefore denied. *Id*. at ¶¶ 13-14, 20, Exh. C–D. Neither

6    Plaintiff's disability nor his complaint to the Department of Justice was considered in grading

7    his Bar Exams or in denying his requests for grading reconsideration. *Id*. at ¶ 20.

8          **E.    Current Procedural Status**

9          Plaintiff's motion for a preliminary injunction, is set to be heard on May 1, 2025. *See*

10   Dkt. 57. Concurrent with the filing of this opposition to that motion, the State Bar Defendants

11   have filed a motion to dismiss the SAC on both immunity grounds and under Federal Rule of

12   Civil Procedure 12(b)(6) that is scheduled to be heard on May 1, 2025.

13   **III.    LEGAL STANDARD**

14         "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*

15   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "The 'purpose of a preliminary injunction

16   is to preserve the status quo ante litem pending a determination of the action on the merits.' "

17   *Doe v. Horne,* 115 F.4th 1083, 1098 (9th Cir. 2024). "A plaintiff seeking a preliminary

18   injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to

19   suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips

20   in his favor, and [4] that an injunction is in the public interest." *Johnson v. Couturier*, 572 F.3d

21   1067, 1078 (9th Cir. 2009) (brackets in original) (quoting *Winter*). The third and fourth factors,

22   harm to the opposing party and weighing the public interest, "merge when the Government is

23   the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).  "Every precaution should be

24   taken that orders issue . . . only after legal grounds are shown and only when it appears that

25   obedience is within the power of the party being coerced by the order." *Maggio v. Zeitz*, 333

26   U.S. 56, 69 (1948).

27   ///

28   ///

## IV.    ARGUMENT

### A.    The Court Lacks Jurisdiction to Order Plaintiff Admitted to Practice Law in California or to Regrade His Exams

As an initial matter, before addressing the *Winter* factors, the primary relief Plaintiff seeks—(1) "provisional admission" to practice law in California, (2) a certification that he is qualified for admission, or (3) regrading of his examinations—is not relief that this Court can order. "Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States . . . ." *Leis v. Flynt*, 439 U.S. 438, 442 (1979). "The California Supreme Court has exclusive original jurisdiction over the process of admission to the practice of law in California. *Pell v. Nuñez*, 99 F.4th 1128, 1131 (9th Cir. 2024) (cleaned up). "Neither the State Bar of California nor its Board of [Trustees] nor its Committee of Bar Examiners has any power to grant or to deny admission to the bar. That power is vested in the California Supreme Court alone." *Id.* at 1131–32 (cleaned up). The California Supreme Court "has exclusive authority to admit an applicant regardless of the State Bar's refusal to certify him or her." *Id.* at 1132 (cleaned up).

This Court has no subject matter jurisdiction to direct the California Supreme Court or the State Bar as its administrative arm regarding Plaintiff's admission to the State Bar. Plaintiff's right of judicial review as to his application for admission was to petition the California Supreme Court, whose decision would only be reviewable by the United States Supreme Court. *Giannini v. Comm. of Bar Exam'rs of State Bar of Cal.*, 847 F.2d 1434, 1435 (9th Cir. 1988). Indeed, "an injunction against a state court or its machinery would be a violation of the whole scheme of our Government." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (cleaned up); *see Clark v. State of Wash.*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties, including disbarment proceedings."). This Court could potentially admit Plaintiff to its own bar if it finds him qualified to practice law before this Court. *See Gallo v. U.S. Dist. Ct. for Dist. of Arizona*, 349 F.3d 1169, 1179–80 (9th Cir. 2003). But this Court has no authority to admit Plaintiff to the California bar or to order the

State Bar Defendants to reprocess or regrade Plaintiff's Bar Exams from 2021, 2022, or 2023.

