ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER KO (324623)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles CA 90017
Telephone: (213) 765-1269 / Fax: (415) 538-2321

JEAN R. KRASILNIKOFF (280450)
Assistant General Counsel
HELENE A. SIMVOULAKIS-PANOS (256334)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2388
Fax: (415) 538-2321
Email: helene.simvoulakis-panos@calbar.ca.gov

Attorneys for Defendants
STATE BAR OF CALIFORNIA, BOARD
OF TRUSTEES, COMMITTEE OF BAR
EXAMINERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BREWER<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA STATE BAR; BOARD OF TRUSTEES; COMMITTEE OF BAR EXAMINERS; and THEIR AGENTS IN THEIR OFFICIAL CAPACITY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-00860-TLN-JDP<br><br>**DEFENDANTS THE STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' EVIDENTIARY OBJECTIONS TO DECLARATION OF TERRENCE BREWER AND ACCOMPANYING DOCUMENTS IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF**<br><br>DATE: May 1, 2025<br>TIME: 10:00 a.m. via Zoom<br>COURTROOM: 9, 13th Floor<br>JUDGE: Hon. Jeremy D. Peterson |

Defendants State Bar of California, Board of Trustees, and Committee of Bar Examiners hereby object to the following evidence presented by Terrence Brewer in connection with his motion for injunctive relief. Defendants respectfully request the court at or before the hearing on the motion to sustain the following objections and to strike the evidence objected to.

| Evidence objected to | Ground for objection | Court order |
|---|---|---|
| Brewer Decl. ¶ 4<br><br>"In response to me asserting my rights under ADA (and even though I passed the Bar Exam and satisfied all requirements to be admitted), Defendant retaliated against me by refusing to certify and recommend me to the California Supreme Court, as well as interfered with my right to enjoy reasonable testing accommodations for the Bar Exam, in violation of Title V of the ADA, 42 U.S.C. §§ l2203(a); (b) respectively." | **Lack of foundation/personal knowledge**. Fed. R. Evid. 602.<br><br>**Improper legal opinion**. Fed. R. Evid. 701; *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) ("The lay witness may not, however, testify as to a legal conclusion. . . .").<br><br>**Improper lay opinion**. Fed. R. Evid. 701; *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008) ("[t]estimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion.") | Sustain ____<br><br>Overrule ____ |
| Brewer Decl. ¶ 5<br><br>"suggesting 'Defendant was on notice that the previous testing accommodations policy, as was written and applied to [me], violated [my] civil rights protected under the ADA. Specifically, Defendant's policy permitted Defendant to interfere - and Defendant in fact did interfere-with [my] right to request or enjoy the reasonable testing accommodations [I] enjoyed while in law school, all of which [I] was entitled to request and enjoy pursuant to the ADA.' ECF No. 36 at 17." | **Lack of foundation/personal knowledge**. Fed. R. Evid. 602.<br><br>**Improper legal opinion**. Fed. R. Evid. 701; *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) ("The lay witness may not, however, testify as to a legal conclusion. . . .").<br><br>**Improper lay opinion**. Fed. R. Evid. 701; *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008) ("[t]estimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion.") | Sustain ____<br><br>Overrule ____ |

| | | | |
|---|---|---|---|
| Brewer Decl. ¶ 6<br><br>"Moreover, along with the recent decision by the Ninth Circuit effectively denying Defendant's Appeal, I have alleged sufficient facts and proffered evidence to suggest that 1) I am likely to succeed on the merits of this case; 2) I have, am, and will likely continue to suffer irreparable harm in the absence of preliminary injunctive relief; 3) the balance of equities tips in my favor; and 4) an injunction is in the public interest." | **Lack of foundation/personal knowledge**. Fed. R. Evid. 602.<br><br>**Improper legal opinion**. Fed. R. Evid. 701; *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) ("The lay witness may not, however, testify as to a legal conclusion. . . .").<br><br>**Improper lay opinion**. Fed. R. Evid. 701; *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008) ("[t]estimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion.") | Sustain ____<br><br>Overrule ____ |
| Brewer Decl. ¶ 7<br><br>"A true and correct copy of the notice from Defendant indicating they revamped their testing accommodations process in light of the allegations in this case, is attached hereto as Exhibit A and made part of the record by reference." | **Lack of foundation/personal knowledge**. Fed. R. Evid. 602.<br><br>**Improper legal opinion**. Fed. R. Evid. 701; *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) ("The lay witness may not, however, testify as to a legal conclusion. . . .").<br><br>**Improper lay opinion**. Fed. R. Evid. 701; *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008) ("[t]estimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion.") | Sustain ____<br><br>Overrule ____ |
| Brewer Decl. Ex. A | **Hearsay.** Fed. R. Evid. 801.<br><br>**Relevance**. Fed. R. Evid. 402. | Sustain ____<br><br>Overrule ____ |

| Brewer Decl. Ex. B | **Hearsay.** Fed. R. Evid. 801; *Lavelle-Hayden v. Legacy Health*, 744 F. Supp. 3d 1135, 1147 (D. Or. 2024) ("It is axiomatic to state that newspaper articles are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth of the matter asserted."). <br><br> **Relevance.** Fed. R. Evid. 402. | Sustain ____ <br><br> Overrule ____ |
|---|---|---|
| Brewer Decl. Ex. C | **Hearsay.** Fed. R. Evid. 801; *Lavelle-Hayden v. Legacy Health*, 744 F. Supp. 3d 1135, 1147 (D. Or. 2024) ("It is axiomatic to state that newspaper articles are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth of the matter asserted."). <br><br> **Relevance.** Fed. R. Evid. 402. | Sustain ____ <br><br> Overrule ____ |

Dated: April 17, 2025

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: /s/ JEAN R. KRASILNIKOFF
   JEAN R. KRASILNIKOFF
   Assistant General Counsel
   Attorneys for Defendants
   STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, COMMITTEE OF BAR EXAMINERS

# DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On April 17, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS THE STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' EVIDENTIARY OBJECTIONS TO DECLARATION OF TERRENCE BREWER AND ACCOMPANYING DOCUMENTS IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Terrence Brewer
4748 Whitney Avenue
Carmichael, CA 95608
terrence.brewer87@yahoo.com
Pro Per

By the following means:

☒ (**By U.S. Mail**) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

☒ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, on April 17, 2025.

*Ryan Sullivan*
Ryan Sullivan