```
TERRENCE BREWER, J.D.
4748 Whitney Ave
Carmichael, CA 95608
Telephone:    (925) 567-4514
Terrence.brewer87@yahoo.com

Plaintiff, Pro se
```

FILED

APR 28 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BREWER,<br><br>            Plaintiff,<br><br>vs.<br><br>CALIFORNIA STATE BAR; BOARD OF TRUSTEES; COMMITTEE OF BAR EXAMINERS; and THEIR AGENTS IN THEIR OFFICIAL CAPACITY; and DOES 1 through 50, inclusive<br><br>            Defendants. | Case No. 2:23-CV-00860-TLN-JDP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS: MOTION TO STRIKE; DECLARATION ISO**<br><br>Date: May 22, 2025<br>Time: 10:00 am<br>Judge: Hon. Jeremy D. Peterson<br>Department: 13th Floor |

    Pursuant to LR 230 (c), (d), (e); and FRCP 12 (f), Plaintiff opposes Defendant's Second Motion to Dismiss and moves to strike said Motion.

    This Opposition is based on the Memorandum of Points and Authorities and Declaration of Terrence Brewer filed herewith, the pleadings and papers on file herein, and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

                                          Respectfully submitted,

Dated: April 28, 2025                    TERRENCE BREWER

By: _____
TERRENCE BREWER, J.D.
Plaintiff, Pro se

TERRENCE BREWER, J.D.
4748 Whitney Ave
Carmichael, CA 95608
Telephone:    (925) 567-4514
Terrence.brewer87@yahoo.com

Plaintiff, Pro se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TERRENCE BREWER, | ) | Case No. 2:23-CV-00860-TLN-JDP |
|---|---|---|
| Plaintiff, | ) ) ) | MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STRIKE DEFENDANT'S SECOND MOTION TO DISMISS |
| vs. | ) ) ) | |
| CALIFORNIA STATE BAR; BOARD OF TRUSTEES; COMMITTEE OF BAR EXAMINERS; and THEIR AGENTS IN THEIR OFFICIAL CAPACITY; and DOES 1 through 50, inclusive | ) ) ) ) ) ) | Date: May 22, 2025  Time: 10:00 am  Judge: Hon. Jeremy D. Peterson  Department: 9th Floor |
| Defendants. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **Procedural Background:**

On August 1, 2023, Defendant filed their First Motion to Dismiss ("FMTD") raising the following issues: subject matter jurisdiction; failure to state a claim, sovereign immunity, and the *US v. Georgia* test.

This Court sustained Defendant's Motion as to the state law claims but overruled as to Plaintiff's ADA retaliation claim; and granted leave to amend for his ADA interference claim.

On April 5, 2024, Plaintiff filed his Second Amended Complaint ("SAC"). Subsequently, Defendant requested a stay while they initiate their interlocutory appeal.

1     On June 11, 2024, Defendant appealed to the Ninth Circuit following this Court denying their FMTD.

    On January 15, 2025, the Ninth Circuit issued a non-published memorandum – essentially denying Defendant's appeal – and remanded the case back to this Court.

    On April 1, 2025, this Court ordered that "Defendant's shall file a response to Plaintiff's Second Amended Complaint [ECF No. 36], and Motion for Preliminary Injunction [ECF No. 53] by 4/17/2025."

    On April 17, 2025, Defendant filed their Second Motion to Dismiss ("SMTD") raising the same and/or substantially similar issues as raised in their FMTD; as well as issues they could have previously raised.

    Notably missing from the SMTD was a declaration signed under penalty of perjury that this Motion is FRCP Rule 11 compliant, and not submitted for any improper purpose.

## II.   <u>Motion to Strike:</u>

    Pursuant to Federal Rule of Civil Procedure Rule 12 (f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a 12 (f) motion to strike is to avoid the expenditure of time and money that arise from litigating spurious issues by dispensing with those issues prior to trial. [*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted)].

    Pursuant FRCP Rule 12 (g): "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

    "There is also a consolidation requirement for subsections (b)(2) through (b)(5). Each of the bases "then available" to a party must be stated with the other bases in that party's motion." [Rule 12(g); *Evangelistic Outreach Center v. General Steel Corp.*, 181 N.C. App. 723, 725 (2007)].

Here, Defendant raises the same and/or substantially similar issues as raised in their FMTD. As noted, their FMTD was denied in part and the Ninth Circuit essentially denied their appeal, with optional instructions on remand.

Additionally, to the extent Defendant's arguments in their SMTD might differ from the FMTD, they are substantially similar, with minor semantic differences. This clearly shows Defendant's arguments are at best redundant and immaterial, if not intentionally made in bad faith.

Moreover, any additional issues Defendant may have raised in their SMTD should be stricken as they must have been raised in their first pleading i.e. FMTD. Thus, Defendant waived these additional defenses.

### III.    Conclusion:

For the forgoing reasons, the Court should strike Defendants response as being an insufficient defense and/or redundant, immaterial, impertinent, or scandalous, based on their attempt to re-litigate issues that have been adjudicated by this Court, and affirmed by the Ninth Circuit. Further, the Court should order Defendant to promptly file an *answer* to the SAC and subsequently order mandatory disclosures pursuant to FRCP Rule 26 (a).

Alternatively, the Court should hold an evidentiary hearing to determine the validity of Defendant's Affirmative Defense- that Plaintiff did not pass the Bar Exam – specifically the February 2023 exam.

Respectfully submitted,

Dated:  April 28, 2025             TERRENCE BREWER

By: _____
TERRENCE BREWER, J.D.
Plaintiff, Pro se

## DECLARATION OF TERRENCE BREWER

I, Terrence Brewer, declare:

1. I am the Plaintiff in this action. I have personal knowledge of the matters stated herein and if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of Plaintiff's (my) Opposition to Defendant's Second Motion to Dismiss, submitted herewith, and is not for any improper purpose.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 28th day of April, 2025, in Sacramento, California.

TERRENCE BREWER, J.D.

<u>Terrence Brewer v. California State Bar, et. al.</u>
United States District Court
Easter District of California
Case No: 2:23-CV-00860-TLN-JDP

## PROOF OF SERVICE

I am employed in Sacramento County, California and am over eighteen (18) years of age and not a party to this action or proceeding; my business address is 4748 Whitney Ave, Carmichael, CA 95608.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 28, 2025, I served true copies of the following document(s):

1) PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS: MOTION TO STRIKE

\_\_\_\_ (By Mail): By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in accordance with the above business practice, as addressed below.
_XX_ (By Email): By transmitting an email copy of the same, to the email address listed below.
\_\_\_\_ (By Facsimile): By transmitting a facsimile copy of the same, to the number listed below.
\_\_\_\_ (By Overnight Mail/Express Delivery): By placing a true copy thereof enclosed in a sealed envelope, in accordance with the above business practice, and arranging for overnight delivery of said envelope to the person(s) as addressed below:

Jean Krasilnikoff
Assistant General Counsel
180 Howard St.
San Francisco, CA 94105
jennifer.ko@calbar.ca.gov

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of April 2025, at Sacramento, California.

*[signature]*
Terrence Brewer, J.D.

1