ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER KO (324623)
Assistant General Counsel
JENNIFER SPERLING (310551)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles CA 90017
Telephone: (213) 765-1269 / Fax: (415) 538-2321

JEAN R. KRASILNIKOFF (280450)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2388
Fax: (415) 538-2321

Attorneys for Defendants
STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, COMMITTEE OF BAR EXAMINERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BREWER<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA STATE BAR; BOARD OF TRUSTEES; COMMITTEE OF BAR EXAMINERS; and THEIR AGENTS IN THEIR OFFICIAL CAPACITY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-00860-TLN-JDP<br><br>**DEFENDANTS THE STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>DATE: May 22, 2025<br>TIME: 10:00 a.m. via Zoom<br>COURTROOM: 9, 13th Floor<br>JUDGE: Hon. Jeremy D. Peterson |

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT ................................................................................................................... 2

    A.    Because the Second Amended Complaint Superseded the First Amended Complaint, the State Bar Defendants' Motion to Dismiss Is Not Redundant and No Defenses Were Waived ................................................................................. 2

    B.    The Ninth Circuit's Decision in the Interlocutory Appeal Is Law of the Case and Directs This Court to Consider *United States v. Georgia* ...................................... 4

    C.    Plaintiff Has Not Cured the Defects in His Prior Complaint and the State Bar's Motion to Dismiss Should be Granted .................................................................... 5

III.  CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Asencio v. City of San Diego*
   No. 24-CV-2074 W (DDL), 2025 WL 776195 (S.D. Cal. Mar. 11, 2025) ........................6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ...............................................................................................6

*Barnes v. Gorman*
   536 U.S. 181 (2002) ...............................................................................................6

*Byrd v. Maricopa Cnty. Sheriff's Dep't*
   629 F.3d 1135 (9th Cir. 2011) ................................................................................6

*Cervantes v. Countrywide Home Loans, Inc.*
   656 F.3d 1034 (9th Cir. 2011) ................................................................................6

*CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*
   2024 WL 966994 (N.D. Cal. Mar. 6, 2024) .............................................................6

*Diehl v. Starbucks Corp.*
   2014 WL 12540524 (S.D. Cal. June 17, 2014) ........................................................2

*Doe #35 v. Labrador*
   679 F. Supp. 3d 1019 (D. Idaho 2023) ................................................................2, 3

*In re Apple iPhone Antitrust Litig.*
   846 F.3d 313 (9th Cir. 2017) ...................................................................................3

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*
   903 F. Supp. 2d 880 (C.D. Cal. 2012) .....................................................................2

*Kohn v. State Bar of Calif.*
   119 F.4th 693 (9th Cir. 2024), *petition for cert. filed*, No. 24-6921
   (U.S. Mar. 31, 2025) ........................................................................................1, 3, 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ................................................................................................5

*Maeda v. Kennedy Endeavors*, Inc.
   407 F. Supp. 3d 953 (D. Haw. 2019) ...................................................................4, 5

*Mier v. CVS Pharmacy, Inc.*
   No. SACV2001979DOCADS, 2021 WL 6102426 (C.D. Cal. Nov. 8, 2021) ..................4

*Migliaccio v. Midland Nat'l Life Ins. Co.*, No. CV 06–1007 CASMANX, 2007 WL 316873
   (C.D. Cal. Jan. 30, 2007) .........................................................................................2

*Miller v. Ford Motor Co.*
   620 F. Supp. 3d 1045 (E.D. Cal. 2022) ....................................................................5

*Moore v. Apple, Inc.*
   73 F. Supp. 3d 1191 (N.D. Cal. 2014) .....................................................................6

*Sharma v. Volkswagen AG*
   No. 20-CV-02394-JST, 2022 WL 20299948 (N.D. Cal. Jan. 21, 2022)............................6

*Strojnik v. State Bar of Arizona*
   446 F. Supp. 3d 566 (D.Ariz.), *aff'd* 829 F. App'x 776 (9th Cir. 2020) ...........................5

*Thomas v. Bible*
   983 F.2d 152 (9th Cir. 1993), *cert. denied,* 508 U.S. 951 (1993) .....................................5

*U.S. v. Cuddy*
   147 F.3d 1111 (9th Cir. 1998) ............................................................................................4

*United States v. Georgia*
   546 U.S. 151 (2006) ...................................................................................................1, 4, 5

*United States v. Miller*
   822 F.2d 828 (9th Cir. 1987) ............................................................................................4

*Walsh v. Nev. Dep't of Human Res.*
   471 F.3d 1033 (9th Cir. 2006) ...........................................................................................5

