UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BREWER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE BAR, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-0860-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, brings this action against the State Bar of California, its Board of Trustees, and the Committee of Bar Examiners, alleging violations of Title V of the Americans with Disabilities Act ("ADA").  ECF No. 36.  Defendants move to dismiss the second amended complaint for lack of jurisdiction and failure to state a claim.  ECF No. 58.  Also pending is plaintiff's motion for a preliminary injunction, ECF No. 53, and motion to strike defendants' opposition to that motion.  I recommend that defendants' motion be granted and plaintiff's motions be denied.

## Background

Plaintiff commenced this action in May 2023.  ECF No. 1.  He subsequently filed an amended complaint, which alleged violations of the ADA, California's Unruh Civil Rights Act ("Unruh Act"), and defamation.  ECF No. 4.  Defendants moved to dismiss, ECF No. 14, and on March 7, 2024, I recommended that their motion be granted in part, ECF No. 25.  Specifically, I

1

found that plaintiff's claim for interference, coercion, or intimidation under Title V of the ADA, 42 U.S.C. § 12203(b), should be dismissed with leave to amend, and that his state law claims should be dismissed without leave to amend as barred by sovereign immunity. *Id.* at 10-12. I also, however, rejected defendants' argument that sovereign immunity barred plaintiff's retaliation claim under Title V of the ADA, 42 U.S.C. § 12203(a). *Id.* at 7-8. My recommendations were adopted by the district judge, ECF No. 29; and defendants then appealed the partial denial of their motion to dismiss, ECF No. 30.

While that appeal was pending, plaintiff filed a second amended complaint. ECF No. 36. Thereafter, the Court of Appeals vacated the partial denial of defendants' motion to dismiss, noting that, during the pendency of the appeal, new precedent had been issued, and this court was required conduct a claim-by-claim evaluation of whether, in enacting the ADA, Congress validly abrogated sovereign immunity as to plaintiff's Title V claims. ECF No. 46 at 3. The Court of Appeals remanded with instructions to allow plaintiff to amend his Title V claims before proceeding. *Id.* Consistent with those instructions, this court granted plaintiff thirty days either to file a third amended complaint or to notify the court that he wished to proceed on his second amended complaint. ECF No. 48. Plaintiff elected the latter option. ECF No. 52.

In his second amended complaint, plaintiff alleges that he is a disabled veteran who has unsuccessfully attempted to pass the California Bar Exam three times. ECF No. 36 at 5-6. Before sitting for the first exam in July 2021, he sought testing accommodations for the written portion. *Id.* at 5. Defendants denied his requested accommodations without explanation and, according to plaintiff, because he is a disabled veteran. *Id.* at 4, 10-11. Plaintiff appealed that decision. *Id.* at 4. He also filed a complaint with the U.S. Department of Justice and a petition with a California assemblymember, both asking for defendants' alleged discrimination to be investigated. *Id.* Plaintiff claims that after he filed his complaint and petition, defendants reluctantly agreed to provide him with some inadequate accommodations for the written portion of the exam. *Id.* at 5. In November 2021, plaintiff learned that he received a score five points below passing. *Id.* He retained counsel to assist him in challenging his score, but his request for reconsideration was ultimately denied. *Id.*

2

Plaintiff subsequently took the July 2022 and February 2023 Bar Exams with the "same partial, minimalistic and inadequate accommodations," but he again received a score below passing. *Id.* at 5-6. In May 2023, plaintiff submitted to defendants two requests for reconsideration of his scores, both of which were denied. *Id.* at 6-8. The following month, Amy Nunez, the Assistant Director of Admissions, allegedly informed plaintiff that due to his "disability and his complaint submitted to the DOJ, he [was] '*not eligible for a grade reconsideration.*'" *Id.* at 9.

Plaintiff alleges that defendants denied his requests for accommodations and for reconsideration of his test score in retaliation for his having contacted the U.S. D.O.J. and a California assemblymember, in violation of Title V of the ADA, 42 U.S.C. § 12203(a). *Id.* at 9-15. Plaintiff also alleges that defendants violated § 12203(b) by unlawfully interfering with his right to exercise and to enjoy reasonable testing accommodations. *Id.* at 15-17.[1] *Id.* at 22.

