ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER H. SPERLING (310551)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles CA 90017
Telephone: (213) 765-1094
Fax: (415) 538-2321
Email: Jennifer.sperling@calbar.ca.gov

JEAN R. KRASILNIKOFF (280450)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2388
Fax: (415) 538-2321

Attorneys for Defendants
STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, COMMITTEE OF BAR EXAMINERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BREWER,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA STATE BAR; BOARD OF TRUSTEES; COMMITTEE OF BAR EXAMINERS; and THEIR AGENTS IN THEIR OFFICIAL CAPACITY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-00860-TLN-JDP<br><br>**DEFENDANTS STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO VACATE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION** |

| | |
|---|---|
| DATE: | May 28, 2026 |
| TIME: | 2:00 p.m. |
| COURTROOM: | 2, 19th Floor |
| District Judge: | Hon. Troy L. Nunley |
| Mag. Judge: | Hon. Jeremy D. Peterson |

## I. INTRODUCTION

Defendants the State Bar of California, Board of Trustees, and Committee of Bar Examiners (collectively, "State Bar Defendants") oppose Plaintiff Terrence Brewer's ("Plaintiff") motion for reconsideration of and to vacate the Court's March 31, 2026 Order (ECF No. 68), adopting the magistrate's findings and recommendations to dismiss the Plaintiff's second amendment complaint against the State Bar Defendants with leave to amend. ECF No. 69.

Plaintiff's Motion for Reconsideration is based on Plaintiff's claims that (1) the district court failed to consider Plaintiff's objections to the magistrate's findings and recommendations; (2) *United States v. Georgia*, 546 U.S. 151 (2006) does not apply because the Ninth Circuit decision applying it to this case is unpublished and because Plaintiff is seeking only injunctive relief; (3) the Court erred in failing to hold an evidentiary hearing on Plaintiff's claim that he passed the bar exam, which Plaintiff claims is essential to establishing his claim of retaliation; and (4) amending the complaint would require Plaintiff to waive HIPPA; therefore Plaintiff seeks additional time to file an amended complaint sufficient for him to seek an order of protection for personal medical information. ECF No. 73 at 2–10.

Plaintiff's Motion should be denied. The Motion for Reconsideration identifies no legal error, no newly discovered evidence, and no change in controlling law, and it offers no showing that the outcome would have been any different had the court held an evidentiary hearing. Furthermore, the order of protection and extension of time to amend that Plaintiff seeks through this motion is prospective relief, irrelevant to reconsideration.

Because Plaintiff has failed to meet the high standard required for reconsideration, Plaintiff's Motion for Reconsideration should be denied in its entirety.

## II. STATEMENT OF FACTS

The Motion for Reconsideration arises from this Court's March 31 order (ECF No. 68) adopting findings and recommendations issued by the magistrate judge on March 11, 2026 (hereinafter, the "March 11 R&R") (ECF No. 67), which recommended that the State Bar Defendants' motion to dismiss Plaintiff's SAC be granted (with leave to amend) due to

Plaintiff's failure to state claims with sufficient specificity for the court to determine whether the conduct at issue specifically violated Title II of the Americans with Disabilities Act ("ADA").

As relevant procedural history, Plaintiff commenced this action against the State Bar Defendants in May 2023, and subsequently amended the complaint to allege violations of the ADA, California's Unruh Civil Rights Act ("Unruh Act"), and defamation. ECF No. 4. The State Bar Defendants moved to dismiss, and the district court adopted findings and recommendations, which dismissed the state law claims but held that Plaintiff's claims under Title V of the ADA were not barred by Eleventh Amendment immunity and therefore, were not dismissed. ECF No. 29.

The State Bar Defendants appealed the partial denial of their motion to dismiss. ECF No. 30. While the appeal was pending, Plaintiff filed a second amendment complaint ("SAC"). ECF No. 36. The SAC eliminated the defamation and Unruh Act claims but reasserted that the State Bar Defendants retaliated against Plaintiff by denying Plaintiff's requests for testing accommodations after Plaintiff made complaints to public officials, and unfairly refusing Plaintiff a passing score on the bar exam, in violation of 42 U.S.C. § 12203(a), and also that the State Bar Defendants unlawfully interfered with Plaintiff's rights to enjoy reasonable testing accommodations in violation of 42 U.S.C. § 12203(b). ECF No. 36 at 9–17.