Plaintiff cites no law even addressing this question, much less authorizing the unprecedented relief he seeks. Nor does he offer any authority for a "provisional license"—a limited program that applied to 2020 graduates in response to the COVID-19 pandemic and certain other individuals who took the Bar Exam prior to 2020. *See* California Rules of Court, rules 9.49, 9.49.1. This Court should, and indeed must, reject out of hand Plaintiff's request that this Court somehow order that he be admitted to the California bar, certified for admission, or that his prior failing examinations be regraded.[4]

### B.    Plaintiff Cannot Show a Likelihood of Success on the Merits

"Likelihood of success on the merits 'is the most important' *Winter* factor; if a movant fails to meet this 'threshold inquiry,' the court need not consider the other factors . . . in the absence of 'serious questions going to the merits.'" *Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citations omitted). Plaintiff's cursory motion does not come close to showing any likelihood of success on his speculative and unsupported claims.

### 1.    Plaintiff's Claims Are Barred by the Eleventh Amendment

First, Plaintiff's claims are barred by the Eleventh Amendment because, although the ADA purports to abrogate Eleventh Amendment immunity, that abrogation is unconstitutional in this context under *United States v. Georgia*, 546 U.S. 151 (2006). *See Kohn v. State Bar of Cal.*, 119 F.4th 693 (9th Cir. 2024) ("*Kohn II*"), *petition for cert. filed*, No. 24-6921 (U.S. Mar. 31, 2025). As discussed in detail in the State Bar Defendants' pending motion to dismiss, Plaintiff's claim fails every step of the *Georgia* test: he does not state a claim under Title II of

---

[4] Plaintiff also improperly requests what is effectively a discovery order for the State Bar Defendants to disclose "all relevant records Defendants used in determining" Plaintiff's scores and to order the U.S. Department of Justice to investigate his claims. *See* Dkt. 53 at 1–2. Plaintiff fails to cite any authority that would permit such relief. Indeed, nothing in the ADA gives him the right to access the State Bar's confidential internal examination materials or grading guidelines. And while the U.S. Attorney General may investigate Title III ADA claims (which Plaintiff does not plead) under 42 U.S.C. § 12188, that statute does not authorize the federal district courts to order the Attorney General to do so (particularly in a case where the United States is not a party). Accordingly, there is no authority permitting any of the forms of injunctive relief that Plaintiff seeks in his motion.

1    the ADA, he does not allege any violation of the Fourteenth Amendment, and Title II of the

2    ADA is not proportional and congruent to Congress's prophylactic power under section 5 of the

3    Fourteenth Amendment.

4         Despite the specific remand from the Ninth Circuit to address immunity, and the multi-

5    step nature of the *Georgia* test, Plaintiff's motion makes no attempt to discuss immunity, and

6    incorrectly asserts that the Court can simply choose not to follow *Georgia*. Dkt. 53 at p. 4.

7    Plaintiff also asserts, without citation, that the Ninth Circuit has already rejected the State Bar's

8    claim of immunity. *Id.* at 7. He seems to believe that because the Ninth Circuit's opinion was

9    not published, it does not apply even in this case. That is obviously incorrect, as the

10   memorandum disposition requires that this Court, after providing Plaintiff with an opportunity

11   to amend his claims, apply *Georgia* to analyze on a claim-by-claim basis whether, in enacting

12   Title II, Congress validly abrogated sovereign immunity as to Plaintiff's Title V claims. *See*

13   Dkt. 46; *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("[N]onbinding

14   memorandum dispositions . . . are 'not precedent, except when relevant under the doctrine of

15   law of the case or rules of claim preclusion or issue preclusion.'") (quoting Ninth Circuit Rule

16   36-3(a)).

17        As the pending motion to dismiss describes in detail, courts have repeatedly held that

18   Congress had no authority to abrogate Eleventh Amendment immunity with respect to bar

19   admissions and similar professional licensing claims. *See Vartanian v. State Bar of Cal.,* 794 F.

20   App'x 597, 600 (9th Cir. 2019) (challenge to proposed rule of professional conduct under ADA

21   Title V retaliation theory was barred by Eleventh Amendment immunity); *T.W. v. New York*

22   *State Bd. of Law Exam'rs*, 110 F.4th 71 (2d Cir. 2024), *petition for cert. filed*, No. 24-714 (U.S.