*Whittlestone, Inc. v. Handi-Craft Co.*
   618 F.3d 970 (9th Cir. 2010) .............................................................................................3

*Yockey v. Salesforce, Inc.*
   745 F. Supp. 3d 945 (N.D. Cal. 2024) ...............................................................................2

**Statutes**

42 U.S.C. § 12203 ......................................................................................................................4

Fed. R. Civ. P. 12 ................................................................................................................passim

## I.     INTRODUCTION

Plaintiff's Opposition to and Motion to Strike Defendants' Second Motion to Dismiss does not substantively refute any of the State Bar Defendants' grounds for dismissing Plaintiff's remaining claims under the Americans with Disabilities Act (ADA). Instead, Plaintiff argues on procedural grounds that the motion should be stricken because it purportedly raises arguments that are redundant in violation of Rule 12(g) or that could have been raised previously and are therefore waived.

Plaintiff's arguments are meritless. The State Bar Defendants are well within their procedural rights to respond to Plaintiff's second amended complaint (SAC) with a second motion to dismiss that reasserts prior arguments, including, as is the case here, that Plaintiff's amendments have not cured existing deficiencies in the complaint. Furthermore, following the interlocutory appeal in this case, this Court has been instructed to apply the claim-specific analysis of *United States v. Georgia*, 546 U.S. 151 (2006) ("*Georgia*") to Plaintiff's remaining Americans with Disability Act (ADA) claims; *see e.g.*, *Kohn v. State Bar of Calif.*, 119 F.4th 693 (9th Cir. 2024) ("*Kohn II*"), *petition for cert. filed*, No. 24-6921 (U.S. Mar. 31, 2025). Dkt. 46. As the State Bar Defendants' moving papers make clear—and Plaintiff has failed to refute— application of *Georgia* to Plaintiff's claims should result in dismissal without leave to amend. Indeed, every other court to address the question has held that Title II of the ADA does not validly abrogate Eleventh Amendment immunity in the professional licensing context. Dkt. 58, pp. 12-13. Irrespective of immunity, Plaintiff's SAC does not state a claim under the ADA sufficient to survive a Rule 12(b)(6) motion.

Plaintiff declined the opportunity to further amend his complaint after mandate was issued and in opposition to the motion dismiss does not offer any legal authority that challenges the State Bar Defendants' position on the application of *Georgia*. Instead, Plaintiff's only response is that the State Bar Defendants' arguments should not be considered because they were already raised and the Ninth Circuit's instructions on remand are purportedly optional. Plaintiff's opposition relies (incorrectly) on procedural technicalities to advance his complaint.

This Court should reject Plaintiff's baseless attempt to avoid meeting his pleading burden and dismiss the SAC without leave to amend.

## II.      ARGUMENT

### A.      Because the Second Amended Complaint Superseded the First Amended Complaint, the State Bar Defendants' Motion to Dismiss Is Not Redundant and No Defenses Were Waived

Plaintiff argues that the State Bar Defendants are barred by Rule 12(g)(2) from reasserting arguments made in their prior motion to dismiss Plaintiff's first amended complaint (FAC). Plaintiff is mistaken. When a plaintiff elects to file an amended complaint, the amended complaint "supersedes the original, the latter being treated thereafter as non-existent." *Yockey v. Salesforce, Inc.*, 745 F. Supp. 3d 945, 950–51 (N.D. Cal. 2024). Unless the defendant has answered the complaint, a motion to dismiss an amended complaint is considered as "a new motion addressing a newly filed complaint" and the moving party may reassert previously raised defenses as well as assert new defenses not previously presented. *Id; see also In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012) (explaining that district courts within the Ninth Circuit have "permitted defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available"). As other courts addressing this argument have explained, Rule 12(g)(2) does not operate in a vacuum; because the Defendants are responding to an amended pleading, Rule 12(g)(2) provides no basis for the Court to reject consideration of Defendants' arguments. *See e.g., Diehl v. Starbucks Corp.*, 2014 WL 12540524, at *4 (S.D. Cal. June 17, 2014) (declining to apply Rule 12(g) to arguments made in response to an amended complaint); *Migliaccio v. Midland Nat'l Life Ins. Co.*, No. CV 06–1007 CASMANX, 2007 WL 316873, at *2–3 (C.D. Cal. Jan. 30, 2007) (same).