**Defendants' Motion to Dismiss**

**I.      Legal Standard**

A party may move to dismiss a case for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id.* "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In evaluating such a claim, the court accepts the allegations as true, and the plaintiff need not present evidence outside the pleadings. *Id.*

In a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by

---

[1] Plaintiff's second amended complaint references Section 504 of the Rehabilitation Act and California Government Code §§ 11135 & 12944. ECF No. 36. Based on the court's review of complaint, it does not appear that plaintiff asserts separate claims for violation of these statutes.

competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). The court does not simply accept the allegations in the complaint as true. *Safe Air*, 373 F.3d at 1039. Instead, it makes findings of fact, resolving any material factual disputes by independently evaluating the evidence. *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II.    Discussion

Defendants move to dismiss plaintiff's ADA claims, arguing that defendants are immune to suit under the Eleventh Amendment and that plaintiff's allegations fail to state a claim. ECF No. 64 at 14-28.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).  This jurisdictional bar "extends not just to suits in which the state itself is named a party but also to those against an 'arm of the state.'" *Kohn v. Georgia* ("*Kohn I*"), 87 F.4th at 1026 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).  The Ninth Circuit has reaffirmed that the California State Bar "is an arm of the state and entitled to sovereign immunity." *Kohn I*, 87 F.4th at 1032; *Flinders v. State Bar of California*, No. 22-17014, 2024 WL 398430, at *1 (9th Cir. Feb. 2, 2024) (noting that "the State Bar is entitled to sovereign immunity"); *Vela v. State Bar of California*, No. 1:23-cv-01638-JLT-BAM, 2023 WL 8933289, at *2 (E.D. Cal. Dec. 27, 2023) ("The State Bar enjoys Eleventh Amendment protection and is entitled to immunity from suit in federal court.").  The State Bar's Board of Trustees and Committee of Bar Examiners enjoy the same immunity.  *Lupert v. California State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (holding that the Eleventh Amendment barred the plaintiff's suit against the State Bar Board of Governors and the California Committee of Bar Examiners).

This immunity, however, is not absolute.  States can be subject to suit in federal court if (1) Congress enacts a law that authorizes such a suit, or (2) the state consents to be sued in a federal forum.  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  "Congress may . . . abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment."  *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003).

The second amended complaint alleges two claims for violation of Title V of ADA.  First, it alleges that defendants denied plaintiff's requests for accommodations and for reconsideration of his test score in retaliation for his having contacted the U.S. D.O.J. and a California assemblymember, in violation of 42 U.S.C. § 12203(a).  Second, it alleges that defendants violated § 12203(b) by unlawfully coercing or interfering with plaintiff's right to exercise and to enjoy reasonable testing accommodations.

The ADA contains three main subchapters, known as Titles, that prohibit discrimination in certain settings. *Collazo-Rosado v. Univ. of P.R.*, 775 F. Supp. 2d 376, 383 (D.P.R. 2011). "Title I of the Act forbids discrimination against the disabled in the terms and conditions of employment." 42 U.S.C. § 12112; Title II prohibits discrimination against the disabled in access to public services [(such as transportation)], 42 U.S.C. § 12132; and Title III of the ADA proscribes discrimination against the disabled in public accommodations." *Id*. Each of these subchapters contains its own remedies and enforcement provision. *See* 42 U.S.C. §§ 12117, 12133, 12188. The Act also contains a "Miscellaneous Provisions" subchapter, known as "Title V," that prohibits retaliation for complaints of disability discrimination. *See* 42 U.S.C. § 12203. Title V makes it unlawful to discriminate against an individual for opposing a practice prohibited by the Act or for making a complaint or participating "in any manner in an investigation, proceeding, or hearing" under the ADA. *See* 42 U.S.C. § 12203(a). It also makes it "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b). Unlike the three main subchapters, Title V does not contain its own remedial and enforcement provisions. Instead, it states that the "remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsection[ ] (a) . . . with respect to" Title I, Title II, and Title III, respectively. 42 U.S.C. § 12203(c).

In enacting the ADA, Congress unequivocally expressed its intention to abrogate Eleventh Amendment immunity. 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter."). However, the Supreme Court and U.S. Court of Appeals for the Ninth Circuit have concluded that Congress did not validly abrogate all provisions. *In Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001), the Supreme Court found that states enjoy Eleventh Amendment immunity for suits brought under

Title I, concluding that Congress did not validly abrogate immunity under Title I of the ADA. *Id.* at 966. Relying on that holding, the Ninth Circuit held in *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2021), that Congress did not abrogate Eleventh Amendment immunity for Title V retaliation claims "at least where . . . predicated on alleged violations of Title I."