On January 15, 2025, the Ninth Circuit remanded for reconsideration of the State Bar's sovereign immunity from Plaintiff's ADA claims consistent with *Kohn v. State Bar of Cal.*, 119 F.4th 693 (9th Cir. 2024) ("*Kohn II*"), which had been decided during the pendency of the appeal. *Kohn II* held that the Supreme Court's decision in *United States v. Georgia*, 546 U.S. 151 (2006) ("*Georgia*") requires courts to analyze on a claim-by-claim basis whether, in enacting Title II, Congress validly abrogated sovereign immunity as to the specific conduct at issue. ECF No. 46. Specifically, the Ninth Circuit's memorandum order "vacate[d] the district court's order as to Brewer's claims under 42 U.S.C. § 12203(a)–(b) and remand[ed] for reconsideration consistent with *Kohn II*." ECF No. 47.

Mandate issued pursuant to Federal Rule of Civil Procedure 41(a) on February 6, 2025. ECF No. 47. On February 12, 2025, Plaintiff was ordered to either file a third amended complaint or proceed on the SAC. ECF No. 48. Plaintiff elected to proceed on the SAC. ECF No. 52. The State Bar Defendants thereafter moved to dismiss the SAC on Eleventh Amendment grounds and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. ECF No. 58. On March 11, 2026, the magistrate issued findings and recommendations that the State Bar Defendants' motion to dismiss be granted (with leave to amend) due to Plaintiff's failure to plead his ADA claims with sufficient specificity for the court to determine how the conduct alleged specifically violated Title II. ECF No. 67 at 8. On March 31, 2026, the Court adopted the March 11 R&R in full and noted that no objections had been filed. ECF No. 68. Plaintiff filed objections. ECF No. 69. The Court reviewed Plaintiff's objections and thereafter affirmed its Order adopting the March 11 R&R as supported by the record. ECF No. 70. On April 13, 2026, Plaintiff noticed the instant Motion for Reconsideration. ECF No. 73.

## III. LEGAL STANDARD

Eastern District Civil Local Rule 230(j) provides that a motion for reconsideration must set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [ ] why the facts or circumstances were not shown at the time of the prior motion." Motions for reconsideration are used sparingly in the interests of finality and conservation of judicial resources, and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

## IV. ARGUMENT

### A. The Court Considered Plaintiff's Objections and Plaintiff Offers No Evidence That the Court Did Not Perform De Novo Review

Plaintiff's first asserted basis for seeking reconsideration is that the Court did not consider Plaintiff's objections before adopting the March 11 R&R in full.[1] To the contrary, the record reflects that the Court did consider the Plaintiff's objections; the Court's April 6, 2026 minute order states that the Court reviewed Plaintiff's objections and found them "unpersuasive." ECF No. 70. Both the Court's March 31 order and subsequent minute order affirmed that the Court found the March 11 R&R to be supported by the record and by the proper analysis. ECF Nos. 68, 70. Plaintiff's Motion for Reconsideration does not point to any evidence that the Court failed to conduct the required de novo review. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Moreover, a district court has no obligation to provide individualized analysis of each objection, and a summary ruling alone does not support a finding that the Court failed to undertake the required standard of review. *United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) (finding that a lack of analysis of the defendants' objections, without more, was not a reason to second-guess the district court's assertion that it had completed de novo review). Plaintiff's unsupported claims are contradicted by the record and do not establish that the Court failed to consider Plaintiff's objections or perform the required de novo review. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners*, 179 F.3d at 665. Plaintiff has failed to make any such showing here.

---

[1] Plaintiff maintains that his objections were timely filed on March 30, 2026. The State Bar Defendants do not take a position on the timeliness of Plaintiff's objections, as it is irrelevant to the analysis on reconsideration. What is relevant to the analysis on reconsideration is whether the Court considered the objections in performing a de novo review, which the Court stated that it did. ECF No. 70.

**B. The Ninth Circuit's Memorandum Order Directing the Court to Apply *United States v. Georgia* is Law of the Case and Plaintiff Has Presented No New or Different Circumstances That Would Alter This Status**

Plaintiff's second argument in his Motion for Reconsideration is that the Court erred in following the Ninth Circuit's memorandum order on appeal in this case because the decision was marked "not for publication," and that, notwithstanding this appellate decision, the District Court is not bound to apply *Georgia* because Plaintiff seeks only injunctive relief. ECF No. 73 at 5–8.

In the first instance, Plaintiff's arguments are not appropriate for reconsideration as they have been previously raised in Plaintiffs' opposition to the State Bar Defendants' motion to dismiss (ECF No. 63), and Plaintiff does not present any newly discovered facts or circumstances which did not exist at the time of the Court's ruling, or any change in intervening law that would alter the application of law of the case doctrine to this case.[2] *Willis v. Mullins*, 809 F. Supp. 2d 1227, 1233 (E.D. Cal. 2011) ("As a general matter, a motion to reconsider is not a vehicle for parties to make new arguments that could have been raised in their original briefs.")