23   Jan. 3, 2025) (Title II does not validly abrogate Eleventh Amendment immunity in the context

24   of Bar Exam testing accommodations); *Guttman v. Khalsa*, 669 F.3d 1101, 1123–24 (10th Cir.

25   2012) (Title II does not abrogate Eleventh Amendment immunity for claim regarding revocation

26   of medical license); *Renner v. Supreme Ct. of Fla.*, 2022 WL 1658361, at *5–7 (11th Cir. May

27   25, 2022) (Title II does not abrogate Eleventh Amendment immunity to challenge regarding

28   conditions of bar admission); *Schwarz v. Ga. Composite Med. Bd.*, 2020 WL 7773481, at *3

(N.D. Ga. Dec. 30, 2020), *aff'd*, 2021 WL 4519893 (11th Cir. Oct. 4, 2021) (Title II does not abrogate Eleventh Amendment immunity re state medical licensing); *Nichols v. Ala. State Bar*, 2015 WL 3823929, at *5 (N.D. Ala. June 19, 2015), *aff'd*, 815 F.3d 726 (11th Cir. 2016) (Title II does not abrogate Eleventh Amendment immunity re state regulation of attorney conduct); *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, 561 F. App'x 661, 668 (10th Cir. 2014) (Title II does not abrogate Eleventh Amendment immunity re denial of accommodations on nursing licensing exam); *Oliver v. Va. Bd. of Bar Exam'rs*, 312 F. Supp. 3d 515, 527–35 (E.D. Va. 2018) (Title II does not abrogate Eleventh Amendment re bar exam accommodations claim); *Roe v. Johnson*, 334 F. Supp. 2d 415, 422–23 (S.D.N.Y. 2004) (same).

Because the State Bar Defendants are entitled to immunity from Plaintiff's claims, he cannot show a likelihood of success (and, indeed, his claims should be dismissed).

### 2. Plaintiff Fails to Support His Request for an Injunction with Evidence

In addition to ignoring the State Bar Defendants' immunity from his claims, Plaintiff fails to support his motion with relevant and competent evidence. A motion for an injunction is an evidentiary motion. The required "clear showing" under *Winter* thus "requires factual support beyond the allegations of the complaint, but the evidence need not strictly comply with the Federal Rules of Evidence." *Biomedical Device Consultants & Lab'ys of Colorado, LLC v. Vivitro Labs, Inc.*, 689 F. Supp. 3d 749, 754 (C.D. Cal. 2023), *aff'd*, 2024 WL 1318251 (Fed. Cir. Mar. 28, 2024); *see White v. Gibilisco*, 2025 WL 484508, at *4 (E.D. Cal. Feb. 13, 2025) (motion for preliminary injunction denied for lack of evidence beyond the unverified pleadings.); *Robinson v. Willsmore*, 2024 WL 5232835, at *2 (E.D. Cal. Dec. 27, 2024) (same).

The only "evidence" Plaintiff submits with his motion is his cursory declaration insisting that his claims have merit. *See* Dkt. 53 at 11–30. As addressed in the accompanying objections to that declaration, virtually none of his statements are based on personal knowledge; they are instead a series of unsupported and inadmissible conclusions. *Id.* at 12–13. Plaintiff also attaches three exhibits to his declaration that have no bearing on Plaintiff's claims. The first, Exhibit A, appears to be an email exchange between Plaintiff and a paralegal at the U.S.

Department of Justice regarding a public request for comment and meeting held by the State Bar in June 2022, concerning potential changes to the process for requesting testing accommodations. *Id.* at 14–21. This email has absolutely nothing to do with Plaintiff's claim that he passed the Bar Exam but his essays were misgraded as some type of retaliation. Plaintiff also attaches Exhibits B and C—documents that are not authenticated in his declaration—which appear to be news articles about problems with the February 2025 Bar Exam. *Id.* at 22–30. Not only is this inadmissible hearsay, but neither the February 2025, exam nor any of the problems reported about it have anything to do with this case, especially given that Plaintiff alleged that he last took the Bar Exam two years prior in 2023.