Even if Rule 12(g)(2) were applicable, this Court would still have discretion to consider a defense or objection that Rule 12(g)(2) "would otherwise bar if such consideration would further the policy that the that the Federal Rules be 'constructed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Doe #35 v. Labrador*, 679 F. Supp. 3d 1019, 1038 (D. Idaho 2023)

(quoting *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017)). Moreover, a motion to dismiss for lack of subject matter jurisdiction can be made anytime; thus, the interests of justice and judicial economy are served by considering the State Bar Defendants' argument, previously asserted in response to Plaintiff's FAC, that Plaintiff's claims are barred by the Eleventh Amendment. *See e.g., In re Apple iPhone Antitrust Litig.*, 846 F.3d at 318 (holding that defendant's earlier Rule 12 motions to dismiss "in no way foreclosed its late-filed [Rule 12(b)(1)] motion to dismiss ... for lack of Article III standing."). Conversely, failing to consider the State Bar Defendants' previously asserted argument that the Eleventh Amendment bars Plaintiff's claims would effectively allow the Plaintiff to circumvent both his burden of proof under Rule 12(b)(1), as well as the applicable precedent set forth in *Kohn II,* and the Ninth's Circuit's related mandate in this action. Dkt. 47. Similarly, failing to consider the State Bar Defendants' motion to dismiss for failure to state a claim upon which relief can be granted would "allow [the] plaintiff to effectively circumvent Rule 12(b)(6) by filing an inadequate complaint, litigating a motion to dismiss and obtaining a dismissal without prejudice, and then filing an amended complaint that could no longer be challenged with a motion to dismiss. Such practice would not further the just resolution of a proceeding." *Doe #35*, 679 F. Supp. 3d at 1038.

In the alternative, Plaintiff argues that "additional issues Defendant may have raised in their [second motion to dismiss] should be stricken as they must have been raised in their first pleading…Thus, Defendant waived these additional defenses." Dkt. 63, p.5. Plaintiff also alleges that repeated arguments are "immaterial" if not "made in bad faith." *Id.* These arguments also fail. First, Rule 12(f) is typically not used to strike entire pleadings. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (explaining that if litigants were allowed to use Rule 12(f) as a means to dismiss some or all of a pleading, it would create redundancies in the Federal Rules). Second, beyond bald assertions, Plaintiff has failed to offer any authority for the proposition that the State Bar Defendants have acted in bad faith in treating the SAC as a newly filed pleading. Nor has Plaintiff alleged any prejudice that would result if the District Court were to consider previously available arguments. *Mier v. CVS Pharmacy, Inc.*, No.

SACV2001979DOCADS, 2021 WL 6102426, at *2 (C.D. Cal. Nov. 8, 2021) ("Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

In sum, neither Rule 12(g) nor Rule 12(f) preclude defendants from raising new or previously available arguments in response to an amended complaint and the defenses that the State Bar Defendants raised under Rule 12(b)(1) and Rule 12(b)(6) are properly before the District Court in their motion to dismiss Plaintiff's SAC.

### B. The Ninth Circuit's Decision in the Interlocutory Appeal Is Law of the Case and Directs This Court to Consider *United States v. Georgia*

When assessing a SAC, the court will evaluate whether the amendments have cured the deficiencies noted in the initial and first amended complaint. *Maeda v. Kennedy Endeavors, Inc.*, 407 F. Supp. 3d 953, 964 (D. Haw. 2019). Typically, the plaintiff is not bound by any law of the case in deciding a second motion to dismiss, except where there is an issue that "has already been decided by the same court, or a higher court in the identical case." *U.S. v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (citations omitted). That is what occurred in this case after the State Bar Defendants made an interlocutory appeal to the Ninth Circuit of this Court's order denying the State Bar Defendants' claim of Eleventh Amendment sovereign immunity. *See* Dkt. 30. The appeal was granted and on January 15, 2025, the Ninth Circuit issued a memorandum vacating this Court's order with respect to Plaintiff's claims under 42 U.S.C. § 12203 (a)-(b) and instructing the Court on remand to apply *Georgia* to determine whether, in enacting Title II, Congress validly abrogated state sovereign immunity as to Plaintiff's Title V claims. Dkt. 46, 47. Thus, contrary to Plaintiff's assertions, the Ninth Circuit's mandate is the law of this case. *See e.g., United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987) ("The rule is that the mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal."). As there are no grounds for departing from the law of the case in this matter, this Court must reconsider Plaintiff's ADA

1 claims on a "claim-by-claim basis" as to the "specific class of conduct at issue" as *Georgia*
2 requires. Dkt. 47.[1]

      **C.    Plaintiff Has Not Cured the Defects in His Prior Complaint and the State Bar's Motion to Dismiss Should be Granted**

As set forth in its motion to dismiss Plaintiff's SAC, the SAC should be dismissed without leave to amend under Rule 12(b)(1) and 12(b)(6) because Plaintiff failed to cure the defects in his SAC, which do not survive the three-party inquiry established by *Georgia* and otherwise fail to state a cognizable claim for relief.