Under *Demshki*, whether Eleventh Amendment immunity bars plaintiff's retaliation and interference claims turns on the alleged violations that plaintiff opposed. Plaintiff alleges that he complained to the DOJ and to a California assembly member that defendants had improperly refused to provide him testing accommodations. The alleged denial of testing accommodations would give rise to a claim under Title II. *See* 42 U.S.C. § 12132. Thus, the Eleventh Amendment shields defendants from liability only if Congress's purported abrogation of Title II was valid as to plaintiff's claims. Because Title II prohibits "a somewhat broader swath of conduct" than that proscribed by the Fourteenth Amendment, *United States v. Georgia*, 546 U.S. 151, 160 n.1 (2006) (J., Stevens concurring), determining whether a Title II abrogation is valid requires this court to undertake a three-part inquire "with respect to the specific 'class of conduct' on a 'claim-by-claim' basis," *Kohn v. State Bar of Cal.* ("*Kohn II*"), 119 F.4th 963, 698 (9th Cir. 2024). Specifically, the court must determine:

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.* (quoting *Georgia*, 546 U.S. at 159). "The prophylactic abrogation analysis is fact-intensive, requiring a review of whether there is congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *Id.* at 699 (quotations omitted).

Turning to the first inquiry—which aspect of the State's conduct violated Title II— plaintiff's allegations are too conclusory to provide defendants and the court with proper notice of how defendants specifically violated Title II. To state a Title II claim, plaintiff must allege that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise

7

discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cnty of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Under the ADA, discrimination includes a failure to reasonably accommodate a person's disability. 28 C.F.R. § 35.130(b)(7). A plaintiff alleging violation of Title II is required to "establish the existence of specific reasonable accommodations that [the defendant] failed to provide." *Memmer v. Marin Cnty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999).

Plaintiff failure-to-accommodate claims rely on conclusory allegations. Plaintiff alleges that he is a disabled veteran, ECF No. 36 at 4, but he provides no specifics about his disability. He also states that he submitted a request for testing accommodations in advance of each examination, *id.* at 4-5, but he does not specify the accommodations he requested. And while he alleges that defendants only provided "partial, minimalistic and inadequate accommodations," he neither identifies the accommodations that were provided nor explains why they were inadequate. Simply put, plaintiff's allegations fall far short of "establish[ing] the existence of specific reasonable accommodations that [defendant] failed to provide." *Memmer*, 169 F.3d at 633. Because plaintiff's allegations fail to state a Title II claim—and therefore fail to specify the aspects of defendants' conduct that violated Title II—dismissal is appropriate without consideration of the two remaining *Georgia* factors. *See Kohn II*, 119 F.4th at 699 ("We hold that while the district court is not bound to analyze the *Georgia* inquiry in any particular order, it cannot begin and end its analysis with the second part of the *Georgia* test. Of course, if a plaintiff fails to state a claim under Title II, dismissal is appropriate.").

Accordingly, defendants' motion should be granted.

## Motions for Injunctive Relief

Plaintiff has also filed a motion for a preliminary injunction. ECF No. 31.

To obtain injunctive relief, plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The first factor under *Winter* is the most important— likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Plaintiff's motion fails to identify the specific relief he seeks. More critically, plaintiff's complaint fails to state a viable claim against defendants, as detailed above. He therefore has failed to demonstrate that he is likely to succeed on the merits. Accordingly, I recommend that his motion for a preliminary injunction be denied.[2]

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 58, be GRANTED.

2. Plaintiff's second amended complaint be DISMISSED with leave to amend.

3. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file a third amended complaint.

4. Plaintiff's motions for a preliminary injunction, ECF No. 53, and to strike, ECF No. 62, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 11, 2026                                    _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff has moved to strike defendants' opposition to his motion for injunctive relief. ECF No. 62. In that motion, he also requests that the court set an evidentiary hearing to evaluate whether a mistake was made in grading his February 2023 exam. *Id.* Plaintiff neither provides a basis for striking defendants' opposition nor shows that an evidentiary hearing is warranted. Accordingly, I also recommend that this motion be denied.

9