In any event, the Ninth Circuit's decision on Plaintiff's appeal is the law of this case, even if not marked for publication. *See United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987) ("The rule is that the mandate of an appeals court precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal."); *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012). Under the doctrine of law of the case, "non-binding memorandum dispositions . . . are [ ] precedent… ." *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) (internal quotations omitted); *see also* Ninth Circuit Rule 36-3(a)). The law of the case doctrine "is founded upon the sound public policy that litigation must come to an end" and "serves to advance the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions

[2] In addition to raising this in his opposition to the State Bar Defendants' motion to dismiss, Plaintiff previously raised the same arguments in objecting to the magistrate's February 12, 2025 findings and recommendations which followed mandate. ECF No. 49.

previously decided should be avoided." *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) (internal quotations and citations omitted). Here, the Ninth Circuit's memorandum order *requires* that this Court apply *Georgia* and analyze on a claim-by-claim basis whether, in enacting Title II, Congress validly abrogated sovereign immunity as to Plaintiff's Title V claims. ECF No. 46; ECF No. 48 at 2. This is the standard that will apply to Plaintiff's third amended complaint, should he proceed to file one. *U.S. v. Cuddy,* 147 F.3d 1111, 1114 (9th Cir. 1998) (explaining that typically, the plaintiff is not bound by any law of the case in deciding a second motion to dismiss, except where there is an issue that "has already been decided by the same court, or a higher court in the identical case.") (citations omitted). The Ninth Circuit's memorandum order controls and supersedes any prior findings in this case regarding the application of *Georgia* to this matter, including the prior order on which Plaintiff seeks to rely (ECF No. 29; see also ECF No. 25), which the Ninth Circuit vacated. (ECF No. 47). The Court therefore did not commit clear legal error in adopting the March 11 R&R, which followed the Ninth Circuit's instructions on remand to conduct a claim-by-claim evaluation of whether, in enacting the ADA, Congress validly abrogated sovereign immunity as to plaintiff's Title V claims and allowing plaintiff to amend his Title V claims before proceeding. ECF No. 67 at 2.

Further, Plaintiff cites no authority for his proposition (and none exists) that the *Georgia* test for determining Eleventh Amendment immunity turns on whether the Plaintiff is seeking injunctive relief or monetary damages. *Kohn II*, 119 F.4th at 698 (explaining that the court must determine which aspects of the State's alleged conduct violated Title II and also the Fourteenth Amendment and if such misconduct violated Title II but not the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid). Indeed, the distinction between injunctive relief and damages is irrelevant if the State enjoys Eleventh Amendment sovereign immunity, as immunity deprives the federal court of jurisdiction to adjudicate the underlying claims. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984) (Eleventh Amendment immunity extends to all claims against the State "regardless of the nature of the relief sought"). Because Plaintiff has presented no new material facts or a change in the law occurring after the Order was entered that would

impact the application of *Georgia* to this case, there is no basis for reconsideration of the Court's Order adopting the magistrate's March 11 R&R.[3]

### C. Plaintiff Presents No New Law or Fact That Would Alter the Minimum Pleading Standards Applicable to His Claims or Entitle Plaintiff to an Evidentiary Hearing at the Pleading Stage

Third, Plaintiff's Motion for Reconsideration asserts that the March 11 R&R contains an error of fact, namely that Plaintiff has not passed the California bar exam. ECF No. 73 at 8–9. Plaintiff alleges that he is "certain he passed the February 2023 bar exam" (ECF No. 73 at 8), and that the Court erred in failing to hold an evidentiary hearing on this issue, which he asserts is central to his retaliation claims. ECF No. 73 at 9. Plaintiff's misguided bid for an evidentiary hearing is not new; Plaintiff sought an evidentiary hearing in his reply to the State Bar Defendants' motion to dismiss the SAC. ECF No. 62. Nor does Plaintiff present any newly discovered evidence that he passed the bar exam or explain how being denied an evidentiary hearing is clear legal error meriting reconsideration.