Plaintiff offers no other evidence, such as his requests for accommodation, the State Bar's response, his supposedly misgraded exam answers, or his alleged communications with the State Bar about why they would not regrade his exams. He simply insists in his declaration that his allegations are correct so he should win. *See generally* Dkt. 53. Plaintiff's barebones showing is not a sufficient basis for this Court to grant any injunctive relief.

### 3.    Plaintiff Improperly Seeks a Mandatory Injunction That Would Change the Status Quo

Plaintiff is improperly seeking a *mandatory* injunction changing the status quo. Every single item of relief he seeks would change the status quo rather than freezing it in place. *See* Dkt. 53 at 1–2. Where a preliminary injunction seeks to change the status quo by "order[ing] a responsible party to take action" an even higher standard applies. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114–15 (9th Cir. 1979).

Plaintiff's motion makes no attempt to meet that standard. Indeed, his argument regarding the likelihood of success is two short paragraphs of conclusions unsupported by any law or evidence. *See* Dkt. 53 at 6–7. He simply declares that he has "plead facts sufficient" to state a cause of action, he believes the State Bar Defendants have no immunity, and he would

1  prevail at trial and prove that "he indeed passed the Bar Exam and satisfied all requirements to

2  practice law in this State" based on unspecified "exhibits submitted by the parties in previous

3  filings." *Id.* Plaintiff's total failure to brief the merits leaves the State Bar Defendants with no

4  reasoned argument to respond to in this opposition.

5         Accordingly, Plaintiff comes nowhere near meeting his burden of justifying any

6  injunction, much less the mandatory injunctions he seeks.

7              **4.    Plaintiff Cannot Show a Likelihood of Success Where He Has Not
                       Stated an ADA Claim and His Claims Are Contradicted by the
8                      State Bar Defendants' Evidence**

9         Finally, Plaintiff cannot show a likelihood of success where he has not stated an ADA

10  claim, and his claims are contradicted by the State Bar Defendants' evidence. As explained in

11  the State Bar Defendants' motion to dismiss, Plaintiff's ADA claims fail because he has not

12  stated a claim and his claims of retaliation and/or interference or coercion are utterly baseless.

13  Plaintiff does not adequately allege, let alone provide evidence, about what his disability is,

14  what accommodations he requested, what accommodations he received, or how not receiving

15  some accommodations deprived him of an equal opportunity to take the California Bar Exam.

16  *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); *Memmer v. Marin County

17  Courts*, 169 F.3d 630, 633 (9th Cir. 1999); *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173,

18  1176–77 (9th Cir. 2021) (discussing elements of ADA Title II claim). Indeed, Plaintiff does not

19  even seem to be making any claim that he was denied a necessary accommodation. Instead,

20  Plaintiff speculates that he actually passed the exam, despite receiving failing scores and claims

21  that the State Bar is somehow retaliating against him by refusing to regrade his exams and

22  award him a passing score. *See generally* SAC. Plaintiff provides no competent evidence to

23  support this theory and as explained below, his theory is wholly false.

24         As discussed above (*see* Section II(C), *supra*), Plaintiff's written answers were all

25  graded twice, independently, as part of the State Bar's ordinary grading process. *See* Nuñez

26  Decl. ¶¶ 16, 18, 19. Of the 18 essay answers that Plaintiff wrote across three exams, each was

27  independently reviewed by two different graders. *Id*. None of those people had any information

28  about Plaintiff or the conditions under which he took the examination. *Id*. at ¶ 21. Because