Applying *Georgia*, Plaintiff's claims under Title II of the ADA, which implicate the licensing and regulation of professions, do not validly abrogate the Eleventh Amendment. *Kohn II*, 119 F.4th at 695, 699-700; *see also Strojnik v. State Bar of Arizona*, 446 F. Supp. 3d 566, 575-76 (D.Ariz.), *aff'd* 829 F. App'x 776 (9th Cir. 2020). Dkt. 58, pp. 6-17. Plaintiff's sole response to the State Bar Defendants' *Georgia* analysis is that the argument is duplicative of arguments made in the State Bar Defendants' motion to dismiss his earlier complaint. Not only does such an argument fail to invoke Rule 12(g), it is also an insufficient response to overcome Plaintiff's burden in opposing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994) (the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise, according to their burden).

Moreover, Plaintiff's failure to oppose these grounds for dismissal is tantamount to a concession that dismissal is proper. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim . . ."); *Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1066 (E.D. Cal. 2022) (holding that a

---

[1] While there are narrow exceptions to the law of the case doctrine, none apply here. *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993), *cert. denied*, 508 U.S. 951 (1993) (noting that courts' discretion not to apply the doctrine of law of the case is "limited"). It is Plaintiff's burden to establish an exception to law of the case applies. *Kennedy Endeavors, Inc.*, 407 F. Supp. 3d at 964 ("the law of the law of the case doctrine allows the court to impose a heightened burden on the plaintiff—to show clear error, changed law, new evidence, changed circumstances, or manifest injustice"). Plaintiff has not made even an attempt to meet this burden.

plaintiff's failure to respond to arguments raised in a motion to dismiss was a "concession of those arguments"); *Sharma v. Volkswagen AG*, No. 20-CV-02394-JST, 2022 WL 20299948, at *3 n.3 (N.D. Cal. Jan. 21, 2022) (failure to respond to argument in opposition to motion to dismiss treated as a concession); *CyboEnergy, Inc. v. N. Elec. Power Tech., Inc.*, 2024 WL 966994, at *4 (N.D. Cal. Mar. 6, 2024) (dismissing for failure to respond to argument in motion to dismiss); *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (same).[2]

Plaintiff has not refuted the State Bar Defendants' claim to Eleventh Amendment immunity, and Plaintiff's threadbare complaint consists primarily of legal conclusions, not the facts required to state a plausible claim for retaliation, intimidation or coercion under Title V of the ADA. Dkt. 58, pp. 17-20. Plaintiff's status as a pro se plaintiff does not change the applicable pleading standard. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc). Even after being given the opportunity to submit a third amended complaint addressing these deficiencies, Dkt. 46, Plaintiff chose to stand on his SAC which does not allege the nature of his disability, the accommodations he requires, how those accommodations related to his disability, the existence of specific reasonable accommodations that the State Bar Defendants purportedly failed to provide, or what causal connection exists between his protected activity and his failing the bar exam. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring more than "a sheer possibility that a defendant has acted unlawfully" to survive a motion to dismiss). It is reasonable to conclude from Plaintiff's decision not to file a third amended complaint that Plaintiff's pleading defects cannot be cured by amendment. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (a district court may dismiss without leave where . . . amendment would be futile); *see also Asencio v. City of San Diego*, No. 24-CV-2074 W (DDL), 2025 WL 776195, at *4 (S.D. Cal. Mar. 11, 2025) (denying motion to amend as futile where there were fatal jurisdictional defects in the amended complaint).

---

[2] Plaintiff's opposition also makes no attempt to establish a legal basis for his request for punitive damages, which are not available under Title II of the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 189-90 (2002).

-7-

### III. CONCLUSION

For the foregoing reasons, and on the grounds fully set forth in the State Bar Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, the State Bar respectfully requests that the Court grant the motion to dismiss without leave to amend.

Dated: May 7, 2025

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: */s/ Jennifer Sperling*
JENNIFER H. SPERLING
Assistant General Counsel
Attorneys for Defendants
STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, COMMITTEE OF BAR EXAMINERS

# DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On May 7, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS THE STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Terrence Brewer
4748 Whitney Avenue
Carmichael, CA 95608
terrence.brewer87@yahoo.com

By the following means:

☒ (***By U.S. Mail***) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

  ☒ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

  ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, on May 7, 2025.

*Ryan Sullivan*
Ryan Sullivan