Rather, Plaintiff appears to misunderstand what is required at the pleading stage of litigation. A well-pleaded complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); that is, the plaintiff must allege facts that consist of more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court will construe all well-pleaded material factual allegations in the light most favorable to the non-moving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Here, Plaintiff is certain that he must have passed the written portion of the bar exam because he alleges he scored between 145 and 150 (in the top 87th percentile of test takers) on the MBE portion of the exam. ECF No. 36 at 6 (SAC). However, Plaintiff's fervent belief alone

[3] Plaintiff also asserts, without authority, that it would be "arbitrary and capricious" to require Plaintiff to file a third amended complaint. The Court's order does not mandate that Plaintiff file a third amended complaint. Plaintiff has been granted an opportunity to file a third amended complaint to specify the conduct that violated Title II. ECF No. 67 at 8. If Plaintiff remains satisfied that his SAC is sufficient to state a claim as drafted, Plaintiff remains at liberty to refile his SAC as a third amended complaint without amendment.

is insufficient to make his allegation that he must have passed the written portion plausible. Indeed, Plaintiff's theory lacks any plausibility, given that the grading of bar examinations is anonymous—a point the State Bar explained in its opposition to Plaintiff's preliminary injunction motion. ECF No. 59 at 8–10; Exhibit A (Declaration of Amy Nuñez).[4]

Unless and until Plaintiff is able to plausibly state a claim and such a claim survives a Rule 12 motion, there is simply no basis for Plaintiff to request and this Court to hold an evidentiary hearing. In sum, Plaintiff's Motion for Reconsideration should be denied as it does not present new or different facts or circumstances surrounding Plaintiff's bar passage allegations, which did not exist or were not shown at the time of the Court's Order, L.R. 230(j), and the magistrate did not err in finding Plaintiff's allegations "too conclusory" to survive a motion to dismiss.

### D. A Motion for Reconsideration Is Not the Proper Procedural Vehicle to Seek a Protective Order

Finally, Plaintiff's Motion for Reconsideration also asserts, without legal authority, that if forced to file a more detailed third amendment complaint, he will have to disclose personal medical information that he contends is protected by HIPPA. ECF No. 73 at 9–10. On this basis, Plaintiff seeks reconsideration of the portion of the Court's order requiring Plaintiff to amend within thirty days of the date of the Order. Plaintiff is the one placing those facts at issue and has thus arguably waived any right to privacy in the subject of this lawsuit. *See A.C. by & through Park v. Cortez*, 34 F.4th 783, 788 (9th Cir. 2022); *Stewart v. Terhune*, 51 F. App'x 268 (9th Cir. 2002). In any event, Plaintiff's privacy argument appears to seek relief that is more appropriate to a motion for a protective order or a stipulated protective order under Eastern District Local Rule 141.1, than a motion for reconsideration. The State Bar Defendants are not opposed to stipulating to a protective order of confidential information, as appropriate, after seeing Plaintiff's proposed third amendment complaint and have, through counsel, communicated that position to the Plaintiff. ECF No. 73 at 23, 36 (Motion for Reconsideration,

[4] Plaintiff in fact has had an opportunity to submit evidence on this issue in connection with his motion for a preliminary injunction. Plaintiff failed to do so, instead seeking an evidentiary hearing in reply (ECF No. 62) without having established any factual issues in dispute.

Exhibit C). The State Bar Defendants have also communicated a willingness to meet and confer on a briefing schedule for Plaintiff's third amended complaint. *Id.* Plaintiff did not accept the State Bar Defendants' invitation to meet and confer on these matters and instead, filed the instant Motion for Reconsideration. *Id.* The State Bar Defendants remain willing to meet and confer with the Plaintiff on both a reasonable proposed order of protection for medically sensitive information and a reasonable briefing schedule for Plaintiff's third amended complaint.

In any event, Plaintiff's procedural requests are not appropriate grounds for reconsideration under Local Rule 230(j) and would be more efficiently handled separately from the Motion for Reconsideration.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and to Vacate the Court's March 31, 2026 Order (ECF No. 68), adopting the magistrate's findings and recommendations (ECF No. 67), should be denied.

Dated: April 27, 2026

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: */s/ JENNIFER H. SPERLING*
JENNIFER H. SPERLING
Assistant General Counsel
Attorneys for Defendants
STATE BAR OF CALIFORNIA,
BOARD OF TRUSTEES,
COMMITTEE OF BAR EXAMINERS

## DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On April 27, 2026, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS STATE BAR OF CALIFORNIA, BOARD OF TRUSTEES, AND COMMITTEE OF BAR EXAMINERS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO VACATE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Terrence Brewer
4748 Whitney Avenue
Carmichael, CA 95608
terrence.brewer87@yahoo.com

By the following means:

☒ (***By U.S. Mail***) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

- ☒ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

- ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at San Francisco, California, on April 27, 2026.

Ryan Sullivan
Ryan Sullivan