Plaintiff's answers scored above 1350 but below the passing cutoff of 1390, Plaintiff's answers

were reviewed as part of the State Bar's standard second-read process for scores above 1350. *Id.*

at ¶¶ 11–12, 16, 18, 19. Plaintiff failed the examination because he wrote essay answers that

were scored by twelve different people for each exam and were consistently found to warrant a

failing score. *Id.* at ¶¶ 16, 18, 19. There is no other reason for Plaintiff failing multiple

administrations of the Bar Exam—instead, per the State Bar's anonymous grading system,

Plaintiff's grades on the written portions of any of his exams could not have been influenced by

his disability, his request for accommodations, and complaints he made, or anything else but the

quality of his answers. *Id.* at ¶¶ 7, 16, 18–21.

Nor is it "retaliatory" for the State Bar Defendants to apply their standard policy of

refusing to regrade answers for the mere reason that an applicant cannot believe that he or she

failed. Pursuant to the State Bar's written policies, which it consistently applies, applicants who

do not pass are not eligible for score reconsideration based on the type of second-guessing and

disagreement about scores. *Id.* at ¶¶ 13–15, Exh. C–G. Instead, regrading is only applied in

specific circumstances: when the applicant can show an arithmetical or clerical error. *Id.*

Plaintiff's ineligibility for reconsideration, and the fact reconsideration was denied, had

absolutely nothing to do with his disability, any accommodations he requested or received, any

complaints he has made, or anything else besides his failure to qualify for reconsideration under

the State Bar's rules, which are applied consistently as to all applicants. *Id.* at ¶¶ 17, 20, 21.

For all of these reasons, Plaintiff has not demonstrated any likelihood of success on the

merits, much less the high level of likelihood of success that would be required to grant the

mandatory injunctions he seeks.

## C.    Plaintiff Does Not Demonstrate That He is Suffering Any Irreparable Harm

Plaintiff argues that he is suffering irreparable injury because "although [he] passed the

Bar Exam and satisfied all requirements to practice law in California, Defendant unilaterally

refused, and continues to refuse to certify and recommend him to the Bar based on his protected

status and activities." Dkt. 53 at 7. Plaintiff asserts this "prevents him from earning a living in

his desired profession as an attorney." *Id.* Plaintiff's argument that he is suffering irreparable harm fails for multiple reasons.

First, Plaintiff's argument is premised on his speculation that he, in fact, passed the Bar Exam and that the State Bar Defendants are somehow wrongfully refusing to certify him and recommend him for admission to the California Bar. But as discussed above, Plaintiff did *not* pass the Bar Exam, and Plaintiff's multiple unsuccessful attempts to pass the Bar Exam are not due to any action (or retaliation) by the State Bar Defendants. Accordingly, the premise of his irreparable harm argument fails.

Second, Plaintiff's purported injury is also entirely speculative. "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Here, Plaintiff does not offer any *evidence* of injury apart from being unable to "ear[n] a living in his desired profession as an attorney" (Dkt. 53 at 7), such as evidence of a job offer that he had to turn down or an offer that he would be hired as an attorney if the Court did have authority (and it does not) to grant him the relief he seeks. Plaintiff's conclusory declaration makes no attempt to make that factual showing and merely states ipse dixit that "I have, am, and will likely continue to suffer irreparable harm in the absence of preliminary injunctive relief." *See* Dkt. 53 ("Brewer Decl.") at 12–13 ¶ 6.

Third, Plaintiff cannot demonstrate irreparable injury because Plaintiff had a remedy— he just chose not to use it. Plaintiff could have petitioned the California Supreme Court to admit him despite the State Bar's lack of recommendation. "The [California Supreme] court has exclusive authority to admit an applicant regardless of the [State Bar's] refusal to certify him or her." *Nuñez*, 99 F.4th at 1132. That is why the State Bar's decision not to recommend someone for admission to practice does not itself "deprive an applicant of any rights." *Id.* Plaintiff cannot complain that he is suffering irreparable injury when he has refused to seek relief from the only entity actually empowered to give it: the California Supreme Court. *Id.*; *Giannini*, 847 F.2d at

1435.

Finally, monetary loss is generally not remediable injury for purposes of an injunction. *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Plaintiff also argues that his purported monetary loss is irremediable because the State Bar Defendants have Eleventh Amendment immunity. Dkt. 53 at 8. But given that Plaintiff seeks to show that the State Bar Defendants' immunity has been abrogated (*see* Dkt. 53 at 3, 6) and requests damages in the SAC, this belies his assertion that his purported monetary loss (even if it were not entirely speculative, which it is) constitutes irreparable harm.

Accordingly, Plaintiff has failed to show with evidence that he faces irreparable injury absent injunctive relief.

**D.  The Balance of Equities and Public Interest Do Not Favor Granting Injunctive Relief**

Plaintiff also fails to show that the balance of equities and public interest favor the relief he seeks. He argues that the State Bar suffers no injury if it is forced to re-grade his examination, disregarding that *every* applicant who fails the examination—like Plaintiff—may believe that they deserved to pass and that such a remedy would flout State Bar policy on re-grading examinations. And more importantly, admission to the practice of law is a judicial function that rests with the California Supreme Court. A federal court directing the exercise of that function injures the State's sovereign right to govern its own bar.

Plaintiff also argues that his case somehow seeks to prove that the State Bar generally discriminates against all disabled applicants, even though no such claim is alleged in this case and Plaintiff, in any event, may not assert a representative claim as a pro se litigant. Dkt. 53 at 10. Injunctive relief cannot be justified by claims that are not made in the case. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Nor does Plaintiff provide any evidence establishing that there is any public interest in this Court requiring him to be "provisionally" licensed to practice law. *See generally* Dkt. 53.

-15-

To the contrary, a preliminary injunction authorizing an unlicensed person like Plaintiff who has not satisfied the requirements for admission and has not been admitted by the California Supreme Court would constitute a grave and unprecedented intrusion on the power of the California Supreme Court and risk injury to Plaintiff's potential clients. Indeed, protection of the public is the "paramount" mission of the State Bar, Cal. Bus. & Prof. Code § 6001.1, and Plaintiff has made no showing that it would be achieved through his requested injunction. Moreover, California's system of regulating who may practice law in the State, and resting that decision with the California Supreme Court, is designed to protect the public "against persons who are not qualified to practice the profession." *Gerhard v. Stephens*, 68 Cal. 2d 864, 918 (1968). That power has been "left exclusively to the States" "since the founding of the Republic." *Leis*, 439 U.S. at 442. As far as the State Bar Defendants are aware, no court has ever ordered such relief. Moreover, case law is clear that district courts lack jurisdiction to direct state supreme courts or their administrative arms in the operation of their official functions like bar admission. *Whole Woman's Health*, 595 U.S. at 39; *Giannini*, 847 F.2d at 1435; *Clark*, 366 F.2d at 681.

Plaintiff thus fails to establish any of the grounds for injunctive relief.

## V.    CONCLUSION

Plaintiff's cursory motion falls far short of justifying any injunction, much less the relief he seeks, and this Court should deny his motion for injunctive relief in its entirety.

Dated: April 17, 2025                STATE BAR OF CALIFORNIA
                                     OFFICE OF THE GENERAL COUNSEL


                                By: */s/ JEAN R. KRASILNIKOFF*
                                     JEAN R. KRASILNIKOFF
                                     Assistant General Counsel
                                     Attorneys for Defendants
                                     STATE BAR OF CALIFORNIA, BOARD OF
                                     TRUSTEES, COMMITTEE OF BAR
                                     EXAMINERS

**DECLARATION OF SERVICE**

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On April 17, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS THE STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Terrence Brewer
4748 Whitney Avenue
Carmichael, CA 95608
terrence.brewer87@yahoo.com

By the following means:

☒    (***By U.S. Mail***) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

    ☒    depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

    ☐    placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, on April 17, 2025.

*Ryan Sullivan*
_____
Ryan Sullivan